**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

NRP HOLDINGS LLC and NRP PROPERTIES, LLC.

                **Plaintiff,**

            **vs.**

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
RICHARD A. STENHOUSE, BUFFALO JEREMIAH
PARTNERSHIP FOR COMMUNITY DEVELOPMENT, INC.
CITY OF BUFFALO URBAN RENEWAL AGENCY, JOHN DOE
1-10, and JOHN DOE COMPANIES 1-5

             **Defendants.**
_____

          **ANSWER TO SECOND**
          **AMENDED COMPLAINT**

          **11-cv-00472-WMS**
          **JURY TRIAL DEMANDED**

        Defendant, Demone A. Smith, by his attorney, Timothy A. Ball, Corporation Counsel for the City of Buffalo, for his answer to the second amended complaint of plaintiffs, NRP Holdings LLC and NRP Properties ("NRP"), states as follows:

        1.      Denies the allegations contained in paragraph 1 of the second amended complaint.

        2.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the second amended complaint.

        3.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the second amended complaint.

        4.      Admits the allegations contained in paragraph 4 of the second amended complaint.

        5.      Admits the allegations contained in paragraph 5 of the second amended complaint.

6.      Admits that Byron W. Brown has been Mayor of the City of Buffalo since December 31, 2005, and denies knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 6 of the second amended complaint.

7.      Admits that Byron W. Brown has been Chairman of BURA since December 31, 2005, and denies knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 7 of the second amended complaint.

8.      Admits the allegations contained in paragraph 8 of the second amended complaint.

9.      Admits that Steven M. Casey has been First Deputy Mayor of the City of Buffalo since January 3, 2006, and denies knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 9 of the second amended complaint.

10.     Admits the allegations contained in paragraph 10 of the second amended complaint.

11.     Admits that Demone A. Smith has been a member of the Buffalo Common Council since January 12, 2007, and denies knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 11 of the second amended complaint.

12.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the second amended complaint.

13.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the second amended complaint.

14.     Admits that BURA is a public benefit corporation operating under the laws of the State of New York, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 14 of the second amended complaint.

15.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the second amended complaint.

16.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the second amended complaint.

17.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the second amended complaint.

18.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the second amended complaint.

19.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the second amended complaint.

20.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the second amended complaint.

21.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the second amended complaint.

22.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the second amended complaint.

23.     Denies the allegations contained in paragraph 23 of the second amended complaint.

24.     Answering paragraph 24 of the second amended complaint, defendant refers to Exhibit A thereof for its contents, and denies the remaining allegations contained in paragraph 24 of the second amended complaint.

25.     Answering paragraph 25 of the second amended complaint, defendant refers to Exhibit A thereof for its contents, and denies the remaining allegations contained in paragraph 25 of the second amended complaint.

26.     Denies the allegations contained in paragraph 26 of the second amended complaint.

27.     Denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 27 of the second amended complaint.

28.     Answering paragraph 28 of the second amended complaint, defendant refers to Exhibit B thereof for its contents, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 of the second amended complaint.

29.     Answering paragraph 29 of the second amended complaint, defendant refers to Exhibit C thereof for its contents, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29 of the second amended complaint.

30.     Answering paragraph 30 of the second amended complaint, defendant refers to Exhibit D for its contents, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 30 of the second amended complaint.

31.     Denies the allegations contained in paragraph 31 of the second amended complaint.

32.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the second amended complaint.

33.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the second amended complaint.

34.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the second amended complaint.

35.     Denies the allegations contained in paragraph 35 of the second amended complaint.

36.     Denies the allegations contained in paragraph 36 of the second amended complaint.

37.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the second amended complaint.

38.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the second amended complaint.

39.     Denies the allegations contained in paragraph 39 of the second amended complaint.

40.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the second amended complaint.

41.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the second amended complaint.

42.     Denies the allegations contained in paragraph 42 of the second amended complaint.

43.     Denies the allegations contained in paragraph 43 of the second amended complaint.

44.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the second amended complaint.

45.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the second amended complaint.

46.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the second amended complaint.

47.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the second amended complaint.

48.      Denies the allegations contained in paragraph 48 of the second amended complaint.

49.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the second amended complaint.

50.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the second amended complaint.

51.     Denies the allegations contained in paragraph 51 of the second amended complaint.

52.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the second amended complaint.

53.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the second amended complaint.

54.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the second amended complaint.

55.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the second amended complaint.

56.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the second amended complaint.

57.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the second amended complaint.

58.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the second amended complaint.

59.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the second amended complaint.

60.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the second amended complaint.

61.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the second amended complaint.

62.     Denies the allegations contained in paragraph 62 of the second amended complaint.

63.     Denies the allegations contained in paragraph 63 of the second amended complaint.

64.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the second amended complaint.

65.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the second amended complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the second amended complaint.

67.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the second amended complaint.

68.     Denies the allegations contained in paragraph 68 of the second amended complaint.

69.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the second amended complaint.

