UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NRP HOLDINGS LLC and NRP PROPERTIES LLC,

               Plaintiffs,

   v.                                                   Civil No.: 11-CV-00472(WMS)

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
RICHARD A. STENHOUSE, BUFFALO
JEREMIAH PARTNERSHIP FOR COMMUNITY
DEVELOPMENT, INC., CITY OF BUFFALO URBAN
RENEWAL AGENCY, JOHN DOE 1 – 10, and
JOHN DOE COMPANIES 1 – 5,

               Defendants.
_____

MEMORANDUM OF LAW

                                      Harris Beach PLLC
                                      *Attorneys for Defendant*
                                      *City of Buffalo Urban Renewal Agency*
                                      726 Exchange Street
                                      Buffalo, New York 14210
                                      (716) 200-5050

I.      INTRODUCTION

This Memorandum is submitted on behalf of the City of Buffalo Urban Renewal Agency ("BURA") in further support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss every count alleged against it in the Plaintiffs' Second Amended Complaint. In its reply to the motion the Plaintiff concedes that all but Count II, the promissory estoppel claim, should be dismissed as a result of this Court's Decision and Order dated July 12, 2012 ("Decision").

This Memorandum will address the arguments made by the Plaintiff in opposition to the motion to dismiss the promissory estoppel claim. That Count purports to allege a claim for "promissory estoppel" against BURA based upon certain alleged 'promises' contained in a February 25, 2008 letter from Timothy E. Wanamaker, the former Director of the City of Buffalo's Office of Strategic Planning, to Belmont Shelter Corporation, the Plaintiffs' predecessor in interest ("Wanamaker Letter").

II.     ARGUMENT

Plaintiff's tortured attempt to avoid the consequences of the Decision and the allegations of its Second Amended Complaint speaks volumes in support of BURA's motion. It has clearly taken inappropriate liberties in its interpretations of the decisions relied on in opposition to the motion. It is beyond dispute the Plaintiff is relying on "promises" that this Court has already determined are not promises at all. Further, a review of the authorities offered by the Plaintiff quickly reveals they actually support BURA's motion.

The Plaintiff's reliance on the First Department's recent decision in *Randall's Is. Acquatic Leisure, LLC v. City of New York*, 92 A.D.3d 463 (1st. Dept. 2012) is particularly curious. The

Court actually dismissed the Plaintiff's promissory estoppel claim by re-affirming the basis of BURA's motion in this case, *i.e.,* there were no "clear and unambiguous promises upon which the plaintiffs could reasonably have relied [and] they do not allege duties independent of the agreement", *Id*. That is precisely the problem with the promissory estoppel claim against BURA.

Recently Judge Richard Herman in the Southern District of New York in a decision also referenced by the Plaintiff reaffirmed the law of the State of New York relating to a claim of promissory estoppel:

> Under New York law, a claim for promissory estoppel requires a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made; and an injury sustained by the party asserting the estoppel by reason of his reliance, *Actrade Financial Technologies, LTD. Securities Litigation,* 2012 WL 3966328 (S.D.N.Y. 2012) [*citations omitted*].

Simply stated, there can be no promissory estoppel without a promise. It has already been determined by this Court that the Wannamaker Letter does not promise anything.

The Plaintiff has also failed to respond to the requirement that a promissory estoppel claim must allege duties independent of the agreement. It claims that it is somehow "irrelevant in this case". It is hardly irrelevant, *see,* e.g. *Randall's Is. Acquatic Leisure, LLC, supra*. It is a fundamental element of a claim for promissory estoppel. Once again, the logic is inescapable: the "promises" cannot be the same as those contained in a document a court finds to be unenforceable. Otherwise, every unenforceable document could give rise to a promissory estoppel claim. That is not the law of the State of New York.

The Plaintiff's response also includes Declarations from Attorney Thomas Lane and Aaron Pechota, NRP Investment Corporation's Vice-President of Development. These Declarations introduce entirely new claims beyond those of the Second Amended Complaint and should be

disregarded by the Court. Notwithstanding the fact that the "Buffalo Poverty Reduction Blueprint" attached to the Lane Declaration presents the same problems as the Wannamaker letter, the motion to dismiss is addressed to the allegations of the Second Amended Complaint and the attempt to construct new "promises" beyond what is alleged in the pleading should be disregarded. Material outside the pleadings should not be considered by the Court in addressing this motion, *see*, *Dansler-Hill v. Rochester Institute of Technology*, 764 F.Supp 2d. 577 (W.D.N.Y. 2011)

### III. CONCLUSION

Count II fails to state a cause of action against BURA and is based upon "promises" that this Court has already determined do not exist. The Plaintiff has provided no authority that can support the claim alleged in the Second Amended Complaint. The remaining Counts alleged against BURA should be dismissed as well by granting the motion to dismiss in all respects.

Dated:   November 13, 2012

Respectfully Submitted,

**Harris Beach PLLC**

By:   /s/ Richard T. Sullivan
       Richard T. Sullivan
*Attorneys for Defendant*
*City of Buffalo Urban Renewal Agency*
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050

263409 1922869v1

5