UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**NRP HOLDINGS LLC and**
**NRP PROPERTIES LLC,**

        Plaintiffs,

  v.

**CITY OF BUFFALO, BYRON W. BROWN, STEVEN**      Civ. No 11-CV-472(WMS)
**M. CASEY, DEMONE A. SMITH, RICHARD A.**
**STENHOUSE, BUFFALO JEREMIAH PARTNERSHIP**
**FOR COMMUNITY DEVELOPMENT, INC., CITY OF**
**BUFFALO URBAN RENEWAL AGENCY, JOHN DOES 1-**
**10, and JOHN DOE COMPANIES 1-5,**

        Defendants.

### PLAINTIFFS' MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO COMPEL

                              **WEBSTER SZANYI LLP**
                              Attorneys for Plaintiffs
                              1400 Liberty Building
                              Buffalo, New York 14202
                              (716) 842-2800

**PRELIMINARY STATEMENT**

NRP Holdings LLC and NRP Properties LLC ("NRP") file this Memorandum of Law in support of their motion pursuant to Fed. R. Civ. P. 37 to compel Defendants' compliance with NRP's discovery demands.[1]

**Statement of Facts**

The facts relevant to the motion are set forth in the accompanying Declaration of Thomas S. Lane ("Lane Declaration"), dated June 19, 2014, and will be repeated herein only for the purpose of discussion.

**Argument**

**I.      Defendants Have Failed to Provide Privilege Logs**

The parties agreed to exchange privilege logs and complete their document productions no later than March 18, 2014. (Lane Decl., ¶ 19.) On March 18, 2014 Plaintiffs provided privilege logs to Defendants. Defendants have failed to provide any privilege logs, provide any explanation for their delay, or any indication as to when they will produce their privilege logs. Accordingly, Defendants have waived any claim of privilege with regard to withheld documents.

As this Court held in *Burns v. Imagine Films Entertainment, Inc.*, the party claiming a privilege has the burden of demonstrating its existence and "[b]lanket assertions of privilege are insufficient to satisfy this burden." 164 F.R.D. 589, 593 (W.D.N.Y. 1996). Moreover, "Rule 26(b)(5) requires that the party asserting the privilege or protection must **specifically identify each document or communication**,

---

[1] In the interest of brevity, this Memorandum of Law is limited to discrete legal issues. A majority of Defendants' discovery deficiencies are self-evident and do not require individual analysis in this Memorandum of Law.

2

and the type of privilege or protection being asserted, in a privilege log." *Id.* at 594 (emphasis added); Local R. Civ. P. 26(e) (a privilege log "shall be furnished in writing when the party responds to such discovery or disclosure. . ."). A privilege log should contain the following information:

> a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

*Burns*, 164 F.R.D. at 594.

Failure to timely assert privilege and provide a privilege log waives the privilege. *Brown v. Department of Correctional Services*, No. 09-CV-00949S(F), 2011 WL 2182775, *15-16 (W.D.N.Y. June 2, 2011) (surveying case law and holding that privilege log produced more than four months following discovery responses was untimely and resulted in waiver of any privilege that attached to the listed documents).

In this case, the parties reached an agreement on the date by which privilege logs would be provided. Defendants have not complied with this agreement and, indeed, nearly three months have elapsed since the date by which all parties had agreed to exchange privilege logs. Therefore, Defendants' privilege claims have been waived. Plaintiffs request that the Court issue an order requiring the Defendants to, within ten days, produce all documents responsive to Plaintiffs' requests but withheld for any reason, including privilege.

3

## II.  Defendants Provided Incomplete Discovery Responses

Defendants have failed to produce promised documents, objected to a number of reasonable requests for production and interrogatories, and provided incomplete interrogatory responses, as set forth in greater detail in the accompanying Lane Declaration. Despite many meet and confer conferences over several months, a number of issues remain outstanding.

