UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

NRP HOLDINGS LLC AND NRP
PROPERTIES LLC,

      Plaintiffs,

vs.

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
REV. RICHARD A. STENHOUSE,
JEREMIAH PARTNERSHIP FOR
COMMUNITY DEVELOPMENT, INC.,
JOHN DOE 1 – 10 AND JOHN DOE
COMPANIES 1 – 5,

      Defendants.

DECLARATION OF RANDALL
D. WHITE, ESQ. IN
OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL

Docket No. 11-CV-472-WMS-LGF

---

Randall D. White, Esq., makes this Declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746:

  1.  I am an attorney admitted to practice law in New York State and a partner in the firm Connors & Vilardo, LLP, attorneys for defendants City of Buffalo, Byron W. Brown, and Steven M. Casey (collectively, "City Defendants") in this action.

  2.  I make this declaration in opposition to plaintiffs' motion to compel. (Dkt. No. 81).

  3.  On November 16, 2012, plaintiffs served separate Plaintiffs' Revised First Request for Production and Inspection of Documents and Things to defendants, City of Buffalo, Byron W. Brown and Steven M. Casey. Copies of these requests are attached hereto as **Exhibits A, B, and C** respectively. On that

same date, plaintiffs also served separate Plaintiffs' Revised First Set of Interrogatories on each of the City Defendants. Copies of those interrogatories are attached hereto as **Exhibits D, E, and F** respectively. These interrogatories and requests are sometimes collectively referred herein as "Plaintiffs' 1st Ints." and "Plaintiffs' 1st RFPs".

   4. The Court had directed both sides to serve their initial written discovery demands by November 9, 2012. Accordingly, the City Defendants served their written discovery demands, which are the subject of a separate motion to compel being filed today by the City Defendants, on November 9, 2012.

   5. On December 19, 2012, and pursuant to the Court's express prior order, I sent a nine-page letter to plaintiffs' counsel. In that letter, a copy of which is attached hereto as **Exhibit G**, I set forth the City Defendants' objections to Plaintiffs' 1st Ints. and 1st RFPs, and identified potential problems that might impact our ability to complete the actual production of responsive documents by the February 1, 2013 response date. In that letter, we did not set forth each and every objection to the demands, but rather focused, pursuant to the Court's direction, on identifying the functional problems with the demands in order to focus subsequent discussions about resolving those issues. The City Defendants therefore expressly reserved their right to assert any and all objections in their formal responses to the discovery demands.

6. By letter of January 4, 2013, a copy of which is attached hereto as **Exhibit H**, plaintiffs' counsel stated that "rather than respond in writing to each of your objections, I believe that the most productive method for resolving the potential discovery disputes is for us to meet and confer" as directed by the Court.

7. On February 1, 2013, and pursuant to the Court's order, the City Defendants served their responses to Plaintiffs' 1st Ints. and Plaintiffs' 1st RFPs. Copies of the February 1, 2013 interrogatory responses of the City of Buffalo, Byron Brown and Steven Casey are attached hereto as **Exhibits I, J and K** respectively. Copies of the February 1, 2013 RFP responses of the City of Buffalo, Byron Brown and Steven Casey are attached hereto as **Exhibits L, M and N** respectively.

8. On January 4, 2013, plaintiffs had served separate Second Request for Production and Inspection of Documents and Things on each of the City Defendants. These requests are sometimes collectively referred to herein as "Plaintiffs' 2nd RFPs".

9. On February 4, 2013, the City Defendants served separate responses to Plaintiffs' 2nd RFPs. Copies of the City Defendants' responses to Plaintiffs' 2nd RFPs are attached hereto as **Exhibits O, P and Q**.

10. By letter of February 6, 2013, a copy of which is attached hereto as **Exhibit R**, plaintiffs' counsel stated that plaintiffs were in the process of preparing their own privilege log in response to the City Defendants' discovery

demands "and expect to serve it in the near future." He then proposed that the parties agree upon a mutual exchange of privilege logs.

11. On January 14 and February 28, 2013, counsel for the City Defendants participated in meet and confer conferences with plaintiffs' counsel concerning the City Defendants' responses and objections to Plaintiffs' 1st Ints. and 1st RFPs.

12. By letter of March 5, 2013, copy attached hereto as Exhibit S, we proposed the continuation of the meet and confer conferences which had not yet completed discussion of Plaintiffs' 1st RFPs and Plaintiffs 1st Ints. In the meantime, City Defendants had begun producing responsive documents on a rolling basis.

