UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**NRP HOLDINGS LLC and**
**NRP PROPERTIES LLC,**

        Plaintiffs,

v.

**CITY OF BUFFALO, BYRON W. BROWN, STEVEN M. CASEY, DEMONE A. SMITH, RICHARD A. STENHOUSE, BUFFALO JEREMIAH PARTNERSHIP FOR COMMUNITY DEVELOPMENT, INC., CITY OF BUFFALO URBAN RENEWAL AGENCY, JOHN DOES 1-10, and JOHN DOE COMPANIES 1-5,**

        Defendants.

Civ. No 11-CV-472(WMS)

## **DECLARATION OF THOMAS S. LANE**

Thomas S. Lane, makes this Declaration under penalties of perjury, pursuant to 28 U.S.C. § 1746:

1. I am an attorney admitted to practice law in New York State and before this Court and a partner in the law firm Webster Szanyi LLP, attorneys for Plaintiffs NRP Holdings LLC and NRP Properties LLC ("Plaintiffs"). As such, I have personal knowledge of the prior pleadings and proceedings in this action and the matters stated below.

2. I file this declaration in opposition to Defendants City of Buffalo's, Mr. Brown's, Mr. Casey's, and Mr. Smith's ("Defendants") motion to compel further discovery responses by Plaintiffs.

3. Defendants move to compel further discovery concerning the January 14, 2011 Assignment (the "Assignment") (Exh. A) by which Plaintiffs acquired all of Belmont Housing Resources for WNY, Inc.'s ("Belmont") rights and interest in this litigation.

4. Defendants <u>hope</u> to uncover documents which they believe will support their argument that Plaintiffs lack standing or that Belmont is a necessary party to this action. Defendants cite to no fact they hope such discovery will yield. As discussed in greater detail in the accompanying Memorandum of Law, further discovery concerning the assignment is unwarranted because Defendants' arguments fail as a matter of law. The agreement speaks for itself, and reflects that Belmont has completely assigned all rights concerning all claims at issue in this litigation. Any further discovery concerning the assignment would require a needless and unduly burdensome review of thousands of pages of documents for relevancy and privilege. Defendants' demand is therefore overly broad, unduly burdensome and not calculated to lead to the discovery of relevant or admissible evidence.

5. Defendants move to compel further interrogatory responses concerning Plaintiffs' pay to play allegations. Defendants' motion prematurely seeks further responses to contention interrogatories, as discussed in greater detail in the accompanying Memorandum of Law. The City Defendants have failed to complete their written discovery obligations, attempted to obscure damaging documents, and professed an inability to identify projects involving Rev. Stenhouse or affiliated entities. Not a single deposition has been conducted. As further information concerning these interrogatories is within Defendants' exclusive custody and control, further discovery, including depositions, is necessary for plaintiffs to provide responses concerning these

interrogatories and their related claims - all of which have been upheld by the Court. (Of course, Plaintiffs have provided significant responsive information already and expect after depositions more information will likely be available.)

6. Although not necessarily relevant to disposition of Defendants' motion, it is worth noting that Plaintiffs disagree with Defendants' characterization of the parties' efforts to resolve these issues. Defendants suggest that Plaintiffs delayed addressing Defendants' objections to Plaintiffs' discovery responses for eight months and that the parties conducted six meet and confer conferences concerning Plaintiffs' demands before addressing Defendants' demands. (Dkt. 90-1, White Decl., ¶ 12.) During this period Defendants did <u>not</u> actively seek to meet to address these objections whereas Plaintiffs did. Plaintiffs did not refuse to address Defendants' objections or object to a meet and confer to address these objections. Defendants also indicate that Plaintiffs "delayed another four months before making their first supplementation of their responses on March 18, 2014." (*Id.*) There was no such "delay." This is a mischaracterization of the parties' mutual agreement to supplement and complete their productions on March 18, 2014 - an agreement which Defendants still have not fulfilled and which was the subject of Plaintiffs' motion to compel.

## **CONCLUSION**

7. For the foregoing reasons, Plaintiffs request that the Court deny Defendants' motion to compel in its entirety.

Dated:	August 15, 2014
	Buffalo, New York

				*s/Thomas S. Lane*
				Thomas S. Lane