UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NRP HOLDINGS LLC and NRP PROPERTIES LLC,

                Plaintiffs,

  v.                                               Civil No.: 11-CV-00472(WMS)

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
RICHARD A. STENHOUSE, BUFFALO
JEREMIAH PARTNERSHIP FOR COMMUNITY
DEVELOPMENT, INC., CITY OF BUFFALO URBAN
RENEWAL AGENCY, JOHN DOE 1 – 10, and
JOHN DOE COMPANIES 1 – 5,

                Defendants.

---

MEMORANDUM OF LAW

                                    Harris Beach PLLC
                                    *Attorneys for Defendant*
                                    *City of Buffalo Urban Renewal Agency*
                                    726 Exchange Street, Suite 1000
                                    Buffalo, New York 14210
                                    (716) 200-5050

I.      INTRODUCTION

This Memorandum is submitted on behalf of the City of Buffalo Urban Renewal Agency ("BURA") in support of its Rule 12(c) motion to dismiss Count II alleged against it in the Plaintiffs' Second Amended Complaint. It is also submitted to join in the Rule 12(c) motion by the City of Buffalo, Byron W. Brown, Steven M. Casey and Demone Smith ("City Defendants").

Count II purports to allege a claim for "promissory estoppel" against BURA based upon certain alleged "promises and commitments" contained in a February 25, 2008 letter from Timothy E. Wanamaker, the former Director of the City of Buffalo's Office of Strategic Planning, to Belmont Shelter Corporation[1] ("Wanamaker Letter"). Paragraph 115 of the Second Amended Complaint alleges that the Plaintiffs, NRP Holdings LLC and NRP Properties, LLC ("collectively "NRP") are the assignees of "all rights and benefits" of what they describe as "the February 28, 2008 agreement and commitment" (Second Amended Complaint, Dk. No. 21, p. 20 ¶ 115).

It is BURA's position that the allegation in the Second Amended Complaint that NRP is the assignee of claims against it is false. Further, the Wannamaker Letter, now identified by NRP as the sole basis for the claim against BURA, does not give rise to a cause of action for promissory estoppel. BURA will rely on and adopts the arguments of the City Defendants in their Memorandum of Law relating to whether the Wannamaker Letter contains a clear and unambiguous promise and if NRP reasonably relied on the alleged promise.

---

[1] Belmont Shelter Corporation changed its name to Belmont Housing Resources for WNY, Inc. sometime after the date of the Wannamaker Letter

II. PROCEDURAL HISTORY

BURA was added as a Defendant in this action, which was commenced in June, 2011, upon cross-motion of NRP made in reply to a motion by City Defendants' Rule 12(b)(6) motion to dismiss the Amended Complaint.

In a July, 2012 Decision and Order (Docket No. 43) this Court granted the City Defendants' motion to dismiss Counts I, III, and V of the Amended Complaint. Among other things, the Court determined that the Wannamaker Letter did not create a contract between the City and NRP

The Court found that the Wannamaker Letter "leaves certain terms open, and is contingent on other events (Docket No. 43 p. 11), that the "City harbored no intent to be bound" (p. 12, Docket No. 43,) and the "letter was sent to NPR to support its application to the N.Y.S. State Division of Housing and Community Renewal for low income housing credits"[2]. The Court specifically determined that the Wanamaker Letter demonstrated that the,

> City's intent was not to "agree to agree", but rather to assist the developer in securing tax credits. This is borne out by the language of the letter itself . . . [t]he letter demonstrates only the "City of Buffalo's commitment *to this project*, not to NRP.

The Court did not dismiss Count II of the Amended Complaint, the promissory estoppel claim. It concentrated on the issue of Mr. Wannamaker's authority to write the letter and specifically noted that, since the City Defendants did not raise the issue of the necessary allegation of a "clear and unambiguous promise" until its reply to NRP's response, that argument, said the Court, "will not be considered at this time" (p. 20, Docket No. 43).

---

[2] The Wannamaker letter was not written to NRP. It was written to Belmont Shelter Corporation.

Before answering the Second Amended Complaint, BURA moved to dismiss the claims alleged against it, including the claim for promissory estoppel (Docket No. 58).

After first noting that Counts I, III and V should also be dismissed pursuant to the Court's July 2012 Decision and Order, BURA turned to the issue of whether there was a "clear and unequivocal promise" in the Wannamaker Letter, the issue that was not initially addressed in the City Defendants' motion. Its arguments were based primarily on the findings of the Court in the July 2012 Decision and Order, and the lack of any promise or commitment by BURA in the letter.

