UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NRP HOLDINGS, LLC,                               **DECISION**
NRP PROPERTIES, LLC,                                and
              Plaintiffs,                             **ORDER**
    v.
                                                        **11-CV-472S(F)**
CITY OF BUFFALO,
BYRON W. BROWN,
DEMONE A. SMITH,
CITY OF BUFFALO URBAN RENEWAL AGENCY,
STEVEN M. CASEY,
JOHN DOES 1 - 10, and
JOHN DOE COMPANIES 1 - 5,

              Defendants.
_____

APPEARANCES:        WEBSTER SZANYI, LLP
                              Attorneys for Plaintiffs
                              THOMAS S. LANE,
                              NELSON PEREL,
                              STEVEN R. HAMLIN, of Counsel
                              1400 Liberty Building
                              Buffalo, New York 14202

                              BARNES & THORNBURG LLP
                              Attorneys for Defendants City of Buffalo, Byron W. Brown,
                              Demone A. Smith
                              MICHAEL A. BATTLE, of Counsel
                              1717 Pennsylvania Avenue, N.W., Suite 500
                              Washington, DC 20006

                              HAGERTY & BRADY
                              Attorneys for Defendants City of Buffalo, Byron W. Brown,
                              Demone A. Smith
                              MICHAEL A. BRADY,
                              DANIEL J. BRADY, of Counsel
                              69 Delaware Avenue, Suite 1010
                              Buffalo, New York   14202

      PERSONIUS MELBER, LLP
      Attorneys for Defendant Steven M. Casey
      RODNEY O. PERSONIUS, of Counsel
      2100 Main Place Tower
      Buffalo, New York    14202

      HARRIS BEACH LLP
      Attorneys for Defendant City of Buffalo Urban
      Renewal Agency
      RICHARD T. SULLIVAN, of Counsel
      Larkin at Exchange
      726 Exchange Street, Suite 1000
      Buffalo, New York   14210

  In this case alleging claims based on civil RICO liability and promissory estoppel, Defendants City of Buffalo, Byron W. Brown and Demone A. Smith ("City Defendants") move, by papers filed August 24, 2016 (Dkt. 142), to modify the Sixth Amended Scheduling Order (Dkt. 135) ("Scheduling Order") and to extend the period within which to serve responses to Plaintiffs' outstanding requests for production ("City Defendants' motion").   Under the Scheduling Order fact discovery shall conclude December 30, 2016, and a discovery status conference is scheduled for October 20, 2016.   By papers filed August 31, 2016, Defendant Buffalo Urban Renewal Agency has joined in City Defendants' motion (Dkt. 144).   On September 7, 2016, Defendant Steven M. Casey, through new counsel, also joined in City Defendants' motion (Dkt. 149).   Specifically, City Defendants requests extending through April 2017 the period for concluding fact discovery, rescheduling the discovery status conference by four months, Dkt. 142-1 ¶ 2, a stay of discovery, *id.* ¶ 8, and an additional period to serve responses to Plaintiffs' outstanding discovery requests.   *Id.* ¶ 7.

  By papers filed August 31, 2016 (Dkt. 145), Plaintiffs oppose City Defendants'

motion to the extent that Defendants request an additional four months within which to respond to Plaintiffs' Fourth Set of document production requests served May 16, and May 25, 2016; Plaintiffs do not otherwise oppose City Defendants' request to amend the Scheduling Order.   Plaintiffs also indicate Plaintiffs have agreed to enlarge the time within which Defendants' responses are due, but do not state exactly when such responses are due.   *Id.* ¶ 6.   Plaintiffs also contend City Defendants have not stated that because new counsel will duplicate prior counsel's review and work product with respect to discovery in this case, new counsel should not require four additional months to comply with Plaintiffs' latest outstanding discovery requests.   (Dkt. 145 ¶ 7)   Moreover, Plaintiffs indicate Plaintiffs are willing to extend to City Defendants' new counsel reasonable accommodation in complying with Plaintiffs' outstanding discovery requests to facilitate new counsel's familiarity with the record and ability to defend the action.   *Id.*

Under Fed.R.Cv.P. 16(b), requests for an amendment to an existing case management order require a showing a good cause, *i.e.*, an inability to comply with the schedule despite the exercise of reasonable diligence.   *Parker v. Columbia Pictures Industries*, 204 F.3 326, 340 (2d Cir. 2000).   The court recognizes the voluminousness of the discovery taken thus far in this case, however, based on the City Defendants' submissions, the court does not agree that such discovery is so extensive that with proper diligence the present end-date for discovery, December 30, 2016, cannot be met.   The court notes that new counsel for City Defendants is a major national law firm, and that it is therefore reasonable to expect counsel will sufficiently staff its representation of City Defendants in this matter.   Similarly, Defendant Casey's new counsel, although a much smaller office, are highly capable attorneys who can be relied upon to employ

resourcefulness to familiarize themselves with the record of discovery to date.   Further, while the parties allude to the potential for further mediation, Dkt. 142-1, ¶ 7; Dkt. 145 ¶ 8, under the court's ADR Plan, mediation is to proceed in tandem with pretrial discovery. Accordingly, the court finds that City Defendants have not demonstrated good cause to amend the Scheduling Order at this time, to stay discovery, or extend the time for responses to Plaintiffs' outstanding discovery requests.

The parties are also advised that the court expects to review the status of discovery at the October 22, 2016 status conference to accurately determine the amount and nature of additional discovery required to complete discovery in this case, and will consider, following such review, the need, if any, to further amend the Scheduling Order at that time.

## CONCLUSION

Based on the foregoing, Defendants' motion, Dkt. 142, is DENIED without prejudice.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:   September 8, 2016
         Buffalo, New York