# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

NRP HOLDINGS LLC and NRP PROPERTIES, LLC.

Plaintiff,

vs.

CITY OF BUFFALO, BYRON W. BROWN, STEVEN M. CASEY, DEMONE A. SMITH, RICHARD A. STENHOUSE, BUFFALO JEREMIAH PARTNERSHIP FOR COMMUNITY DEVELOPMENT, INC., CITY OF BUFFALO URBAN RENEWAL AGENCY, JOHN DOE 1-10, and JOHN DOE COMPANIES 1 - 5.

Defendants.

---

## MOTION FOR STAY OF DISCOVERY AND PROTECTIVE ORDER
Docket No. 11-CV-472-WMS

        /s/ Michael A. Battle
Michael A. Battle
BARNES & THORNBURG LLP
1717 Pennsylvania Ave. Suite 500
Washington, DC 20006
Phone: (202) 289-1313
Fax: (202) 289-1330
Michael.battle@btlaw.com

Michael A. Brady
Daniel J. Brady
HAGERTY & BRADY
69 Delaware Ave. Suite 1010
Buffalo N.Y. 14202
(716) 856-9443 office
(716) 856-0511 fax
mbrady@hagerty-brady.com
dbrady@hagerty-brady.com

*Attorneys for the City of Buffalo*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................... 1

II.   The Individual Defendants' Immunity Defenses Warrant a Stay of Discovery ..................... 3

   A.   When Immunity Is at Issue, Discovery Must Cease ........................................................ 3

   B.   Two Different Immunity Defenses Have Been Raised and Thus Discovery Must Cease.. 4

   C.   Immunity Can Be Raised at Any Time.............................................................................. 5

   D.   Denial of Legislative and Qualified Immunity Is Subject to Immediate Appeal ............... 6

   E.   Discovery Regarding the Individual Defendants Cannot Be Separated from the City of
   Buffalo and Thus All Discovery Should Cease ......................................................................... 6

III.  A stay of Discovery Pending A DispoSItive motion for summary judgment on Largely
Legal issues Would benefit All parties ......................................................................................... 8

   A.   NRP Would Suffer No Prejudice from a Stay And Discovery Extension; On the Contrary,
   NRP Would Benefit ................................................................................................................... 9

   B.   Defendants Would Be Prejudiced Without A Stay........................................................... 11

IV.   NRP's Deposition Notice Fails to Comply with the Federal Rules of Civil Procedure and the
Governing Case Law...................................................................................................................... 12

V.    NRP's individual Topics of Deposition are also improper.................................................... 17

   A.   NRP's Topics Are Vague, Ambiguous, and/or Lacking in Reasonable Particularity. ...... 17

      1.   Topic 1. ....................................................................................................................... 17

      2.   Topics 2, 3, 4, 5 & 6..................................................................................................... 17

      3.   Topic 11. ...................................................................................................................... 18

      4.   Topics 14, 15, 21, 22, 23, & 24.................................................................................... 18

      5.   Topics 15, 16, 17, 18, 19, 22, 28, 37, 49, 50, and 53.................................................. 18

      6.   Topics 39, 40, 41, 42, & 48.......................................................................................... 19

      7.   Topics 43 & 44.............................................................................................................. 20

B.   NRP's Topics are Unrestricted or Overly Broad as to Time. ........................................... 20

C.   NRP's Topics Call for Legal Conclusions and Information Available Though Less-Intrusive, Less-Expensive Means. .......................................................................................... 21

    1.   Topics 7, 8, 9, 10, 12, 13, 54, 55 and 56. ..................................................... 21

    2.   Topics 51, 57 & 58. ......................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Creighton,*
  483 U.S. 635 (1987)..................................................................................................3, 5

*Atencio v. City of Albuquerque,*
  1:15-cv-00343-WPL-KK( D. N.M. July 1, 2015), ECF No. 22 ...............................4

*Brunet v. Quizno's Franchise Co. LLC,*
  2008 WL 5378140 (D. Colo. Dec. 23, 2008)..........................................................15

*DiMartini v. Ferrin,*
  889 F. 2d 922 (9th Cir. 1989), amended .................................................................3

*E.E.O.C. v. Presrite Corp.,*
  2012 WL 4434055 (N.D. Ohio Sept. 24, 2012).......................................................22

*Eng-Hatcher v. Sprint Nextel Corp.,*
  2008 WL 4104015 (S.D.N.Y. Aug. 28, 2008).........................................................13

*English v. Dyke,*
  23 F. 3d 1086 (6th Cir. 1994) ..................................................................................5

*Falcone v. Provident Life & Accident Ins. Co.,*
  2008 WL 4694211, at *6 (S.D. Ohio Oct. 23, 2008)..............................................20

*Fed. Ins. Co. v. Delta Mech. Contractors, LLC, No.,*
  2013 WL 1343528 (D.R.I. Apr. 2, 2013).................................................................13

*Harlow v. Fitzgerald,*
  457 U.S. 800 (1982).................................................................................................3

*In re Indep. Serv. Organizations Antitrust Litig.,*
  168 F.R.D. 651 (D. Kan. 1996)................................................................................14

*Innomed Labs, LLC v. Alza Corp.,*
  211 F.R.D. 237 (S.D.N.Y. 2002) .............................................................................19

*ITT Corp. v. Travelers Cas. and Sur. Co.,*
  2012 WL 2944357 (D. Conn. July 18, 2012) ..........................................................12

*Johnson v. New York Univ. School of Educ.,*
  205 F.R.D 433 (S.D.N.Y. 2002) ..............................................................................8

*Kennedy v. City of Cleveland,*
   797 F. 2d 297 (6th Cir. 1986) ........................................................................3

*King v. City of New York,*
   No. 12-CV-2344 NGG RER, 2014 WL 4954621 (E.D.N.Y. Sept. 30, 2014) .........................8

