UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NRP HOLDINGS LLC and NRP
PROPERTIES, LLC.
                              Plaintiff,

v.

CITY OF BUFFALO, BYRON W. BROWN,
STEVENN M. CASEY, DEMONE A. SMITH,
RICHARD A. STENHOUSE, BUFFALO
JEREMIAH PARTNERSHIP  FOR
COMMUNITY DEVELOPMENT, INC.,
CITY OF BUFFALO URBAN RENEWAL
AGENCY, JOHN DOE 1-10, and
JOHN DOE COMPANIES 1 - 5.

                              Defendants.

**DECLARATION OF MICHAEL A.
BATTLE IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER**

Docket No. 11-CV-472-WMS

---

MICHAEL A. BATTLE, Esq., makes this Declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      I am an attorney admitted to practice law in New York State and before this Court and a partner in the firm Barnes & Thornburg LLP, attorneys for Defendants City of Buffalo, Byron W. Brown, and Demone A. Smith (the "City") in this action.

2.      I file this declaration in support of the City's motion for a stay of discovery and a protective order against the Third Revised Notice of Deposition Under Rule 30(b)(6) served by Plaintiffs NRP Holdings LLC and NRP Properties, LLC (hereinafter "NRP").

3.      On January 6, 2014, NRP served its first iteration of its Rule 30(b)(6) Notice of Deposition (the "original Notice").  Attached as Exhibit 1 is a true and accurate copy of the original Notice, dated January 6, 2014.

4.      On February 9, 2015, Randall White of the law office of Connors & Vilardo, previous counsel for the City, sent a letter to Thomas Lane setting forth the City's detailed objections to NRP's original Notice.  Attached as Exhibit 2 is a true and accurate copy of this letter, dated February 9, 2015.

5.      On September 26, 2016, NRP served its latest version of its Rule 30(b)(6) Notice, the Third Revised Notice of Deposition Under Rule 30(b)(6) (the "Notice").  Attached as Exhibit 3 is a true and accurate copy of the Notice together with its enclosing letter from Steven Hamlin, Esq., dated September 26, 2016.

6.      On October 12, 2016, the City served on NRP its detailed objections to the Notice in anticipation of a meet and confer.  The City expressly incorporated its prior objections served on February 9, 2015. Attached as Exhibit 4 is a true and accurate copy of this letter, dated October 12, 2016.

7.      Prior to September 26, 2016, counsel for the City and counsel for NRP exchanged various correspondences regarding NRP's various versions of its Rule 30(b)(6) Notice.

8.      Attached as Exhibit 5 is a true and accurate copy of the September 9, 2016 letter that I received from Steven Hamlin, Esq., attempting to create deadlines to the Plaintiffs' discovery responses and suggesting dates for the 30(b)(6) deposition.

9.      Attached as Exhibit 6 is a true and accurate copy of the September 13, 2016 letter that I sent to Steven Hamlin, Esq., regarding the proposed dates for the 30(b)(6) Notice.

10.      Attached as Exhibit 7 is a true and accurate copy of the September 16, 2016 letter that I received from Steven Hamlin, Esq., stating they do not agree to extending the time for the 30(b)(6) deposition.  Mr. Hamlin also admits that the latest version of the 30(b)(6) Notice at that time "largely incorporate[d] the prior notice served in January of 2014."

11.     Attached as Exhibit 8 is a true and accurate copy of the September 21, 2016 letter that I sent to Steven Hamlin, Esq., regarding the City's objections to the 30(b)(6) Notice.

12.      Attached as Exhibit 9 is a true and accurate copy of the September 28, 2016 letter that I sent to Steven Hamlin, Esq., regarding the arbitrary deadlines set by NRP and reminding him that the City served objections to the original Notice in February of 2015.

13.     Attached as Exhibit 10 is a true and accurate copy of the September 28, 2016 e-mail that I received at 2:58 PM from Steven Hamlin, Esq., in which attempts to impose a deadline of two hours for the City to serve objections to the 30(b)(6) Notice.

14.     Attached as Exhibit 11 is a true and accurate copy of the September 30, 2016 letter that I received from Steven Hamlin, Esq., setting the City's deposition for October 25, 2016.

15.      On October 13, 2016, Counsel for the City Defendants conducted a meet and confer via telephone with counsel for NRP in a good faith effort to resolve the dispute regarding the Notice.  As explained above, prior to the conference, counsel for the City sent Plaintiffs' counsel a detailed written explanation of objections to the Notice.  *See* Ex. 4.

16.     The meet and confer phone call lasted approximately 30 minutes.

17.     At the meet and confer, counsel for the City reiterated their position that the Notice is palpably improper for a number of reasons set forth in their October 12, 2016 letter, attached hereto as Exhibit 4, and requested that NRP withdraw the Notice and start over and re-serve the City with a reasonable notice compliant with 30(b)(6) standards.

