UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NRP HOLDINGS LLC and NRP PROPERTIES LLC,

      Plaintiffs,

  v.              Civil No.: 11-CV-00472(WMS)

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
RICHARD A. STENHOUSE, BUFFALO
JEREMIAH PARTNERSHIP FOR COMMUNITY
DEVELOPMENT, INC., CITY OF BUFFALO URBAN
RENEWAL AGENCY, JOHN DOE 1 – 10, and
JOHN DOE COMPANIES 1 – 5,

      Defendants.

**MEMORANDUM OF LAW**

Harris Beach PLLC
*Attorneys for Defendant*
*City of Buffalo Urban Renewal Agency*
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050

I.  **INTRODUCTION**

This Memorandum is submitted on behalf of the City of Buffalo Urban Renewal Agency ("BURA") in support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion addresses Count II in the Second Amended Complaint, the promissory estoppel claim. It is based upon the determination of this Court in a December 17, 2015 Decision and Order (Docket No. 132) that the only "promise" allegedly made by BURA was ambiguous and unenforceable.

BURA also joins in the October 14, 2016 motion for summary judgment by the City of Buffalo, Byron W. Brown and Demone Smith ("City Defendants") and incorporates by reference herein their legal arguments relating to the promissory estoppel claim.

II.  **PROCEDURAL HISTORY**

This action was commenced in June 2011. BURA was added as a Defendant upon the Plaintiffs' ("NRP") cross-motion in reply to a motion by the City Defendants to dismiss the Amended Complaint.

In a July 2012 Decision and Order (Docket No. 43), the Court granted the City Defendants' motion to dismiss Counts I, III, and V of the Amended Complaint. However, the Court did not dismiss the promissory estoppel claim in Count II.

Before answering the Second Amended Complaint, BURA moved to dismiss the claims alleged against it, including the claim for promissory estoppel (Docket No. 58). In a September 13, 2013 Decision and Order (Docket No. 68) the Court granted BURA's motion to dismiss Counts I, III and V, but denied the motion to dismiss Count II, of the Second Amended Complaint.

BURA then answered the Second Amended Complaint (Docket No. 73). Among other things, it asserted an Affirmative Defense that the Wanamaker Letter does not create a contractual relationship, by estoppel or otherwise, between the Plaintiffs and BURA.

On August 13, 2015, BURA moved to dismiss the promissory estoppel claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a motion addressed to the allegations in the Second Amended Complaint. The Court addressed the promissory estoppel claim in its December 17, 2015 Decision and Order in response to the Rule 12(c) motion (Docket No. 132). It noted that the "specific promises"[1] alleged in the Second Amended Complaint are that Defendants would:

1. Extend the project its usual Low Income PILOT agreement;

2. Provide $1,600,000 of its HOME funds to assist in the construction; and

3. Provide fifty-one (51) buildable lots at a price no greater than $2,000 per buildable lot, and not to exceed a total price of $100,000.

The Court determined that the Wanamaker Letter contained two "contingencies". The contingency relating to BURA was that it is "required to meet all applicable Federal, State and local rules and regulations before issuance of HOME funds to eligible recipients". The Court found that, "[E]ven considered solely within the four corners of the letter, the release of HOME funds is not only contingent, but the terms of that contingency are ambiguous." The Court also determined that the two remaining "promises" – "to extend a low income PILOT agreement and to sell 51 buildable vacant lots"- are unambiguous. It concluded the Decision and Order by

---

[1] According to the Second Amended Complaint, the promises are contained in the February 25, 2008 letter from Timothy E. Wanamaker, the Executive Director of the City of Buffalo's Office of Strategic Planning (the "Wannamaker Letter")

dismissing the promissory estoppel claim "to the extent it is based on the alleged promise to provide $1,600,000 of its HOME funds toward the Project."

An affidavit of Scott Billman, Esq., BURA's General Counsel, was submitted in support of the City Defendant's motion for summary judgment ("Billman Affidavit"). Mr. Billman explained the role of BURA in the project development process and stated unequivocally that, "To be clear BURA would **not** have been a party to either the City-to-Developer real property transfer or to the proposed PILOT Agreement." In other words, the two promises in the Wanamaker Letter the Court found to be unambiguous do not involve BURA. The only promise that did involve BURA was found to be unenforceable.

### III. NRP'S PROMISSORY ESTOPPEL CLAIM SHOULD BE DISMISSED AS AGAINST DEFENDANT BURA

To state a claim for promissory estoppel, NRP would have to demonstrate "(1) a promise that is sufficiently clear and unambiguous; (2) reasonable reliance on the promise by [NRP]; and (3) injury caused by the reliance." (Docket No. 132, citing *Matlin Patterson ATA Holdings LLC v. Fed. Express Corp.*, 87 A.D.3d 836, 841-42; *Henneberry v. Sumitomo Corp of Am., No. 04 Civ. 2128 (PKL),* 2005 WL 991772 at *5-6).

NRP cannot proceed with a promissory estoppel claim against BURA as a matter of law. This Court has determined that BURA did not make a "promise that is sufficiently clear and unambiguous." The December 17, 2015 Decision and Order dismissed the promissory estoppel claim "to the extent it is based on the alleged promise to provide $1,600,000 of its HOME funds toward the Project." That is the only "promise" made by BURA. BURA had no involvement in the remaining two "promises" – "to extend a low income PILOT agreement and to sell 51 buildable vacant lots." The PILOT Agreement was to be between the City, the County of Erie and NRP. The real property transfers involved City-owned properties.

There is no "sufficiently clear and unambiguous" promise to sustain a claim for promissory estoppel against BURA as this Court so determined. Count II in the Second Amended Complaint should be dismissed against it as a matter of law.

## IV. CONCLUSION

This Court has found that the only promise allegedly made by BURA that is the foundation of the promissory estoppel claim is unenforceable. Count II in the Second Amended Complaint should be dismissed against BURA as a matter of law

Dated: October 28, 2016

        Respectfully Submitted,
        Harris Beach PLLC

        By: /s/Richard T. Sullivan
        Richard T. Sullivan
        *Attorneys for Defendant*
        *City of Buffalo Urban Renewal Agency*
        726 Exchange Street, Suite 1000
        Buffalo, New York 14210
        (716) 200-5050

263409 2946329v2