70.     Denies the allegations contained in paragraph 70 of the second amended complaint.

71.     Denies the allegations contained in paragraph 71 of the second amended complaint.

72.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the second amended complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the second amended complaint.

74.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the second amended complaint.

75.     Denies the allegations contained in paragraph 75 of the second amended complaint.

76.     Denies the allegations contained in paragraph 76 of the second amended complaint.

77.     Denies the allegations contained in paragraph 77 of the second amended complaint.

78.     Denies the allegations contained in paragraph 78 of the second amended complaint.

79.     Denies the allegations contained in paragraph 79 of the second amended complaint.

80.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the second amended complaint.

81.     Denies the allegations contained in paragraph 81 of the second amended complaint.

82.     Admits that Byron W. Brown was reelected Mayor of the City of Buffalo in November 2009, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 82 of the second amended complaint.

83.     Denies the allegations contained in paragraph 83 of the second amended complaint.

84.     Denies the allegations contained in paragraph 84 of the second amended complaint.

85.     Denies the allegations contained in paragraph 85 of the second amended complaint.

86.     Denies the allegations contained in paragraph 86 of the second amended complaint.

87.     Denies the allegations contained in paragraph 87 of the second amended complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the second amended complaint.

89.     Denies the allegations contained in paragraph 89 of the second amended complaint.

90.     Admits that the attorneys for plaintiffs have submitted Freedom of Information Law requests to the City of Buffalo, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 90 of the second amended complaint.

91.     Denies the allegations contained in paragraph 91 of the second amended complaint.

92.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the second amended complaint.

93.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the second amended complaint.

94.     Denies the allegations contained in paragraph 94 of the second amended complaint.

95.     Denies the allegations contained in paragraph 95 of the second amended complaint.

96.     Denies the allegations contained in paragraph 96 of the second amended complaint.

97.     Denies the allegations contained in paragraph 97 of the second amended complaint.

98.     Denies the allegations contained in paragraph 98 of the second amended complaint.

99.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the second amended complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 0f the second amended complaint.

101.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the second amended complaint.

102.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the second amended complaint.

103.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the second amended complaint.

104.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 104 of the second amended complaint.

105.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 105 of the second amended complaint.

106.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the second amended complaint.

107.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the second amended complaint.

108.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the second amended complaint.

109.    Denies the allegations contained in paragraph 109 of the second amended complaint.

110.    Answering paragraph 110 of the second amended complaint, defendant refers to Exhibit E thereto for its contents, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 110 of the second amended complaint.

111.    Admits that on November 18, 2010, the examination of Aaron M. Pechota was conducted pursuant to General Municipal Law §50-h, in connection with a Notice of Claim, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 111 of the second amended complaint.

112.    Denies the allegations contained in paragraph 112 of the second amended complaint.

113.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the second amended complaint.

114.    Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 114 of the second amended complaint is required.

115.    Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 115 of the second amended complaint is required.

116.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 116 of the second amended complaint is required.

117.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 117 of the second amended complaint is required.

118.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 118 of the second amended complaint is required.

119.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 119 of the second amended complaint is required.

120.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 120 of the second amended complaint is required.

121.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 121 of the second amended complaint is required.

122.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 122 of the second amended complaint is required.

123.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 123 of the second amended complaint is required.

124.     Repeat and reallege each and every answer to the allegations contained in paragraphs 1 through 123 of the second amended complaint with the same force and effect as if fully set forth herein.

125.     Denies the allegations contained in paragraph 125 of the second amended complaint.

126.     Denies the allegations contained in paragraph 126 of the second amended complaint.

127.     Denies the allegations contained in paragraph 127 of the second amended complaint.

128.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 128 of the second amended complaint is required.

129.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 129 of the second amended complaint is required.

130.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 130 of the second amended complaint is required.

131.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 131 of the second amended complaint is required.

132.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 132 of the second amended complaint is required.

133.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 133 of the second amended complaint is required.

134.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 134 of the second amended complaint is required.

135.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 135 of the second amended complaint is required.

136.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 136 of the second amended complaint is required.

137.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 137 of the second amended complaint is required.

138.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 138 of the second amended complaint is required.

139.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 139 of the second amended complaint is required.

140.     Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 140 of the second amended complaint is required.

141.     Repeat and reallege each and every answer to the allegations contained in paragraphs 125 through 140 of the second amended complaint with the same force and effect as if fully set forth herein.

142.     Denies the allegations contained in paragraph 142 of the second amended complaint.

143.     Denies the allegations contained in paragraph 143 of the second amended complaint.

144.     Denies the allegations contained in paragraph 144 of the second amended complaint.

145.     Denies the allegations contained in paragraph 145 of the second amended complaint.

146.     Denies the allegations contained in paragraph 146 of the second amended complaint.

147.   Denies the allegations contained in paragraph 147 of the second amended complaint.

148.   Denies the allegations contained in paragraph 148 of the second amended complaint.

149.   Denies the allegations contained in paragraph 149 of the second amended complaint.

150.   Denies the allegations contained in paragraph 150 of the second amended complaint.

151.   Denies the allegations contained in paragraph 151 of the second amended complaint.

152.   Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 152 of the second amended complaint is required.