The scope of discovery under the Federal Rules of Civil Procedure is set forth in Rule 26(b)(1). Under that rule, parties are entitled to obtain any non-privileged material that "is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of documents. . ." Fed. R. Civ. P. 26(b)(1). Discovery is not limited to that which is admissible at trial, but includes any information which may be reasonably calculated to lead to admissible evidence. *See id.* The term "reasonably calculated" includes "*any possibility* that the information sought may be relevant to the subject matter of the action." *Brown*, 2011 WL 2182775, at *14 (italics in original); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

As Magistrate Judge Foschio stated in *Ortiz v. Twedt*, under Rule 26:

> It is the obligation of a requested party to provide discovery that is relevant to the case. Information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence. Further, the discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long accorded a broad and liberal treatment to effectuate their purpose that civil trials in federal courts need not be carried on in the dark.

No. 02-CV-132F, 2004 WL 941790, at *2 (W.D.N.Y. Mar. 31, 2004) (citations and internal quotation marks omitted).

Accordingly, "[a] party resisting discovery has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, submitting affidavits or offering evidence revealing the nature of the burden." *Vidal v. Metro-North Commuter R. Co.*, Civil No. 3:12CV248, 2013 WL 1310504, at *1 (D. Conn. Mar. 28, 2013) (citation and internal quotation marks omitted). "The party's burden in opposing discovery requires an evidentiary showing by competent evidence and cannot be discharged by mere conclusory or *ipse dixit* assertions." *Brown*, 2011 WL 2182775, at *14 (internal quotation marks omitted).

Defendants have not, and cannot, show how any of Plaintiffs' requests are overly broad, burdensome or oppressive. The requests for production and interrogatories at issue are set forth in the accompanying Lane Declaration. The majority of these requests are undisputed: Defendants have agreed to provide the requested documents or information, but have simply failed to do so. The balance seek information and documents which are reasonably calculated to lead to admissible evidence and not unduly burdensome.

### A. Interrogatory Responses Concerning the Factual Basis for Affirmative Defenses

Defendants are required to provide interrogatory responses concerning the factual basis for their affirmative defenses. *Bujnicki v. American Paving and Excavating, Inc.*, No. 99-CV-0646S(SR), 2004 WL 1071736, *9 (W.D.N.Y. Feb. 25, 2004) (ordering defendants to respond to interrogatory and stating the facts that underlie their affirmative defenses); *see also* Fed. R. Civ. P. 33 advisory committee's note ("Rule 33 is amended to provide that an interrogatory is not objectionable merely

because it calls for an opinion or contention that relates to fact or the application of law to fact. Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery.")

As detailed in the accompanying Lane Declaration, Defendants have objected to several interrogatories requesting that they set forth the factual basis for several of their affirmative defenses. Instead, Defendants have recited legal boilerplate which does nothing to narrow or sharpen the issues in this case.

### B. Defendants Must Provide Sworn Interrogatory Responses

Interrogatories must be answered "by the party to whom they are directed" and "in writing under oath." Fed. R. Civ. P. 33(b)(1), (3). Defendants Brown and Casey have failed to provide sworn verifications for their interrogatory responses, as their counsel had promised to do, and as set forth in the accompanying Lane Declaration. Accordingly, their responses are a nullity in the absence of these sworn verifications.

### CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for an order compelling Defendants' compliance with Plaintiffs' discovery demands, as set forth above.

DATED: June 19, 2014

                              **WEBSTER SZANYI LLP**
                              Attorneys for Plaintiffs

                          By: *s/Thomas S. Lane*
                                Thomas S. Lane
                                Nelson Perel
                          1400 Liberty Building
                          Buffalo, New York 14202
                          (716) 842-2800
                          tlane@websterszanyi.com
                          nperel@websterszanyi.com

TO:   Richard T. Sullivan, Esq.
        Harris Beach PLLC
        Attorneys for Defendant Buffalo Urban Renewal Agency
        726 Exchange Street, Suite 1000
        Buffalo, New York 14210

        Terrence M. Connors
        Connors & Vilardo LLP
        Attorneys for Defendant City of Buffalo
        Mayor Byron M. Brown and Deputy Mayor Steven M. Casey
        1000 Liberty Building
        Buffalo, NY 14202
        tmc@connorsvilardo.com

        Timothy Ball
        Attorney for Defendant Demone A. Smith
        1102 City Hall
        65 Niagara Square
        Buffalo, NY 14202
        tball@ch.ci.buffalo.ny.us