13. The City Defendants' counsel participated in at least eight (8) meet and confer conferences concerning the City Defendants' discovery responses. These meet and confer conferences were conducted on January 14, 2013; February 28, 2013; April 4, 2013; September 26, 2013; October 3, 2013; October 10, 2013; October 28, 2013 and February 24, 2014 (telephone).

14. To date, the City Defendants have produced over 30,000 documents. Attached hereto as Exhibit T are copies of the letters producing the documents on January 25, 2013; March 18, 2013; April 30, 2013; May 9, 2013; May 17, 2013; May 20, 2013, June 7, 2013; June 25, 2013; August 30, 2013; September 26, 2013; October 9, 2013; December 13, 2013; December 16, 2013; April 11, 2014; April 24, 2014 and July 9, 2014. For the convenience of the Court

and the parties, the City Defendants are not attaching all of the correspondence covering the document search and production process.

15. By letter of March 8, 2013, a copy of which is attached hereto as **Exhibit U**, we provided a written proposal with respect to three RFPs to the City Defendants (Nos. 7, 27, 32) which had been the subject of objection and discussion at the meet and confer conferences.

16. By letter of July 24, 2013, a copy of which is attached hereto as **Exhibit V**, the City Defendants set forth our detailed understanding of the parties' resolution of certain disputes concerning Plaintiffs' 1st RFPs. The letter addressed at least 24 of the RFPs directed to the defendant, City of Buffalo, some of which were duplicative of RFPs made to the individual defendants.

17. In my July 24, 2013 letter, the City Defendants acknowledged their obligation to produce a privilege log, but stated our belief "that, to date, there are less than ten (10) potentially responsive documents that had been identified as privileged."

18. By letter of October 1, 2013, and pursuant to the meet and confer conference on September 26, 2013, plaintiffs limited the scope of 1st RFPs Nos. 14, 15, and 16 and 2nd RFPs Nos. 2 and 3.

19. By letter of October 8, 2013, plaintiffs' counsel set forth their understanding of the current status of discovery disputes. The letter confirmed that the parties had not yet met to discuss defendants' objections to plaintiffs'

responses to the City Defendants' 1st set of RFPs and 1st set of Interrogatories to the plaintiffs.

20. On November 5, 2013, plaintiffs served separate Third Request for Production and Inspection of Documents and Things on the City Defendants. These requests are sometimes collectively referred herein as "Plaintiffs' 3rd RFPs".

21. On December 13, 2013, we served the defendant City of Buffalo's Supplemental Responses to Plaintiffs' Revised First Set of Interrogatories, a copy of which is attached hereto as **Exhibit W**. The supplemental interrogatory responses (hereinafter "City Supp. Int. Responses"), included substantive supplementation of responses to seventeen interrogatories, including the addition of specific facts, citations to specific documents, and the identification of witnesses, supporting certain of defendants' contentions. The supplemental interrogatory responses covered 107 pages and included specific factual information gathered from discovery conducted in this matter to that date.

22. On December 13, 2013, the defendant, City of Buffalo, Byron W. Brown and Steven M. Casey also served their responses to the Plaintiffs' 3rd RFPs, a copy of which is attached hereto as **Exhibit X**.

23. By letter of March 21, 2014, a copy of which is attached hereto as **Exhibit Y**, we served the supplemental responses of Byron Brown and Steven Casey to Plaintiffs' 1st Ints. (copies attached hereto as **Exhibits Z and AA**)

hereinafter "Brown Supp. Int. Response" and "Casey Supp. Int. Response.") The March 21 2014 letter stated that verifications of those supplemental responses would be provided. By that same letter, we served Byron Brown's responses to Plaintiffs' 3rd RFP and the City's supplemental response to Interrogatory No. 31, copies of which are attached hereto as **Exhibits BB and CC** respectively. We also advised that additional searches had not produced any additional documents or information responsive to City Int. No. 33, and that the City's response would therefore not be further supplemented.

24. On March 18, 2014, plaintiffs served their supplemental responses to the City Defendants' 1st RFPs and 1st Ints. as well as plaintiffs' privilege log.