There are only two references to BURA in the Wannamaker Letter. The first refers to BURA having "earmarked $1,600,000 of the City's HOME funds for the above referenced project . . . " The second references the fact that "BURA is required to meet all applicable Federal, State and local rules and regulations before issuance of HOME funds to eligible recipients". It was and is BURA's position that these are not "clear and unambiguous promises".

In a September 13, 2013 Decision and Order ( Docket No. 68), this Court granted BURA's motion to dismiss Counts I, III and V in the Second Amended Complaint, but denied the motion to dismiss Count II, the promissory estoppel claim.

BURA thereafter answered the Second Amended Complaint (Docket No. 73). Among other things, BURA asserted an Affirmative Defense that the February 25, 2008 letter referenced in the Second Amended Complaint does not create a contractual relationship, by estoppel or otherwise, between the Plaintiffs and BURA.

The parties then proceeded to engage in substantial document discovery and production.

THE RULE 12(c) MOTION

This motion pursuant to Rule 12(c) is addressed to the allegations of the Second Amended Complaint. Paragraph 115 alleges that "NRP is the assignee of all rights and benefits concerning the February 25, 2008 agreement and commitment." That allegation, at least as it relates to BURA, has been revealed through discovery and production of a document integral to the allegations of the Second Amended Complaint, to be false.

Although the Second Amended Complaint referenced the assignment of "all the rights and benefits concerning the February 25, 2008 agreement and commitment", a copy of the assignment was not attached to the Complaint. We now know why.

In response to Demands by both the City Defendants and BURA, NRP produced an "Assignment and Release Agreement" ("Assignment"). It is dated January 14, 2011 and is between NRP and Belmont Shelter Corporation, now known as Belmont Housing Resources for WNY, Inc. BURA is not mentioned in the Assignment. Paragraph I of the Assignment, refers only to a,

> [L]etter dated February 28, 2008 from the City of Buffalo ("Buffalo") to Belmont [wherein] Buffalo agreed and committed itself to participate in the Project by, among other things . . . providing $1,600,000 of its HOME funds to assist in the construction and, in addition, providing fifty-one (51) buildable vacant lots at a price no greater than $2,000 per buildable lot, and not to exceed a total price of $100,000.

Paragraph 2 refers first to an assignment of "claims referenced in the Notice of Claim". There are no such claims against BURA. They were dismissed by the Court's September 2013 Decision and Order. The second assignment was of "claims asserted by NRP in connection with any lawsuit or lawsuits concerning the Project".

4

THE RULE 12(c) STANDARD

A motion under Rule 12(c) is addressed to the pleadings. The Second Circuit has explained that,

> [t]he court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d. Cir. 2011) [*citations omitted*].

The Second Amended Complaint alleges that NRP is "the assignee of all rights and benefits concerning the February 28, 2008 agreement and commitment". The Assignment, although not attached to the Second Amended Complaint, should be considered by the Court in determining this motion because,

> A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are "integral" to the complaint. *Id.*

The Assignment is certainly "integral" to the Second Amended Complaint. It is the sole basis of the promissory estoppel claim against BURA. In fact, there was no assignment of a claim against BURA by Belmont Shelter. The Assignment purports to assign two claims. They are:

1. Claims referenced in the Notice of Claim.

2. Claims asserted by NRP in connection with any lawsuit or lawsuits concerning the Project.

There are no claims against BURA "referenced in the Notice of Claim". They were dismissed by the Court in the 2013 Decision and Order. In addition, there is only one "[claim] asserted by NRP in connection with any lawsuit concerning the Project", *i.e.,* the promissory

estoppel claim based upon the Wannamaker Letter. The Assignment acknowledges that the Letter came from the City of Buffalo, not BURA.

The Assignment should also put to rest the Court's concerns expressed in the July 12, 2012 Decision and Order over Mr. Wannamaker's authority to bind BURA. This is no longer an issue for BURA. According to NRP, the Wannamaker Letter was from the City of Buffalo, not BURA. At best, the Assignment relates only to a claim against the City of Buffalo. Thus, the document that is integral to Count II, the Assignment, mandates that the promissory estoppel claim be dismissed against BURA.

## IV. CONCLUSION

BURA's motion addressed to the allegations of Count II of the Second Amended Complaint should be granted. NRP is not an assignee of any claims against BURA relating to the Wannamaker Letter. Count II against BURA should be dismissed as a matter of law.

Dated: August 13, 2015

        Respectfully Submitted,
        Harris Beach PLLC

        By: /s/Richard T. Sullivan
        Richard T. Sullivan
        *Attorneys for Defendant*
        *City of Buffalo Urban Renewal Agency*
        726 Exchange Street, Suite 1000
        Buffalo, New York 14210
        (716) 200-5050

263409 2587667v2