*Krantz v. State Farm Fire & Cas. Co.,*
   2016 WL 320148 (M.D. La. Jan. 25, 2016) .........................................15

*Lapenna v. Upjohn Co.,*
   110 F.R.D. 15 (E.D. Pa. 1986) .........................................15

*Levy v. Town of North Hempstead,*
   No. CV 2:12-CV-01777 (E.D.N.Y. September 18, 2012), ECF NO. 21 ..............................4, 8

*Lipari v. U.S. Bancorp, N.A,*
   2008 WL 4642618 (D. Kan. Oct. 16, 2008) .........................................14

*Locurto v. Safir,*
   264 F. 3d 154 (2d Cir. 2001) .........................................6

*McBride v. Medicalodges, Inc.,*
   250 F.R.D. 581 (D. Kan. 2008) .........................................12

*Moore v. Mann,*
   Civil No. 3:13-CV-2771, 2015 WL 7454749 (M.D. Pa. Nov. 24, 2015) .................8

*Pearson v. Callahan,*
   555 U.S. 223 (2009) .........................................1, 3

*Reed v. Bennett,*
   193 F.R.D. 689 (D. Kan.2000) .........................................13, 14

*SerVaas Inc. v. Republic of Iraq,*
   540 F. App'x 38 (2d Cir. 2013) .........................................9

*In Re Term Commodities Cotton Futures Litig.,*
   2013 WL 1907738 (S.D.N.Y. May 8, 2013) .........................................8, 11

*Trustees of Boston Univ. v. Everlight Elecs. Co.,*
   2014 WL 5786492 (D. Mass. Sept. 24, 2014) .........................................13, 14, 18

*Whiting v. Hogan,*
   2013 WL 1047012 (D. Ariz. Mar. 14, 2013) .........................................12, 13

*Williams v. N.Y. State Office of Mental Health,*
   No. 10-CV-1022 (E.D.N.Y. June 8, 2011), ECF No. 104 .........................................12

*Young v. United Parcel Serv. of Am., Inc.*,
    2010 WL 1346423 (D. Md. Mar. 30, 2010) ..............................................................20

**Other Authorities**

Fed. R. Civ. P. 26(a) ................................................................................................20

Fed. R. Civ. P. 26(c) ................................................................................................15

Fed. R. Civ. P. 26(c) and 30(b)(6) ...........................................................................1

Fed. R. Civ. P. 30(a)(2) ...........................................................................................10

Fed. R. Civ. P. 56(b) .............................................................................................5, 9

Rule 12(b) and 12(c) .................................................................................................6

Rule 26(a)(1) ...........................................................................................................21

Rule 30(b)(6) ...................................................................................................... *passim*

Rule 56 ...................................................................................................................5, 9

**MOTION FOR STAY OF DISCOVERY AND PROTECTIVE ORDER**

Defendants, City of Buffalo (hereinafter "City"), Mayor Byron W. Brown, and Demone A. Smith (collectively hereinafter referred to as the "City Defendants", Mayor Brown and Former Councilmember Smith are referred to separately as the "Individual Defendants"), respectfully move this Court for an Order pursuant to Fed. R. Civ. P. 26(c) and 30(b)(6) staying all discovery until determination of the City Defendants' pending summary judgment motion and striking NRP's Third Revised Rule 30(b)(6) Notice ("Notice"), dated September 26, 2016.

## I.    INTRODUCTION

The City Defendants' Motion for Protective Order ("Motion") should be granted and discovery stayed pending the Court's ruling on the City Defendants' Motion for Summary Judgment, (Dkt. #152), because: (1) City Defendants immunity defense requires a stay to prevent further unnecessary costs and time, most importantly that of municipal employees, on a potentially dispositive matter and (2) NRP's Notice fails to comply with even the most basic standards required under the Federal Rules of Civil Procedure and case law governing 30(b)(6) notices.  As a result, requiring the City to comply with the Notice would be asking the City to waste countless hours to complete an impossible task, as explained below.

Where a motion for summary judgment based on the entitlement to an immunity defense has been submitted, discovery must be stayed until the Court has rendered a decision on the dispositive motion.   The United States Supreme Court has repeatedly recognized and stressed that the "driving force" behind the immunity doctrine is to ensure that claims against defendants shielded by immunity are "resolved prior to discovery." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).  Absent a stay of discovery, the purpose behind the immunity defense is lost.  For this reason, federal courts routinely impose a stay of discovery during the pendency of a dispositive

motion based on a defendant's immunity defense.  Therefore, any attempt by NRP to continue discovery, including the 30(b)(6) deposition, should be denied.

Furthermore, given that the City Defendants have filed a motion for summary judgment, on largely legal grounds, that will dispose of the last remaining bits of NRP's case, judicial economy suggests that the Court should decide the motion without continued, expensive discovery.  By allowing the trial Court to address the dispositive motion first, all parties will save substantial time and expense.  NRP faces no prejudice from a *slight delay* to give the court time to hear the motion.

Also, NRP's Notice falls woefully below the standard required by Federal Rules of Civil Procedure and well-established case law governing proper 30(b)(6) notices and should be stayed or stricken.  On its face, the Notice identifies fifty-eight paragraphs of "matters on which examination is requested," some of which have numerous separately stated sub-matters, resulting in over 100 total "matters."  While the sheer volume of matters listed in the Notice alone is a sufficient basis for this Court to grant a Protective Order, the Notice is also defective because of its failure to provide the required specificity and failure to identify the outer-limits of the Notice. The Notice constitutes an abuse of the 30(b)(6) process and is grossly out of proportion.  It simply would not be reasonable or even plausible to expect the City to be able to prepare a witness or witnesses in response to the Notice.

Substantial authority (including direct Supreme Court precedent), judicial economy, and best practices all militate in favor of a short stay of discovery pending the Court's resolution of the motion for summary judgment.  Such a stay is not only required, but is in the interests of all parties. Thus, a short discovery stay should issue.