18.     Instead, counsel for Plaintiffs insisted that the counsel for both parties spend hours negotiating the Notice.

19.     We believe we acted in good faith by explaining in our letter of October 12, 2016 and at our meet and confer all of the ways in which NRP's 30(b)(6) Notice was defective and requesting its withdrawal.  We do not believe that the good faith requirement may be used by NRP to force us to spend hours (and to force our municipal clients to pay for such time) rewriting a facially defective Notice with them.

20.     Attached as Exhibit 12 is a true and accurate copy of the October 14, 2016 letter that I received from Steven Hamlin, Esq., regarding the meet and confer conversation telephone call that took place on October 13, 2016.

21.     Attached as Exhibit 13 is a true and accurate copy of the October 17, 2016 letter that Michael Brady, Esq., sent to Steven Hamlin, Esq., regarding the City's objections to the 30(b)(6) deposition notice and Mr. Hamlin's mischaracterization of the prior day's meet and confer.

22.     This Court held a status conference yesterday, October 20, 2016, before Honorable Leslie G. Foschio.  At this hearing, Plaintiffs' counsel, Nelson Perel represented to this court that NRP intends to take 8-9 more depositions, including Carla Kosmerl, Steven Casey, Robert Gilray, Dana Bobincheck,  City of Buffalo, Buffalo Urban Renewal Agency ("BURA") and 1-3 others as-yet-unidentified.

23.     I declare under the penalty of perjury, that the foregoing is true and correct.


DATED        October 21, 2016
             Washington, DC


                                        _/s/ Michael A. Battle_
                                        Michael A. Battle, Esq.

4

# Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NRP HOLDINGS LLC and NRP PROPERTIES LLC

Plaintiffs,

v.                                                    Civil No.: 11-CV-00472(WMS)

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
RICHARD A. STENHOUSE, BUFFALO
JEREMIAH PARTNERSHIP FOR COMMUNITY
DEVELOPMENT, INC., CITY OF BUFFALO URBAN RENEWAL AGENCY
JOHN DOE 1 – 10, and
JOHN DOE COMPANIES 1 – 5.

Defendants.

---

## NOTICE OF DEPOSITION
## UNDER RULE 30(b)(6) of Fed. R. Civ. P.

**PLEASE TAKE NOTICE**, that, NRP Holdings LLC and NRP Properties LLC ("NRP"), pursuant to Federal Rule of Civil Procedure 30(b)(6), through its undersigned counsel, will take the videotaped and transcribed deposition of the City of Buffalo as an organization on the topics detailed below. This deposition may be videotaped and plaintiff provides notice to defendant that the deposition may be used at the time of trial. Plaintiff shall identify the person or persons who will speak on its behalf on each topic below at least seven (7) days before the deposition. The taking of this deposition may be adjourned from day to day until completed and may occur over several days if more than one person is necessary to provide the information requested.

The deposition will be taken at Webster Szanyi LLP, 1400 Liberty Building, Buffalo, NY starting at 10:00 AM on **March 11, 2014.**

## DEFINITIONS

1.    The term "the Project" means the housing project that is the subject of this litigation, specifically plaintiffs' plans to develop, construct and manage fifty (50) units of single-family homes in the Masten Park and Cold Springs neighborhoods of the City of Buffalo and defendant's involvement in same.

2.    The term, "East Side Housing Opportunities, Phase I" means the project completed by Belmont Shelter Corporation, which consisted of 30 units of affordable housing built on 30 scattered lots located on Southampton, Northampton, Dodge, Masten and/or Michigan Streets on Buffalo's East Side.

3.    The term "Packard Project" means the housing project completed by Regan Development Corporation in 2009, which converted the building located at 1325 Main Street, Buffalo, New York into 40 unites of family housing.

4.    The term "St. John Baptist Church Project" means an affordable housing project (SHARS ID 20116091) proposed by Rev. Michael Chapman, St. John Baptist Church and/or the St. John Community Development Corp. and which received approval from the Buffalo City Common Council, on April 10, 2012, of the transfer of 50 city-owned parcels.

5.    The City of Buffalo as used herein encompasses  Bryon W. Brown, Steven M. Casey, Demone A. Smith, City of Buffalo Urban Renewal Agency, Buffalo Common Council, and any other City Agency, entity, or employee thereof as defined by Chapter 1, Article II § 1-13 of the City Code (including any officer, department, division, court, board or commission or the City.

6.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2

7.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data complications. A draft or non-identical copy is a separate document within the meaning of this term.

8.     When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subsection, only the person's name need be listed in response to subsequent discovery requesting the identification of that person.

9.     When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipients(s).

10.     The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, officials, partners, corporate parent, subsidiaries, agencies, departments, council members, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11.     The term "person" is defined as any natural person or nay business, legal or governmental entity, or association.

12.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13.     The terms "all" and "each" shall be construed as all and each.

3

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.     The use of the singular form of any word includes the plural and vice versa.