153.   Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 153 of the second amended complaint is required.

154.   Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 154 of the second amended complaint is required.

155.   Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 155 of the second amended complaint is required.

156.    Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 156 of the second amended complaint is required.

157.    Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 157 of the second amended complaint is required.

158.    Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 158 of the second amended complaint is required.

159.    Pursuant to the Court's Decision and Order, filed on July 12, 2012 (Dkt. No. 43), no response to the allegations contained in paragraph 159 of the second amended complaint is required.

**Further Answering the Second Amended Complaint, Defendant:**

160.    Denies the remaining allegations of the second amended complaint not hereinbefore admitted or otherwise denied.

**For a First Affirmative Defense, Defendant
Alleges Upon Information and Belief:**

161.    Each cause of action in the second amended complaint fails to state a claim upon which relief can be granted against the defendants.

**For a Second Affirmative Defense, Defendant
Alleges Upon Information and Belief:**

162.    Plaintiffs' Count IV (RICO) is barred because it is not pleaded with the particularity required by Fed. R. Civ. P. 9(b).

**For a Third Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

163.    Plaintiffs' claims are barred because they have failed to join necessary and indispensable parties to this action.

**For a Fourth Affirmative Defense, Defendants**
**Allege Upon Information and Belief:**

164.    Plaintiffs lack standing to bring this action.

**For a Fifth Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

165.    Any and all loss or damages sustained by plaintiffs were cause by the act, actions or omissions of third parties.

**For a Sixth Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

166.    Plaintiffs' claims are barred by the doctrine of waiver.

**For a Seventh Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

167.    Plaintiffs' claims are barred by the doctrine of estoppel.

**For an Eighth Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

168.    Plaintiffs' claims are barred by the doctrine of unclean hands and/or in pari delicto.

**For a Ninth Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

169.    Plaintiffs' claims are barred or limited by plaintiffs' failure to mitigate damages.

**For a Tenth Affirmative Defense, Defendant
Alleges Upon Information and Belief:**

170.    Plaintiffs' claims are barred by their own conduct and that of their representatives and/or agents.

**For an Eleventh Affirmative Defense, Defendant
Alleges Upon Information and Belief:**

171.    Upon trial, it may appear that some or all of the damages claimed by plaintiffs were brought about or contributed to by reason of plaintiffs' own acts, actions or negligence; if so, plaintiffs' damages, if any, must be diminished accordingly.

**For a Twelfth Affirmative Defense, Defendant
Alleges Upon Information and Belief:**

172.    Plaintiffs are barred from recovery because they ratified the acts, actions, or omissions alleged in the second amended complaint.

**For a Thirteenth Affirmative Defense, Defendant
Alleges Upon Information and Belief:**

173.    Plaintiff's' claims for equitable relief are barred because plaintiffs have an adequate remedy at law.

**For a Fourteenth Affirmative Defense, Defendant
Alleges Upon Information and Belief:**

174.    Plaintiffs' claims are barred by the applicable statute of limitations.

**For a Fifteenth Affirmative Defense, Defendant
Alleges Upon Information and Belief:**

175.    Plaintiffs' claims are barred by the doctrine of laches.

**For a Sixteenth Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

176.    Plaintiffs' claims are barred by the statute of frauds.

**For a Seventeenth Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

177.    The Defendant sued in his individual capacity is entitled to absolute and/or qualified immunity.

**For an Eighteenth Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

178.    The Defendant sued in his official capacity is entitled to governmental function immunity.

**For a Nineteenth Affirmative Defense, Defendant**
**Alleges Upon Information and Belief:**

179.    The Plaintiffs are not entitled to an award of punitive damages.

**Prayer for Relief**

WHEREFORE, defendant, Demone A. Smith, demands judgment dismissing the second amended complaint, together with his attorney's fees, and the costs and disbursements of this action.

DATED:    Buffalo, New York
              August 1, 2012

_s/ Timothy A. Ball_
Timothy A. Ball
Corporation Counsel
*Attorney for Defendant, Demone A. Smith*
1101 City Hall - 65 Niagara Square
Buffalo, New York 14202
Telephone: (716) 851-4334
E-Mail: tball@city-buffalo.com

To:    Thomas S. Lane, Esq.
        Nelson Perel, Esq.
        Webster Szanyi LLP
        *Attorneys for Plaintiffs*
        1400 Liberty Building
        Buffalo, New York 14202
        Telephone: (716) 842-2800
        E-Mail: tlane@websterszanyi.com

        Terrance M. Connors, Esq.
        Randall D. White, Esq.
        CONNORS & VILARDO, LLP
        *Attorneys for Defendants,*
         *City of Buffalo, Byron W. Brown,*
         *and Steven M. Casey*
        1000 Liberty Building
        424 Main Street
        Buffalo, New York 14202
        Telephone: (716) 852-5533
        E-Mail: tmc@connors-vilardo.com