25. By e-mail of April 29, 2014, a copy of which is attached hereto as **Exhibit DD**, plaintiffs' counsel proposed that the parties stipulate to an extension of the fact discovery deadline until January 31, 2015. By e-mail on May 9, 2014, a copy of which is attached hereto as **Exhibit EE**, I stated the City Defendants' agreement with the proposed extension of fact discovery until January 31, 2015. My e-mail response then continued:

> I'm not sure if your e-mail contemplated that the motion would reflect any other interim deadlines. Your April 29 email crossed with my letter about our continued objections to your responses to our discovery. Because those issues are outstanding, and because we're still working on our remaining production, we do not think it makes sense to include interim deadlines. As you note, there is time pressure with respect to the fact discovery deadline. Once we get that motion filed,

7

we can address the other issues, however makes the most sense.

26. Plaintiff's counsel did not object or respond to my May 9, 2014 e-mail and never addressed the privilege log issue again before filing this motion to compel.

27. As reflected in the May 9, 2014 e-mail, the City Defendants therefore believed that the parties would continue to progress toward completing the discovery items that had been agreed upon and finish up any pending discussions on the remaining disputed items.

28. Indeed, by letter of April 29, 2014, a copy of which is attached hereto as **Exhibit FF**, the City Defendants had set forth their initial objections and requests for clarification with respect to plaintiffs' supplemental responses to the City Defendants' 1st Ints. and 1st RFPs.

29. It was also the City Defendants' understanding that the parties would reach a new, interim deadline to finalize paper discovery after the motion to extend was filed.

30. Instead, the joint motion to extend was filed on May 23, 2014, and this motion was filed on June 19, 2014, with no communication in the interim. (Dkt. Nos. 78, 81).

31. By letter of July 17, 2014, a copy of which is attached hereto as **Exhibit GG**, City Defendants produced a number of items that are the subject of plaintiffs' motion.

32. City Defendants' provided the verification of supplemental interrogatory responses by Byron W. Brown and Steven M. Casey. *See*, Exhibit GG.

33. City Defendants also produced the City's Second Supplemental Responses to Plaintiff's First Set of Interrogatories, No. 33 and Byron W. Brown's Second Supplemental Responses to Plaintiffs' First Set of Interrogatories, No. 12, copies of which are attached hereto as Exhibits HH and II respectively.

34. City Defendants also produced a privilege log, a copy of which is attached hereto as **Exhibit JJ**. City Defendants also produced documents responsive to Plaintiffs' First Request for Production No. 18 to the City and First Request for Production No. 9 to Byron W. Brown; and Plaintiffs' Third Request for Production No. 1. *See*, Exhibit GG.

35. Plaintiffs' arguments as to specific disputed discovery requests at issue are addressed in defendants' accompanying memorandum of law. Certain of plaintiffs' allegations in paragraph 24 of the Lane Declaration, although not relevant to the discovery demands at issue, and therefore not discussed in defendants' memorandum of law, merit a brief response.

36. First, the letters referred to in paragraph 24 of the Lane Declaration absolutely do not "demonstrate that the Mayor's sudden opposition to the rent-to-own nature of the project was pretext," as plaintiffs contend. (Lane

Decl., ¶24). Instead, the letters were a formality of expressing support for an award of tax credits, not the project as a whole.

37. Second, the City Defendants have made searches for signed copies of those documents, but have been unsuccessful. As plaintiffs acknowledge, the City Defendants have produced unsigned versions of those letters and the fact that signed copies cannot be located is neither remarkable, nor nefarious.

38. Plaintiffs' proposed order is also objectionable for a number of reasons. (Dkt. No. 81-11). First, it seeks to award extremely broad relief although the motion is based on only a handful of discovery demands from the hundreds of demands set forth in the twelve sets of plaintiffs' discovery. Second, the order is duplicative in parts and therefore also inconsistent. For example, it compels the City "to further produce documents responsive to Plaintiffs' Third Request for Production" and in the next paragraph compels the City to "further provide supplemental response to Plaintiffs' Third Request for Production, requests 2, 3, 4, and 5." (*Id.* at 1). Third, the order, in numerous places, compels defendants to "further provide supplemental written responses to Plaintiffs' Request for Production and Interrogatories, identifying documents responsive to these requests and interrogatories." (*Id.* at 2-4). But that conflates and misstates the different duties of a party responding to a request for production of documents and interrogatories.

39. I declare under penalty of perjury that the foregoing is true and correct.

DATED:    July 17, 2014
         Buffalo, New York

_____
Randall D. White