## II.   THE INDIVIDUAL DEFENDANTS' IMMUNITY DEFENSES WARRANT A STAY OF DISCOVERY

### A.   When Immunity Is at Issue, Discovery Must Cease

The United States Supreme Court has repeatedly held that until the question of immunity is resolved, discovery should not be allowed.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See also Anderson v. Creighton*, 483 U.S. 635, 656 (1987) ("Consistently with this overriding concern to avoid 'the litigation of the subjective good faith of government officials,' *Harlow* does not allow discovery until the issue whether the official's alleged conduct violated a clearly established constitutional right has been determined on a <u>motion for summary judgment</u>.") (emphasis added); *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) ("we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation") (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Kennedy v. City of Cleveland*, 797 F. 2d 297, 299 (6th Cir. 1986) ("the defendant is to be also protected from the burdens of discovery until the resolution of [the immunity] issue . . . the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) and *Harlow*, 457 U.S. at 818;  *DiMartini v. Ferrin*, 889 F. 2d 922, 926 (9th Cir. 1989)), amended on other matters by 906 F.2d 465 (9th Cir. 1990) ("The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed.")

Unlike other affirmative defenses, "[a]n immunity defense is "an immunity from suit rather than a mere defense to liability."  *Pearson v. Callahan*, 555 U.S. at 231. If a case is permitted to continue to trial where an immunity defense exists, the defense "is effectively lost." *Id.*  (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

For this reason, courts routinely grant stays of discovery during the pendency of a defendant's dispositive motion based on an immunity defense. *See* e.g. Order, *Levy v. Town of North Hempstead*, No. CV 2:12-CV-01777 (E.D.N.Y. Sept. 18, 2012), ECF NO. 21 ("The [defendants] raise substantive issues of immunity…If successful… the [summary judgment] motion will eliminate or substantially reduce not only the cost of litigation, but, even more importantly, the time which municipal employees must devote to discovery-related issues"); Order Granting Defendants' Motion for Stay of Discovery at 2, *Atencio v. City of Albuquerque*, 1:15-cv-00343-WPL-KK (D. N.M. July 1, 2015), ECF No. 22 ("When a defendant has filed a dispositive motion based on qualified immunity, he is ordinarily entitled to a stay of discovery").

As explained below, a stay must issue in this case as well.

**B.      Two Different Immunity Defenses Have Been Raised and Thus Discovery Must Cease**

On October 14, 2016, the City Defendants filed their Motion for Summary Judgment, asserting the defenses of legislative immunity and qualified immunity.   Dkt. 152.   Although defendants' arguments regarding immunity are currently before Judge Skretny, the City Defendants hereby incorporate their motion and supporting memorandum of law by reference. The motion for summary judgment expands on the immunity defenses that the City Defendants raised in their respective answers to NRP's Second Amended Complaint. *See* Dkt. Nos. 46-47. In so doing, the City Defendants have made much more than a prima facie case that two different absolute immunities from suit apply.   The burden thus shifts to NRP to prove in front of Judge Skretny that the defenses *do not* apply.   Under these circumstances, as extensive authority demonstrates, discovery should cease until the Court resolves these crucial immunity questions.

4

### C.      Immunity Can Be Raised at Any Time

Legislative and qualified immunity can be raised at any time; it is not a bar that a case has proceeded for any period of time.  *English v. Dyke*, 23 F. 3d 1086, 1089 (6th Cir. 1994). Likewise, a Rule 56 summary judgment motion may be made at any time until 30 days after the close of discovery.  Fed. R. Civ. P. 56(b).  Indeed, not only can the defenses be raised at any time, but the defenses may be raised in multiple times in successive stages of the litigation:

> a qualified immunity defense can be raised at various stages of the litigation including…in a motion to dismiss…in a motion for summary judgment, or…at trial. A denial of the defense at any stage entitles a defendant to an immediate appeal. If the trial court's ruling is affirmed on appeal, <u>the defendant may raise the defense at the next stage of litigation and appeal again if the defense is denied.</u> While the issue is before the trial court or the case is on appeal, <u>the trial court should stay discovery</u>.

*Id.* (emphasis added).  Part and parcel with a defendant's ability to raise the defense at different stages of litigation, immunity defenses are not waived by failing to assert them at the earlier stages.  *Id.*   While immunity defenses can be raised at the motion to dismiss stage, authority indicates that summary judgment is the preferred vehicle to resolve questions of immunity.  *See, e.g.*, *Anderson*, 483 U.S. at 651.[1]   NRP thus cannot argue that now is not the proper time to address immunity arguments or that the decision can, or should, be delayed.[2]

---

[1] Although it should have no bearing on the outcome of this motion or the applicability of the immunity defenses, Plaintiff pleaded their RICO claims generally, without explaining what exactly it claimed the City Defendants did that gave rise to the RICO and promissory estoppel claims until well into the litigation.  In this lawsuit, NRP's allegations regarding the Individual Defendant's alleged actions were vague at the pleading stage; NRP simply claimed the Individual Defendants' "killed" the Project. See SAC, Dkt. #44,  ¶¶ 1, 68, 104, 109, 156-157.  Indeed, <u>nowhere in the Second Amended Complaint or its exhibits</u>, does Plaintiff clearly allege that the Individual Defendants "wrongfully refused to submit [the PILOT agreement and transfer of 51 City-owned lots] to the Common Council because Reverend Stenhouse never called with his approval" as they later claimed at the <u>end of 2015</u>. Dkt # 120-17, at 19.  NRP did not raise this allegation until most of their original claims were dismissed, years into the case.  In

### D.     Denial of Legislative and Qualified Immunity Is Subject to Immediate Appeal

The Second Circuit has held that a denial of an immunity defense—even when that denial is without prejudice and thus not final—is "a collateral order subject to immediate appeal." *Locurto v. Safir*, 264 F. 3d 154, 162 (2d Cir. 2001).   The Second Circuit explained, "[b]ecause qualified immunity is a shield not only from liability, but also from the burdens of discovery and trial, a denial of immunity is effectively unreviewable if appeal is delayed until after a final judgment has been entered."   *Id.* at 163.   Should the Court deny application of immunity as raised by the motion for summary judgment, the City Defendants anticipate immediately appealing the decision.   This appeal would also stay discovery pending the outcome of the appeal. *See Locurto*, 264 F. 3d at 162 (the Second Circuit stayed all discovery pending resolution of defendants' appeal).