## MATTERS ON WHICH EXAMINATION
## IS REQUESTED

1.     The Project.
2.     East Side Housing Opportunities Phase I.
3.     Packard Project.
4.     St. John Baptist Church Project.
5.     St. Martin Village Project.
6.     Amherst Station Housing Project.
7.     City of Buffalo's Rule 26(a)(1) Disclosures.
8.     City of Buffalo's responses to NRP's interrogatories.
9.     City of Buffalo's responses to NRP's document demands.
10.    Defendants' search for and production of documents in discovery.
11.    Documents produced by the City of Buffalo in this litigation and in response to FOIL demands.[1]

12.    The facts and claims alleged or contained in Second Amended Complaint.

13.    City of Buffalo's Answer and Affirmative Defenses to the Second Amended Complaint.

14.    City of Buffalo's relationship with Jeremiah Partnership and its members.

---

[1] Plaintiffs intend to question defendants on the documents it produced. Certain documents are identified below for clarity. Such references are not intended to limit plaintiffs' rights to question defendants on all documents produced herein.

4

15.   City of Buffalo's relationship with Reverend Stenhouse, Bethel CDC and related entities.

16.   City of Buffalo "technical assistance" offered or provided to the Jeremiah Partnership, Reverend Stenhouse and/or affiliates thereof.

17.   City of Buffalo "technical assistance" offered or provided to any person or entity involved with affordable housing or community development since 2000 to the present.

18.   City of Buffalo's relationship with BURA concerning affordable housing projects and/or Federal funded projects.

19.   City of Buffalo's relationship with Belmont Shelter.

20.   City of Buffalo's relationship with the NYS DHCR.

21.   City of Buffalo's relationship with the US HUD.

22.   City of Buffalo's request for release of HOME funds since 2005.

23.   City of Buffalo's use of HOME funds since 2005.

24.   Investigations of the City of Buffalo by the United States Attorney's office, US HUD and/or any other Federal department or agency.

25.   Housing and development projects in the City of Buffalo since 2001, including but not limited to the projects listed in supplemental response to interrogatory 33.

26.   Transfer or sale of City lots since 2000.

27.   City of Buffalo's use of PILOT agreements since 2000.

28.   City of Buffalo housing programs, policies and procedures.

29.   City of Buffalo's Comprehensive Plan.

30.   City of Buffalo's Consolidated Plan.

31.   City of Buffalo's Neighborhood Revitalization Strategy Area Program.

32.   2009 City of Buffalo Stimulus Package Proposal.

33.   City of Buffalo's Poverty Reduction Blueprint.

5

34. Calendars, Schedules, diaries, visitor logs, and landline / cell phone records concerning the individual defendants since 2006.

35. The February 25, 2008 letter, referred to as the "Wanamaker Letter."

36. Communications between the City of Buffalo and Federal Government, New York State, Governor's office, departments and agencies concerning the Project. .

37. City of Buffalo's decision not to proceed with the Project.

38. Communications between Plaintiffs' representatives and City of Buffalo's representatives concerning the Project.

      39. Timothy Wanamaker.

      40. Carla Kosmerl.

      41. City of Buffalo employees and agencies involved with the Project.

      42. Defendants' retention and/or use of lobbyists since 2004.

43. Prior complaints, whether formal, informal, written, or verbal, and including but not limited to any notices of claim or litigation, made against defendant, during the time period 1997 to the present, concerning pay-to-play arrangements; pay-for-votes arrangements; favoritism; nepotism; cronyism; dishonesty; discrimination; improper request, solicitation, or pressure on City of Buffalo employees to make political donations; misuse of public funds; abuse of power; corruption; RICO violations; bribery; improper bidding practices; repression of political opponents; Hobbs Act violations; wire fraud; mail fraud; patronage; graft; embezzlement; improper fundraising or solicitation of political contributions; improper quid pro quo; influence peddling; improper interaction with lobbyists; electoral fraud; kickbacks; unholy alliances; improperly keeping items off the Common Council Agenda; failure to proceed with a project where prior representations had been (allegedly or actually) made that the City of Buffalo, BURA, or other defendants would proceed with a project; and/or similar complaints and documents, communications, and witnesses concerning same

44. The date that a litigation hold was put in place by defendant concerning this litigation and the steps taken to effect the litigation hold.

45. The persons who were alerted concerning the fact that a litigation hold was to be put in place and who were instructed to preserve data.

6

46.    The identity of all persons whose electronic data, including e-mails, has been preserved pursuant to the litigation hold and the date range of the preserved data.

47.    The format, location, structure and accessibility of all electronic back-up formats utilized by defendant including 1) daily back-up of e-mails; 2) archive system; and 3) remote disaster recovery system.

48.    The hosting and operation of the archive system including the manner in which the archive is updated, the frequency with which the archive is updated, any overwriting of the data in the archive and the length of time that data is kept in the archive.