### E.     Discovery Regarding the Individual Defendants Cannot Be Separated from the City of Buffalo and Thus All Discovery Should Cease

The Individual Defendants and the City are inextricably linked together in discovery.   As officials and former officials for the City of Buffalo, discovery propounded ostensibly on the City of Buffalo necessarily requires the attention and response of the Individual Defendants.

---

fact, NRP's own declaration before this Court makes this point. See Reply Declaration of Thomas S. Lane, Dkt # 93, at ¶ 6 ("Buried near the back of the City Defendants' belated production on July 17, 2014 are two emails" regarding the passage of legislation).  Thus, though the Individual Defendants could assert their affirmative defenses of immunity at any time during this litigation, NRP's vague conspiracy theories did not clearly implicate the legislative activity of the Individual Defendants until well into discovery.

[2] Furthermore, the City Defendants' motion for summary judgment raises completely new grounds that have never before been put in front of the Court in a dispositive motion.  It should go without saying that it is also the first motion for summary judgment (all prior dispositive motions were made under Rule 12(b) and 12(c), though many were successful in dismissing the vast majority of NRP's claims as having no basis in law).

6

Thus, the only way to provide full protection to the immunity afforded to the Individual Defendants would be to stay discovery as to all three City Defendants.

NRP's 30(b)(6) deposition notice to the City of Buffalo perfectly demonstrates the point. NRP explicitly defines the City of Buffalo as "Bryon [sic] W. Brown, Steven M. Casey, Demone A. Smith, City of Buffalo Urban Renewal Agency, Buffalo Common Council, and any other City Agency, entity, or employee thereof as defined by … the City Code."  Thus, by NRP's own definition, the City includes not only the Individual Defendants but *any* employee of the city *and* a separately represented codefendant.  Moreover, all of the 58 topics contained in the deposition notice relate in some way to the RICO claims – despite being a deposition notice for the City, which is not a defendant in the RICO claim.[3]  Even worse, approximately half of the topics relate *exclusively* to the RICO claim.  For example, topics 3-6 include the "Packard Project," "St. John Baptist Church Project," "St. Martin Village Project," and the "Amherst Station Housing Project" respectively.  Probing into these prior projects (that did not involve NRP or Belmont) has no relevance except as a pure fishing expedition into NRP's RICO claim.  NRP's notice is replete with these kinds of topics that implicate only its purported RICO claim.  Even if the City could effectively respond to NRP's preposterously overbroad deposition notice – and it cannot, see below – its designees would necessarily include the Individual Defendants, who have already been deposed.

Thus, if discovery went forward against the City, the Individual Defendants would be denied the immunity from suit that they are entitled to.  Immunity requires discovery to cease regarding the City Defendants.

---

[3] Indeed, these discovery tactics are doubly improper as Plaintiff does not claim the City of Buffalo is liable on the remaining RICO claim – nor could it so claim.  Only the last remaining promissory estoppel claim is asserted against the City of Buffalo.

### III.   A STAY OF DISCOVERY PENDING A DISPOSITIVE MOTION FOR SUMMARY JUDGMENT ON LARGELY LEGAL ISSUES WOULD BENEFIT ALL PARTIES

A stay of discovery pending a summary judgment determination promotes the laudable goal of judicial economy.  As a result, the general rule in the Second Circuit is that courts will stay discovery pending determination of a summary judgment motion.   A stay of discovery pending resolution of a potentially dispositive motion is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.'" *Johnson v. New York Univ. School of Educ.*, 205 F.R.D 433 (S.D.N.Y. 2002) (extensive citations omitted); *King v. City of New York*, No. 12-CV-2344 NGG RER, 2014 WL 4954621, at *6 (E.D.N.Y. Sept. 30, 2014); Memorandum and Order, *Gomes v. ANGOP*, No. 1:11-CV-0580, (E.D.N.Y. May 18, 2011), ECF No. 21 (same);  Order at 1, *Levy*, No. CV 2:12-CV-01777 ("[T]he federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order") (citations omitted). The reason is simple:

> Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.

*Moore v. Mann*, Civil No. 3:13-CV-2771, 2015 WL 7454749, at *2 (M.D. Pa. Nov. 24, 2015).

In fact, some federal courts have held that "where different courts are deciding the stay motion and the motion to dismiss . . . instead of considering the strength of the defendants' motion to dismiss, the Court will consider the fact that the defendants filed a dispositive motion."  *In Re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (internal citations and quotation marks omitted).

The City Defendants' motion for summary judgement states a strong case to dismiss NRP's last two vestigial claims for relief.  The motion is based on legal arguments regarding the applicability of legislative and qualified immunity and the applicability of case law that bars promissory estoppel against municipalities.  These defenses completely dispose of NRP's last two remaining causes of action.  The factual predicate for the City Defendants' motion (whether defendants' immunity applies and bars the RICO claim and whether the Common Council's approval was necessary for the development project) is extraordinarily limited and undisputed (yes, and yes).  Indeed, although NRP has moved to strike the City Defendants' motion (without stating a valid reason), NRP failed to point to any additional discovery that it would require to oppose the motion.  Thus, given that the motion for summary judgment can dispose of the entire case, and can do so without the need for any additional discovery, discovery should be stayed.  If *ever* there were a case where discovery should be stayed pending the outcome of a motion, it is this one.