49.    The hosting and operation of the remote disaster recovery system including the manner in which the system is updated, the frequency with which the system is updated, any over-writing of the data in the system and the length of time that data is kept in the system.

50.    The forms of data that are maintained in each of the back-up formats utilized by defendant.

51.    Whether a forensic profile of the computers of any employees, officers, directors, partners or other personnel of defendant was taken as part of the litigation hold.

52.    The systems recovery routines in place at defendant and the steps taken to recover electronic information concerning the subject property, the claims or any other part of the claims and defenses in this case.

53.    The identity of all defendant employees, officers, directors or other personnel relevant to this case who use laptops and/or non-network hard drives. Whether a hold was placed on laptops and non-network hard drives and for what periods of time.

54.    The use by defendant employees, officers, directors or other personnel relevant to this case of flash drives, thumb drives, remote access devices, USB devices, telephone with text messaging capabilities or blackberries. Whether a hold was placed on such devices and for what periods of time.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant City of Buffalo shall designate one or more persons who consent to testify on its behalf with

respect to the above matters based upon information known or reasonably available to City of Buffalo.

You are invited to attend and cross-examine the witness.

Dated:        January 6, 2014

WEBSTER SZANYI LLP
Attorneys Plaintiffs

By: _____
        Thomas S. Lane
        Nelson Perel
        1400 Liberty Building
        Buffalo, New York 14202
        (716) 842-2800

TO:   **CONNORS VILARDO**
        Terrence M. Connors, Esq.
          Attorneys for Defendant City of Buffalo, Mayor Byron Brown, Steven Casey
        1000 Liberty Building
        424 Main Street
        Buffalo, New York 14202

CC:   **HARRIS BEACH PLLC**
        Richard T. Sullivan, Esq.
        Terrance P. Flynn, Esq.
          Attorneys for Defendant Buffalo Urban Renewal Agency
        726 Exchange Street, Suite 1000
        Buffalo, New York 14210

        Timothy A. Ball, Esq.
          Attorneys for Defendant Demone Smith
        1102 City Hall
        65 Niagara Square
        Buffalo, New York 14202

8

## CERTIFICATE OF SERVICE

I, Thomas S. Lane, hereby certify that on January 6, 2014, I served the foregoing Notice Of Deposition Of City of Buffalo, Under Rule 30(B)(6)Fed. R. Civ. P, by facsimile, upon counsel listed below:

:       **CONNORS VILARDO**
Terrence M. Connors, Esq.
Randall D. White, Esq.
Attorneys for Defendant City of Buffalo, Mayor Byron Brown, Steven Casey
1000 Liberty Building
424 Main Street
Buffalo, New York 14202

**HARRIS BEACH PLLC**
Richard T. Sullivan, Esq.
Terrance P. Flynn, Esq.
Attorneys for Defendant Buffalo Urban Renewal Agency
726 Exchange Street, Suite 1000
Buffalo, New York 14210

Timothy A. Ball, Esq.
Attorneys for Defendant Demone Smith
1102 City Hall
65 Niagara Square
Buffalo, New York 14202

_____
Thomas S. Lane

9

# Exhibit 2

# CONNORS

*The Lawyers To See*

# VILARDO LLP

February 9, 2015

**Attorneys At Law**

Terrence M. Connors

Lawrence J. Vilardo

Randall D. White*

John T. Loss

Vincent E. Doyle III

Michael J. Roach

Lawlor F. Quinlan III

James W. Grable, Jr.

Joseph D. Morath, Jr.

Daniel P. Greene

Patrick D. McNally

Mollie C. McGorry

Matthew R. Benner

Paul A. Woodard

Nicholas A. Romano

*Also admitted in District
of Columbia

**Paralegals**

Susan B. Fischer, R.N.

Curtis J. Ahrens, Jr.

John P. Kromer

Nancy Pelham, R.N.

Sara E. Lyons

Phyllis M. Wells, R.N.

Laura M. Lonski

Karen L. Buchinger, R.N.

Christine A. Trojan, R.N.

*Via Electronic & U.S. Mail*
Thomas S. Lane, Esq.
Webster Szanyi, LLP
1400 Liberty Building
Buffalo, New York 14202

Re:  NRP Holdings, et al. v. City of Buffalo, et al.

Dear Mr. Lane:

The purpose of this letter is set forth the City of Buffalo's objections to the Rule 30(b)(6) Notice of Deposition in this matter.

## GENERAL OBJECTIONS

Defendant objects to the notice as seeking examination of matters that are neither relevant to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the notice to the extent the matters on which examination is requested are overly broad, overly vague or ambiguous, are not described with reasonable particularity, lack a readily discernible meaning and/or require the defendant to speculate as to the information sought.

Defendant objects to the notice on the grounds that the matters are unduly burdensome to the extent that they purport to require defendant to review, compile, analyze, compute, and/or summarize voluminous data or information.

Defendant objects to the matters to the extent that they seek or require testimony as to legal opinions or conclusions.