### A.      NRP Would Suffer No Prejudice from a Stay And Discovery Extension; On the Contrary, NRP Would Benefit

In an attempt to delay the final reckoning on its claims, NRP has filed a "motion to strike."  NRP's only basis for demanding that the Court strike the motion for summary judgment is that the motion was filed before the close of discovery.[4]

---

[4] Plaintiff cites no authority for the proposition that a motion for summary judgment may not be filed before the close of discovery.  Moreover, Rule 56 explicitly contemplates and condones such a motion, as does extensive authority allowing parties to file motions for summary judgment on immunity issues at the beginning of discovery.  See Rule 56(b) ("[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment <u>at any time</u> until 30 days after the close of all discovery") (emphasis added); *see also SerVaas Inc. v. Republic of Iraq*, 540 F. App'x 38, 42 (2d Cir. 2013).

The only purported "prejudice" that NRP can conjure up is that the discovery deadline is currently set for December 31, 2016, and that a stay of discovery would interfere with future discovery if the summary judgment motion were denied. (Lane Decl. 154-1, ¶ 5) (the basis for NRP's motion to strike is that "Judge Foschio . . . shows that he intends to take steps necessary to adhere to the [discovery] deadline.")   However, this concern can be easily addressed by applying the stay without prejudice to continued discovery after the resolution of the motion for summary judgment, if necessary.

NRP has paid lip service to the idea that 'only a very small amount of discovery remains' but what NRP has represented to the Court contradicts their claim.  As NRP represented to the Court at the October 20, 2016 status conference, NRP intends to take 7-9 more depositions. Battle Declaration ¶ 22; (Lane Decl. 154-1, ¶ 28).  NRP failed to mention that their plan exceeds the number of allowable depositions. Fed. R. Civ. P. 30(a)(2). NRP also failed to mention that the 30(b)(6) depositions of the City and BURA (discussed below) are essentially unbounded as to time and topic, and would require numerous designees (including the Individual Defendants).

All parties would substantially benefit from a stay of discovery.  By implementing a stay pending the outcome of the motion for summary judgment, the parties would avoid the costly expense of potentially dozens of depositions right up to the close of discovery.  NRP would avoid the expense of taking the discovery and the City Defendants would avoid the substantial expense of preparing and responding to the discovery. NRP would also benefit from avoiding the City Defendants' further contemplated discovery.[5]  If the Court denies the motion for summary

---

[5] For their part, if their motion for summary judgment were denied and discovery were reinstated, the City Defendants would take multiple depositions of NRP's principals and employees and propound at least one new set of requests for production.  To date, the City Defendants have refrained from taking any depositions.

judgment the parties would go right back to the status quo and pick up discovery where they left off.

Further, the contemplated stay is short term: simply the amount of time necessary to hear and decide the motion for summary judgment.  The motion would be fully briefed by mid-November, and likely decided shortly thereafter.  The case has been active for over five years; NRP cannot seriously argue that a slight delay will cause any prejudice – especially because it may *end* in a few weeks.  *In Re Term Commodities Cotton Futures Litigation*, No. 12 CIV. 5126 ALC KNF, 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) ("The Court finds that the defendants demonstrated good cause for staying discovery because: (a) their motion to dismiss has been filed and will be argued on May 17, 2013; (b) the stay is for a short period of time; and (c) the plaintiffs will not be unduly prejudiced by the stay.")

NRP admits that the motion for summary judgment presents largely legal questions. (Dkt. 154-1, Lane Decl. ¶ 5, 22, the "motion is based on purely legal arguments").  Thus, NRP concedes that these "purely legal" arguments can be decided without the need for any further discovery.

### B.      Defendants Would Be Prejudiced Without A Stay

Unlike NRP, which faces no prejudice from a temporary stay, the City Defendants do face substantial prejudice if a stay is not granted.  If the Court were to deny the City Defendants' motion for summary judgment, discovery can pick up where it began.  However, there is no way to un-ring the bell of discovery that goes forward.  If a stay is not granted, there is no way to undo the expense of hundreds (if not thousands) of attorney hours spent preparing for and taking depositions that, in the end, may prove completely unnecessary.  If discovery goes forward, and the City Defendants' motion for summary judgment is granted *after* discovery concludes, all of

those dozens of depositions will have been for naught and tens of thousands of dollars will have been wasted on both sides (to say nothing about the lost time and effort by the deponents).

Simply put, the City defendants face substantial prejudice from a lack of stay, while NRP faces no prejudice. *Williams v. N.Y. State Office of Mental Health*, No. 10-CV-1022 (E.D.N.Y. June 8, 2011), ECF No. 104  ("any discovery would likely be highly burdensome, involving a great deal of information and numerous parties. In short, weighing the potential burden of responding to discovery against the potential prejudice to [the plaintiff], I conclude that the circumstances favor a stay. I therefore grant the defendants' motion and stay all discovery pending the resolution of the defendants' dispositive motion."); *ITT Corp. v. Travelers Cas. and Sur. Co.*, 2012 WL 2944357, at *4 (D. Conn. July 18, 2012) ("upon consideration of the particular circumstances and posture of the case, the factors weigh in favor of granting a stay of discovery pending the resolution of the defendant's . . . motion. The discovery will be time-consuming, burdensome and expensive. The defendant's motion is potentially dispositive and appears to have substantial grounds.") The plaintiff's suggestion of prejudice does not countervail these considerations.

## IV.   NRP'S DEPOSITION NOTICE FAILS TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND THE GOVERNING CASE LAW.

Rule 30(b)(6) requires that a deposition notice directed to an organization "describe with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6) (emphasis added).  For "Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with ***painstaking specificity***, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008) (emphasis added); *see also Whiting v. Hogan*, 2013 WL 1047012, at *11 (D. Ariz. Mar. 14, 2013) (same).