Defendant objects to the matters to the extent that responding to them would involve unreasonable expense.

Defendant objects to the notice to the extent that it seeks examination about materials prepared in anticipation of litigation, work product, attorney-

Thomas S. Lane, Esq.
February 9, 2015
P a g e  | 2

client communications or information, or matters otherwise protected from disclosure under applicable privileges, laws or rules.  Defendant hereby claims such privileges and protections to the extent implicated by the notice.  Any production of a witness to be examined on such protected documents or information is inadvertent and is not intended to waive those privileges or protections.

Defendant objects to the notice and the definitions to the extent they are not consistent with the Federal Rules of Civil Procedure or the Local Rules and/or attempt to impose requirements greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules.

SPECIFIC OBJECTIONS

Defendant objects to the definition of the City of Buffalo as overly broad and legally improper.

Defendant objects to the notice to the extent it sets forth numerous Matters that were the subject of interrogatories and/or document requests to which defendants previously objected (by way of example only and without limitation, Matters 7-9, 12-34, 36, 37, 41-43, 44-54).  Defendant hereby incorporates by reference its general and specific objections to all such document requests and interrogatories as if set forth fully herein in response to each such matter.[1]  In addition, and as reflected in the referenced objections, these matters do not describe the matter for examination with reasonable particularity.

Defendant objects to Matters 1-6 as overly broad, lacking in reasonable particularity and unduly burdensome.  Each of these Matters, as defined by the notice, includes an entire housing project.  The Matters are not limited as to any specific aspect(s) of the projects, each of which, as plaintiff knows, involves a number of City offices, departments, employees, activities and functions, and covers a period of months or years.

Defendant objects to Matters 10, 11, 12 and 13 to the extent they seek information that is subject to the attorney-client and work product privilege.

---

[1]   If necessary, we can go back and formally correlate each matter with the interrogatory/RFP and repeat the corresponding objections.  That, however, seems unnecessary and unproductive at this point.  Moreover, almost all of those objections and disputes were eventually resolved, and we are hopeful that the objections concerning these matters will also be resolved.

Thomas S. Lane, Esq.
February 9, 2015
P a g e | 3

Defendant objects to the use of the undefined term "relationship" in Matters 14, 15, 18-21 as overly vague and ambiguous, over broad and lacking reasonable particularity.

Defendant objects to the use of the phrase "and/or affiliates" in Matter 16 as overly vague and ambiguous, over broad and lacking reasonable particularity.

Defendant objects to the use of the undefined terms "Plaintiffs' representatives" and "City of Buffalo's representatives" in Matter 38 as overly vague and ambiguous, over broad and lacking reasonable particularity.

Defendant objects to the use of "Timothy Wanamaker" and "Carla Kosmerl" as Matters 39 and 40, respectively, as improper, overly vague and ambiguous, over broad and lacking reasonable particularity.

Defendant objects to Matter 42 as it is not limited to any specific topic or subject matter for which lobbyists were retained and/or used and is therefore overly vague and ambiguous, over broad and lacking reasonable particularity.

Defendant objects to the term "relevant" as used in Matters 53 and 54 as overly vague and ambiguous, over broad and lacking reasonable particularity.

Defendant objects to the unlimited time period of numerous Matters and to other specified time periods that are over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant's objections are not intended to waive or prejudice any objections that defendant may assert now or in the future, including without limitation objections as to competence, relevance, materiality, propriety, privilege and the admissibility of any testimony.

Defendant reserves the right to revise, amend, supplement, correct, clarify or add to those objections, and reserves the right to object on any ground at any time to a further notice,

Thomas S. Lane, Esq.
February 9, 2015
P a g e  | 4


    Defendant expressly reserves, and does not waive, its right to seek appropriate relief  pursuant to the Federal Rules of Civil Procedure including Rule 26(c) and Rule 30 with respect to the notice of deposition.

*    *    *    *    *    *    *

    Despite the above objections, we are hopeful that we will be able to resolve these issues without the necessity of Court intervention as we proceed to the deposition phase of this case.

Very truly yours,

Randall D. White


cc:    (*Via Electronic & Regular Mail*)
        Timothy A. Ball, Esq.
        Megan Steele, Esq.
        Richard Sullivan, Esq.

# Exhibit 3

# WEBSTER SZANYI LLP

## ATTORNEYS

Steven Hamlin
Associate

September 26, 2016

**By Email and US Mail**

Michael A. Brady, Esq.
Hagerty Brady
69 Delaware Avenue, Suite 1010
Buffalo, NY 14202

Michael A. Battle, Esq.
Barnes & Thornburg LLP
1717 Pennsylvania Avenue N.W.
Suite 500
Washington, DC 20006-4623

Re:   NRP Holdings, et al. v. City of Buffalo, et al.

Dear Counselors:

I have received Mr. Battle's September 21, 2016 letter. Please include Messrs. Lane and Perel on any correspondence concerning this matter.