Rule 30(b)(6) requires the responding party to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought . . . and to prepare those persons in order that they can answer fully, completely, unevasively, . . . as to the relevant subject matters." *Whiting*, 2013 WL 1047012, at *10 (*citing Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 644, 638 (D. Minn. 2000)).  However, this becomes an "impossible task" when the notice fails to specify with the requisite particularity the topics to be covered.  *Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *4 (S.D.N.Y. Aug. 28, 2008) (*citing Reed v. Bennett,* 193 F.R.D. 689, 692 (D. Kan.2000)).  "Broad or non-specific topics do not provide a basis upon which an individual or entity can reasonably determine what information may or may not be responsive."  *Trustees of Boston Univ. v. Everlight Elecs. Co.*, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014).  "It is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything." *Fed. Ins. Co. v. Delta Mech. Contractors, LLC, No*., 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citing *Costa v. Cnty. of Burlington,* 254 F.R.D. 187, 191 (D.N.J.2008).  Where "the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."  *Reed*, 193 F.R.D. at 692.

Furthermore, where a 30(b)(6) notice seeks testimony on a large number of topics, many of which fail to meet the requisite specificity, the notice must fail, as enforcing such a notice would be considered abusive.  In *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, the court held it would be "abusive" to enforce a 30(b)(6) deposition notice containing "twenty-seven areas of inquiry (many of which are open ended)." 2007 WL 2460685, at *3 (D. Conn. Aug. 27, 2007). Similarly, in *RM Dean Farms v. Helena Chemical Co.*, the court granted the defendants protective order where the plaintiff issued a 30(b)(6) notice listing numerous topics, some of which stated the testimony would "include, but not be limited to, items listed," and stated "[t]he

topics [] . . . are only the minimum in which the corporate designee must testify, not the maximum." 2012 WL 169889, *1 (E.D. Ark. Jan. 19, 2012).  The court held that the notice failed the specificity requirement and would require the defendant to "produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible." *Id.*

Additionally, a 30(b)(6) deposition is also not the proper vehicle to discover a party's legal contentions.  A responding party need not "marshal all of its factual proof" and prepare a witness to be able to testify on a given defense or []claim." *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996); *Trustees of Boston Univ.*, at *4 (*quoting Fidelity Mgmt. & Research Co. v. Actuate Corp.,* 275 F.R.D. 63, 64 (D. Mass. 2011)). Accordingly, "[a] party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery." *Trustees of Boston Univ.*, at *4 (*citing SmithKline Beecham Corp.*, 2004 WL 739959, at *2 (E.D. Pa. Mar. 23, 2004)). In *In re Independent Service Organizations Antitrust Litigation*, the defendant moved for a protective order against a 30(b)(6) notice requesting "a corporate witness to testify about facts supporting numerous paragraphs of [the defendant's] denials and affirmative defenses in its Answer and Counterclaims." 168 F.R.D. at 654.  Granting the protective order, the court held that the defendant was not required to "marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim." *Id.*; *see also Smithkline Beecham Corp.*, at 9-10 ("As [Plaintiffs] are aware, answering requests for production and interrogatories customarily is performed with the assistance of counsel.  Thus, the proposed area of inquiry improperly trespasses into areas of work product and attorney-client privilege"); *Lipari v. U.S. Bancorp, N.A*, 2008 WL 4642618, * (D. Kan. Oct. 16, 2008) (noting

courts have not hesitated to grant protective orders in similar circumstances); *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 21 (E.D. Pa. 1986) (no answers were required where the breadth of the questions were "so broad that they would have called for an answer that could amount to a treatise." (internal quotations & citation omitted)).

The court is empowered to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" for "good cause."  Fed. R. Civ. P. 26(c); *see also Brunet v. Quizno's Franchise Co. LLC*, 2008 WL 5378140, at *3 (D. Colo. Dec. 23, 2008) ("Federal courts may issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) notices."); *Krantz v. State Farm Fire & Cas. Co.*, 2016 WL 320148, at *3 (M.D. La. Jan. 25, 2016) (a court may "limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous.")  Good cause is present here.

NRP's Notice is fatally flawed in its entirety as (1) the Notice does not allow the City to identify the outer-limits of inquiry noticed, as NRP explicitly states that they do not intend to be limited to the Notice's topics; (2) the topics listed use vague, ambiguous and non-limiting language that do not provide a basis for the City to reasonably determine what information may or may not be responsive; (3) the Notice includes numerous matters unbound by any time limitation; (4) The Notice includes topics that contain periods of time that are demonstrably unreasonable, i.e. 20 years and more, and which are far beyond the proportional needs of the case; (5) NRP already possess much of the information listed in the inquiries obtained through extensive discovery already made upon the City; (6) alternative, less costly means are available for NRP to obtain the information requested; and (7) NRP seeks to improperly use a 30(b)(6)

deposition of the City to obtain privileged information and improperly obtain the City's factual and legal basis for its claims through a deposition.

On its face, the Notice lists fifty-eight individual topics containing matters for a witness to testify about, some of which contain numerous open-ended subtopics. Others, as described above, relate solely to the RICO claims which do not involve the City. Furthermore, NRP has made it impossible to identify the outer-limits of the Notice, which in turn make preparing to testify regarding the Notice an impossible task. Even more so than in *F.D.I.C. v. Wachovia Ins. Servs.*, the Notice contains a huge number of topics, many of which fail to meet the specificity required of the federal rules. For example, in the first footnote, NRP makes explicitly clear that the City cannot rely on the Notice to identify the outer limits of the testimony sought; "[the Notice does not] limit plaintiffs' right to question defendants on <u>all documents</u> produced herein." Notice, at 4, n. 1 (emphasis added). Further, as explained above, NRP defines the city to include the Individual Defendants, other defendants, and hundreds of other people Additionally, on a number of occasions, NRP improperly uses non-limited language, such as "including, but are not limited to," in a number of matters listed. As explained in more specific detail below, the NRP's Notice is riddled with issues and flaws that are so pervasive that it would be impossible for the City to comply.