Enclosed please find a Third Revised Notice of Deposition Under Rule 30(b)(6) directed to the City of Buffalo (the "City").[1] The City's deposition will be taken at our offices on **October 25, 2016 at 9:00 a.m.** As Mr. Lane indicated in his September 1, 2016 letter, we must conduct the City's deposition in October. You have declined to respond to Mr. Lane's September 1, 2016 letter. You have declined to provide your available dates as requested in my prior correspondence. You have not provided any explanation as to why you are not available on the proposed dates. As Magistrate Judge Foschio stated in his Decision and Order denying the City's motion to stay discovery, it is "reasonable to expect counsel will sufficiently staff its representation of City Defendants in this matter." Given the December 30, 2016 discovery deadline, meaningful progress must be made prior to the October 20, 2016 status conference with the Court.

You state that the City has unspecified objections to our previously served Revised 30(b)(6) Notice. You have declined to set forth your objections by September 21, 2016 as we required in my September 16, 2016 letter. It has now been over two weeks since the Court's September 8, 2016 Decision and Order denying the City's motion to stay discovery; nearly six weeks since you have appeared in this matter; and over two months since you were retained to represent the City. The City has waived any objections to the topics set forth in the June 15, 2016 Revised 30(b)(6) Notice due to failure to assert a timely objection. Nonetheless, we remain available to discuss the City's objections to the topics set forth the Revised 30(b)(6) Notice; however, any meet and confer must take place no later than **October 3, 2016.**

---

[1] Please note the topics are unchanged from the Revised 30(b)(6) Notice served on June 15, 2016.

September 26, 2016
Page 2

As I stated in my letter dated September 16, 2016, with the City's upcoming 30(b)(6) deposition in October, we must insist on good faith objections (not form objections) by today so that any objections can be resolved sufficiently in advance of the City's 30(b)(6) deposition.

Please contact me should you have any questions.

Sincerely,

**WEBSTER SZANYI LLP**

Steven Hamlin

SH:smb
Enclosure

cc:     (by e-mail)
        Timothy Ball, Esq.
        Richard T. Sullivan, Esq.
        Rodney O. Personius, Esq.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**NRP HOLDINGS LLC, and**
**NRP PROPERTIES LLC,**

          Plaintiffs,

   v.

**CITY OF BUFFALO, BYRON W. BROWN, STEVEN**     Civ. No 11-CV-472(WMS)
**M. CASEY, DEMONE A. SMITH, RICHARD A.**
**STENHOUSE, BUFFALO JEREMIAH PARTNERSHIP**
**FOR COMMUNITY DEVELOPMENT, INC., CITY OF**
**BUFFALO URBAN RENEWAL AGENCY, JOHN DOES 1-**
**10, and JOHN DOE COMPANIES 1-5,**

          Defendants.

## THIRD REVISED NOTICE OF DEPOSITION
## UNDER RULE 30(b)(6) of Fed. R. Civ. P.

      **PLEASE TAKE NOTICE**, that, NRP Holdings LLC and NRP Properties

LLC ("NRP"), pursuant to Federal Rule of Civil Procedure 30(b)(6), through its

undersigned counsel, will take the videotaped and transcribed deposition of the City of

Buffalo as an organization on the topics detailed below.  This deposition may be

videotaped and plaintiff provides notice to defendant that the deposition may be used at

the time of trial.  The City of Buffalo shall identify the person or persons who will speak

on its behalf on each topic below at least seven (7) days before the deposition.  The

taking of this deposition may be adjourned from day to day until completed and may

occur over several days if more than one person is necessary to provide the information

requested.

      The deposition will be taken at Webster Szanyi LLP, 1400 Liberty

Building, Buffalo, New York 14202 on **October 25, 2016 at 9:00 a.m.**

## DEFINITIONS

1.     The term "the Project" means the housing project that is the subject of this litigation, specifically plaintiffs' plans to develop, construct and manage fifty (50) units of single-family homes in the Masten Park and Cold Springs neighborhoods of the City of Buffalo and defendant's involvement in same.

2.     The term, "East Side Housing Opportunities, Phase I" means the project completed by Belmont Shelter Corporation, which consisted of 30 units of affordable housing built on 30 scattered lots located on Southampton, Northampton, Dodge, Masten and/or Michigan Streets on Buffalo's East Side.

3.     The term "Packard Project" means the housing project completed by Regan Development Corporation in 2009, which converted the building located at 1325 Main Street, Buffalo, New York into 40 unites of family housing.

4.     The term "St. John Baptist Church Project" means an affordable housing project (SHARS ID 20116091) proposed by Rev. Michael Chapman, St. John Baptist Church and/or the St. John Community Development Corp. and which received approval from the Buffalo City Common Council, on April 10, 2012, of the transfer of 50 city-owned parcels.

5.     The term "St. Martin Village project" means the 60 unit housing development project located on Dodge Street in the City of Buffalo.