The deficiencies with the Notice are so prevalent throughout the Notice that it warrants quashing the Notice in its entirety. The sheer breadth, quantity and lack of specificity of the matters listed at this stage in the litigation and discovery process is unacceptable, and requiring the City to comply with the Notice would be asking the City to go to extraordinary expensive for an impossible task. It is not the obligation of the City or of the Court to rewrite the Notice.

## V.      NRP'S INDIVIDUAL TOPICS OF DEPOSITION ARE ALSO IMPROPER

### A.      NRP's Topics Are Vague, Ambiguous, and/or Lacking in Reasonable Particularity.

Topics 1, 2, 3, 4, 5, 6, 11, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 28, 37, 39, 40, 41, 42, 43, 44, 49, 50, & 53 in NRP's Notice are vague, ambiguous, and/or lacking in reasonable particularity required by Rule 30(b)(6) and the overwhelming weight of case law cited above.

### 1.      Topic 1.

NRP's Topic 1, "The Project," is overbroad, unfocused and does not meet the obligation to be specific. NRP's own notice defines "The Project" as "the housing project that is the subject of this litigation[.]" (Battle Decl., Ex. 3 at 4.)  Based on NRP's own definitions, NRP has failed to even begin to specify a particular topic relevant to the litigation.  As NRP knows, any housing project is a complex process with multiple moving parts that include numerous local and federal agencies.  Asking a City representative or representatives to testify generically about every fact and detail of "The Project" without any parameters is patently improper.

### 2.      Topics 2, 3, 4, 5 & 6.

Similarly, NRP's Topics 2, 3, 4, 5, and 6 are overbroad, unfocused and lack the requisite specificity as they ask the City representative or representatives to testify about additional, entire housing projects.[6]  As with the Project at issue, the process involved with each individual project listed is vast and complex.  Furthermore, these projects involve the coordination of a number of local and federal government agencies and independent third parties covering in many cases

---

[6] While NRP's Notice appears to define the housing projects for Paragraphs 2, 3, 4, and 5, NRP does not provide a definition for the item listed in Paragraph 6 of the Notice.

multiple years.  Simply and summarily listing the name of the project(s) is insufficient to satisfy the specificity requirement.

### 3.     Topic 11.

NRP's Topic 11 requests the City provide a representative or representatives educated and prepared to testify regarding its "FOIL demand" and, as stated in the corresponding footnote, every "document it produced. Such references are not intended to limited NRPs' rights to question defendants on all documents produced herein." Notice, at n.1.  In order to adequately prepare and educate a representative or multiple representatives, the City must be able to identify the outer-limits of the topics identified.  However, NRP makes explicitly and abundantly clear that it has no intentions of setting any boundaries of limits. Therefore, NRPs' notice is fatally flawed.  Without protection from the Court, the City will be left with an unduly burdensome and impossible task.

### 4.     Topics 14, 15, 21, 22, 23, & 24.

NRP's Topics 14, 15, 21, 22, 23, and 24 request a witness educated and prepared to testify regarding all facts related to the "relationship" between City of Buffalo and various other parties.  However, NRP does not identify anything specific about the alleged relationships it is interested in inquiring. *Trustees of Boston Univer., Co.*, 2014 WL 5786492, at *3 (finding topics which sought "all facts related to" the "relationship between Epistar and another entity" were "not described with sufficient particularity, and are vague and/or overly broad").

### 5.     Topics 15, 16, 17, 18, 19, 22, 28, 37, 49, 50, and 53.

NRPs Notice uses non-limiting language throughout, which creates an impossible task for the City to prepare and educate a representative.

For example, NRP's Topics 22, 28, 37, 49, 50, and 53 improperly include a list of sub-topics starting with the phrase "including, but not limited to."  However, it is well-established that the use of the phrase, "including, but not limited to" in a 30(b)(6) notice is improper and grounds for a protective order.  The use of such "language turns the subpoena into an overbroad notice, in contradiction to the 'reasonable particularity' required by Rule 30(b)(6)." *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (*citing see Reed*, 193 F.R.D. 689 at 692).  Furthermore, and by way of example, NRP's request in Paragraph (53) uses the phrases "including, but not limited to" and then proceeds to list over thirty (30) sub-topics each of which can be covered by the request in multiple ways. For this reason alone, each request is insufficiently particularized.

Furthermore,  NRP's Topics 15, 16, 17, 18, 19, and 22 tack on of the phrases "affiliates thereof" and/or "related entities" to the end of a list of entities or persons.  There are various ways to define whether a person or entity is "affiliated" or "related" to another entity or person, which creates ambiguity, vagueness and makes the topics nonspecific. Furthermore, these topics are not relevant or proportional to the needs of the case.

### 6.    Topics 39, 40, 41, 42, & 48.

NRP's Topics 39, 40, 41, 42 and 48 request the City provide a representative to testify about conversations in which the City was not a party.  Specifically, NRP requests the City provide a witness knowledgeable to provide testimony regarding conversations between BURA and other governmental bodies and regarding BURA's decision not to proceed with the Project. BURA is a separately represented and distinct entity. As a result, no amount of preparation or education could prepare any representative to discuss topics the City was not party too.

### 7. Topics 43 & 44.

NRP's Topic 43 is communications between the "City of Buffalo representatives" and the "Plaintiffs' representatives" concerning the Project. However, NRP has failed to identify which person or persons it considers to be "representatives" for either party. Similarly, NRP's Topic 44 concerns "Legislation and/or signature documents" but fails to properly identify what it considers to be "Legislation" or "signature documents." As a result, NRP's topics improperly leave the City guessing as to what NRP believes these vague and ambiguous terms mean in the context of this Notice.