6.     The City of Buffalo as used herein encompasses  Bryon W. Brown, Steven M. Casey, Demone A. Smith, City of Buffalo Urban Renewal Agency, Buffalo Common Council, and any other City Agency, entity, or employee thereof as defined by Chapter 1, Article II § 1-13 of the City Code (including any officer, department, division, court, board or commission or the City.

2

7.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data complications. A draft or non-identical copy is a separate document within the meaning of this term.

9.     When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subsection, only the person's name need be listed in response to subsequent discovery requesting the identification of that person.

10.     When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipients(s).

11.     The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, officials, partners, corporate parent, subsidiaries, agencies, departments, council members, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

12.     The term "person" is defined as any natural person or nay business, legal or governmental entity, or association.

13.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

14.     The terms "all" and "each" shall be construed as all and each.

3

15.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.     The use of the singular form of any word includes the plural and vice versa.

## MATTERS ON WHICH EXAMINATION
## IS REQUESTED

1.     The Project.

2.     East Side Housing Opportunities Phase I.

3.     Packard Project.

4.     St. John Baptist Church Project.

5.     St. Martin Village Project.

6.     Amherst Station Housing Project.

7.     City of Buffalo's Rule 26(a)(1) Disclosures.

8.     City of Buffalo's responses to NRP's interrogatories.

9.     City of Buffalo's responses to NRP's document demands.

10.    Defendants' search for and production of documents in discovery.

11.    Documents produced by the City of Buffalo in this litigation and in response to FOIL demands.[1]

12.    The facts and claims alleged or contained in Second Amended Complaint.

13.    City of Buffalo's Answer and Affirmative Defenses to the Second Amended Complaint.

14.    City of Buffalo's relationship with Jeremiah Partnership and its members.

---

[1] Plaintiffs intend to question defendants on the documents it produced. Certain documents are identified below for clarity. Such references are not intended to limit plaintiffs' rights to question defendants on all documents produced herein.

4

15.     City of Buffalo's relationship with Reverend Stenhouse, Bethel CDC and related entities.

16.     City of Buffalo "technical assistance" offered or provided to the Jeremiah Partnership, Reverend Stenhouse and/or affiliates thereof.

17.     Services provided by or on behalf of Jeremiah Partnership, Bethel CDC, Reverend Stenhouse and/or affiliates thereof in connection with East Side Housing Opportunities Phase I and / or the Packard Project.

18.     The selection of Jeremiah Partnership, Bethel CDC, Reverend Stenhouse and/or affiliates thereof in to provide services in connection with East Side Housing Opportunities Phase I and / or the Packard Project.

19.     Communications involving the City of Buffalo and / or BURA concerning the Jeremiah Partnership, Bethel CDC, Reverend Stenhouse and/or affiliates thereof in connection with East Side Housing Opportunities Phase I and / or the Packard Project.

20.     City of Buffalo "technical assistance" offered or provided to any person or entity involved with affordable housing or community development since 2000 to the present.

21.     City of Buffalo's relationship with BURA concerning affordable housing projects and/or Federal funded housing projects.

22.     City of Buffalo's relationship with Belmont Shelter concerning affordable housing projects and/or Federal funded housing projects, including, but not limited to, projects involving the Jeremiah Partnership, Bethel CDC, Reverend Stenhouse and/or affiliates thereof, from 2000 to present.

23.     City of Buffalo's relationship with the NYS DHCR concerning affordable housing projects and/or Federal funded housing projects from 2000 to present.

24.     City of Buffalo's relationship with the US HUD concerning affordable housing projects and/or Federal funded housing projects from 2000 to present.

25.     City of Buffalo's request for release of HOME funds since 2005.

26.     City of Buffalo's use of HOME funds since 2005.

5

27.    Investigations of the City of Buffalo by the United States Attorney's office, US HUD and/or any other Federal department or agency.

28.    Housing and development projects in the City of Buffalo since 2001, including but not limited to the projects listed in supplemental response to interrogatory 33.

29.    Transfer or sale of City lots since 2000.

30.    City of Buffalo's use of PILOT agreements since 2000.

31.    City of Buffalo housing programs, policies and procedures.

32.    City of Buffalo's Comprehensive Plan.

33.    City of Buffalo's Consolidated Plan.

34.    City of Buffalo's Neighborhood Revitalization Strategy Area Program.

35.    2009 City of Buffalo Stimulus Package Proposal.

36.    City of Buffalo's Poverty Reduction Blueprint.

37.    Calendars, Schedules, diaries, visitor logs, and landline / cell phone records concerning the individual defendants since 2006.

38.    The February 25, 2008 letter, referred to as the "Wanamaker Letter."

39.    Communications between the City of Buffalo or BURA and Federal Government, New York State, Governor's office, or other State or local departments and agencies concerning the Project.

40.    Communications between the City of Buffalo or BURA and the Buffalo Fiscal Stability Authority concerning the Project.