### B. NRP's Topics are Unrestricted or Overly Broad as to Time.

A 30(b)(6) notice must be "limited to a relevant time period, geographic scope, and related to claims." *Young v. United Parcel Serv. of Am., Inc.,* 2010 WL 1346423, *9 (D. Md. Mar. 30, 2010); *see also* Fed. R. Civ. P. 26(a) (requiring discovery be relevant and "proportional to the needs of the case"); and *Falcone v. Provident Life & Accident Ins. Co.*, 2008 WL 4694211, at *6 (S.D. Ohio Oct. 23, 2008) (denying motion to compel a 30(b)(6) witness to testify in part because the topic was "unbound" by a relevant time frame to the case). Requesting a representative provide testimony where there is too broad a time period covered or no temporal restrictions at all are equally fatal.

Topics 20, 24, 25, 26, 29, 30, 45, 46, 47, 49, 50, 52, & 53 are improper because they include time periods of up to 20 years.

Topics 21, 23, 27, 31, 32, 33, 34, and 36 are improper because they are unrestricted and unbound by any time period. These topics fail for the same reasons. Without protection from the Court, imposing the obligation to comply with the NRP's overly-broad, disproportional topics would be unduly burdensome and cause unnecessary expense.

20

C.   **NRP's Topics Call for Legal Conclusions and Information Available Though Less-Intrusive, Less-Expensive Means.**

As explained above, 30(b)(6) deposition may not be used as a vehicle to discover a party's legal contentions.

1.   **Topics 7, 8, 9, 10, 12, 13, 54, 55 and 56.**

NRP's Topics 7, 8, 9, 10, 12, 13, 54, 55 and 56 are analogous to those in *In re Independent Service Organizations Antitrust Litigation* and *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *1 (N.D. Ill. Jan. 24, 2000).  As in both cases, NRP here improperly requests the City produce representative or representatives to testify about the entire Second Amended Complaint; the entire Answer, along with each affirmative defense listed; the Rule 26(a)(1) Disclosures, all of the City's interrogatory responses; the City's document production and the City's litigation hold. Each of these documents "customarily is performed with the assistance of counsel.  Thus, the proposed area of inquiry improperly trespasses into areas of work product and attorney-client privilege."  *Smithkline Beecham Corp.*, 2000 WL 116082, at *9.  The City's is not required "to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim." *Id*.

Furthermore, to the Topics that focus on the City's production and litigation hold, NRP may already have access to the information sought.  *Id.* (denying the party's motion to compel a corporate representative be provided in part where the requesting party "failed to convince us that the factual information they seek has not already been produced, or that it cannot be discovered through a less invasive method").

21

2.      **Topics 51, 57 & 58.**

NRP's Topics 51, 57 and 58 ask the City's representative to "identify" lists of staff members, agencies, and other.  Such information is not appropriate for a 30(b)(6) notice.  Therefore, the requests are overbroad, unduly burdensome, inefficient and City should not be required to spend time and money to educate and prepare a representative to testify on such requests.  *E.E.O.C. v. Presrite Corp.*, 2012 WL 4434055, at *10 (N.D. Ohio Sept. 24, 2012) ("30(b)(6), even properly framed, is not a memory contest for someone to memorize names of individuals").

## CONCLUSION

The City Defendants have moved for summary judgment seeking final adjudication of the entire Second Amended Complaint based in large part on clear issues of immunity.  NRP concedes that the motion raises primarily legal arguments.  The City Defendants are entitled to a stay of discovery pending the Court's determination of their summary judgment motion.  Anything less would defeat the purpose of their immunity defenses.

Furthermore, NRP's 30(b)(6) notice must fail *en toto* because its shockingly broad, vague, and oppressive nature make it impossible to reasonably respond to.  Digging down into the individual topics of deposition shows that on a microcosmic level, the notice fairs no better.  Even if it were possible to respond in part or in whole, the Notice represents a gargantuan task that is unreasonable and oppressive.

Thus, the City Defendants respectfully request the Court grant a stay on discovery pending final determination of their summary judgment motion and for a protective order against NRP's 30(b)(6) notice or any other deposition notice that may be propounded.

DATED:      October 21, 2016
            Washington, DC

                                        Respectfully Submitted,

                                         */s/ Michael A. Battle*
                                        Michael A. Battle
                                        BARNES & THORNBURG LLP
                                        1717 Pennsylvania Ave. Suite 500
                                        Washington, DC 20006
                                        Phone: (202) 289-1313
                                        Fax: (202) 289-1330
                                        Michael.battle@btlaw.com

                                        Michael A. Brady
                                        Daniel J. Brady
                                        HAGERTY & BRADY
                                        69 Delaware Ave. Suite 1010
                                        Buffalo N.Y. 14202
                                        (716) 856-9443 office
                                        (716) 856-0511 fax
                                        mbrady@hagerty-brady.com
                                        dbrady@hagerty-brady.com

                                        *Attorneys for the City of Buffalo*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2016, a true and correct copy of the

CITY OF BUFFALO'S MOTION FOR STAY OF DISCOVERY AND PROTECTIVE ORDER

was delivered via ECF Filing to the following:

Thomas S. Lane
Nelson Perel
Webster Szanyi LLP
Attorneys for Plaintiffs
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
tlane@websterszanyi.com

Richard Sullivan
Harris Beach PLLC
Attorneys for Defendant BURA
Larkin at Exchange
726 Exchange Street, Suite 1000
Buffalo, NY 14210
rsullivan@harrisbeach.com

Rodney O. Personius
Personius Melber LLP
Attorneys for Defendant Casey
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 855-1050
Fax: 716-855-1052
rop@personiusmelber.com

       */s/ Michael A. Battle*
       Michael A. Battle

DMS 4395305v1

1