41.    Communications between the City of Buffalo or BURA and the City of Buffalo Common Council concerning the Project.

42.    City of Buffalo's or BURA's decision not to proceed with the Project.

43.    Communications between Plaintiffs' representatives and City of Buffalo's representatives concerning the Project.

44.    Legislation and / or signature documents concerning the Project drafted for submission to the City of Buffalo Common Council.

6

45.     Any affordable housing projects since 2000 which were introduced for passage by the City of Buffalo Common Council but which did not receive approval from the City of Buffalo Common Council, and the reasons why approval was withheld.

46.     Any land transfers concerning affordable housing projects since 2000 which were introduced for passage by the City of Buffalo Common Council but which did not receive approval from the City of Buffalo Common Council, and the reasons why approval was withheld.

47.     Any PILOT agreements concerning affordable housing projects since 2000 which were introduced for passage by the City of Buffalo Common Council but which did not receive approval from the City of Buffalo Common Council, and the reasons why approval was withheld.

48.     The "term sheet" referenced in COB032003.

49.     Timothy Wanamaker's involvement, duties, and responsibilities, including, but not limited to, communications with Byron W. Brown and any employees or representatives of the City of Buffalo or BURA, concerning affordable housing projects and/or Federal funded housing projects from 2000 to present.

50.     Carla Kosmerl's involvement, duties, and responsibilities, including, but not limited to, communications with Byron W. Brown and any employees or representatives of the City of Buffalo or BURA, concerning affordable housing projects and/or Federal funded housing projects from 2000 to present.

51.     The identity of City of Buffalo employees and agencies involved with the Project and the nature of their involvement and responsibilities concerning the Project.

52.     Defendants' retention and/or use of lobbyists since 2004.

53.     Prior complaints, whether formal, informal, written, or verbal, and including but not limited to any notices of claim or litigation, made against defendant, during the time period 1997 to the present, concerning pay-to-play arrangements; pay-for-votes arrangements; favoritism; nepotism; cronyism; dishonesty; discrimination; improper request, solicitation, or pressure on City of Buffalo employees to make political donations; misuse of public funds; abuse of power; corruption; RICO violations; bribery; improper bidding practices; repression of political opponents; Hobbs Act violations; wire fraud; mail fraud; patronage; graft; embezzlement; improper fundraising or solicitation of political contributions; improper quid pro quo; influence peddling; improper interaction with lobbyists; electoral fraud; kickbacks; unholy alliances; improperly keeping items off the Common Council Agenda; failure to proceed with a

7

project where prior representations had been (allegedly or actually) made that the City of Buffalo, BURA, or other defendants would proceed with a project; and/or similar complaints and documents, communications, and witnesses concerning same

54.   The date that a litigation hold was put in place by defendant concerning this litigation and the steps taken to effect the litigation hold.

55.   The persons who were alerted concerning the fact that a litigation hold was to be put in place and who were instructed to preserve data.

56.   The City of Buffalo's search for and review of electronically stored information responsive to plaintiffs' discovery demands.

57.   Concerns expressed by staff members from the defendants concerning the Project, including the identity of such staff members, statements by each staff member, to whom such concerns were expressed, the method such concerns were expressed, and the date such concerns were expressed.

58.   Concerns expressed by Byron W. Brown concerning the Project to any City of Buffalo employee or representative, including the identity of such employees or representatives, what was conveyed to each person, the method such concerns were conveyed, and the date such concerns were conveyed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant City of Buffalo shall designate one or more persons who consent to testify on its behalf with respect to the above matters based upon information known or reasonably available to City of Buffalo.

You are invited to attend and cross-examine the witness.


Dated:       September 26, 2016

WEBSTER SZANYI LLP
Attorneys Plaintiffs


By: _____
        Thomas S. Lane
        Nelson Perel
        Steven R. Hamlin
        1400 Liberty Building
        Buffalo, New York 14202
        (716) 842-2800

8

TO:   **HAGERTY BRADY**
Michael A. Brady, Esq.
Daniel J. Brady, Esq.
 Attorneys for Defendants City of Buffalo and Mayor Byron Brown
69 Delaware Avenue, Suite 1010
Buffalo, NY  14202

**BARNES & THORNBURG LLP**
Michael A. Battle, Esq.
 Attorneys for Defendants City of Buffalo and Mayor Byron Brown
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, DC  20006-4623

CC:   **HARRIS BEACH PLLC**
Richard T. Sullivan, Esq.
Terrance P. Flynn, Esq.
 Attorneys for Defendant Buffalo Urban Renewal Agency
726 Exchange Street, Suite 1000
Buffalo, New York 14210

**PERSONIUS MELBER LLP**
 Attorneys for Defendant Steven M. Casey
Rodney O. Personius, Esq.
2100 Main Place Tower
Buffalo, NY 14202

Timothy A. Ball, Esq.
 Attorneys for Defendant Demone Smith
1102 City Hall
65 Niagara Square
Buffalo, New York 14202