UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NRP HOLDINGS LLC and NRP
PROPERTIES, LLC.
                        Plaintiffs,

v.

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
RICHARD A. STENHOUSE, BUFFALO
JEREMIAH PARTNERSHIP  FOR
COMMUNITY DEVELOPMENT, INC.,
CITY OF BUFFALO URBAN RENEWAL
AGENCY, JOHN DOE 1-10, and
JOHN DOE COMPANIES 1 - 5.

                        Defendants.

**CITY DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO STRIKE**

Docket No. 11-CV-472-WMS

## Introduction

On October 14, 2016, Defendants City of Buffalo, Mayor Byron W. Brown, and Demone A. Smith (the "City Defendants") filed a motion for summary judgment seeking dismissal of the Second Amended Complaint and Plaintiffs' last two remaining claims with prejudice.  *See* Dkt. # 152 (the "MSJ").  The MSJ is the **first** Rule 56 summary judgment motion made in this case.  It seeks summary judgment on the RICO claim based on Mayor Brown's and former Council Member Smith's affirmative defenses of legislative immunity and qualified immunity, and it seeks dismissal of the promissory estoppel claim based on settled New York law that precludes quasi-contract claims against a municipality where required legislative approval is missing.  As Plaintiffs ("NRP") acknowledge, the MSJ is "based on purely legal arguments."

Rather than responding to the City Defendants' Rule 56 motion, NRP filed a "motion to strike" the City Defendants' MSJ.  NRP's "motion" to strike is supported solely by a declaration of NRP's attorney (Dkt. # 154-1, the "Lane Declaration").   NRP does not provide a

memorandum of law to support the motion, nor does the Lane Declaration cite any supporting law.

Instead, the Lane Declaration spends four paragraphs stating that various defendants previously filed motions to dismiss[1]; five paragraphs characterizing the testimony of numerous witnesses (some named, some only identified as "other witnesses"), without attaching a single page of a deposition transcript; thirteen paragraphs complaining about discovery disputes— including falsely claiming that the City Defendants served discovery responses late—and complaining that the City Defendants did not share their intentions to file the MSJ with opposing counsel; and one final paragraph requesting the Court deny the MSJ without prejudice and revisit discovery without any basis in law whatsoever.   NRP makes no attempt to address what discovery could possibly be needed to respond to the City Defendants' MSJ, but instead simply argues that the motion should await the end of discovery.   NRP simultaneously admits *twice* that the arguments raised in the City Defendants' MSJ are "purely legal." Lane Decl., at ¶¶ 5, 22.

In sum, NRP's motion to strike has no basis in law, is replete with irrelevant argument, and concedes that the City Defendants' MSJ is based on purely legal arguments.   NRP's motion to strike should be denied.

## I.     There Is No Authority for a Motion to Strike a Summary Judgment Motion

Motions to strike, in general, are viewed with disfavor, as a potentially dilatory tactic. *See* 5C Wright & Miller, Federal Practice and Procedure § 1380,  (3d Ed., 2016).

---

[1] Of course, Defendants' prior motions to dismiss and motion for judgment on the pleadings were made under Fed. R. Civ. P.  12, not 56.  What's more, despite NRP's misrepresentations suggesting that they were meritless, these motions were largely successful, reducing NRP's causes of action from five to two, then further limiting its promissory estoppel claim to two alleged "promises" relating to the transfer of City owned lots and the PILOT agreement.  *See* Dkt.# 152-1, at 1-2.

Motions to strike a summary judgment motion, however, are plainly improper. The few federal courts that have considered the issue have overwhelmingly held that there is no provision in the Federal Rules of Civil Procedure under which a party may move to strike a motion for summary judgment. *See Fin. Fed. Credit, Inc. v. Crane Consultants, LLC*, 21 F. Supp. 3d 264, 269 (W.D.N.Y. 2014) ("there is authority that a motion to strike a motion for summary judgment is procedurally improper"); *Petaway v. City of New Haven Police Dep't.*, 541 F. Supp. 2d 504, 507 (D. Connecticut 2008) ("[the plaintiff] seeks to strike the defendants' motion for summary judgment….Because the defendants' motion for summary judgment is not a pleading, [the plaintiff's]  motion to strike/dismiss is denied as moot.").[2]

The case of *Cobb v. Monarch Fin. Corp.*, 913 F. Supp. 1164, 1181 (N.D. Ill. 1995), is particularly instructive.   There, just as NRP does here, "[i]nstead of responding to the [defendant's] summary judgment motion, the plaintiff moved to 'strike' the motion . . . . In the alternative, [the plaintiff] moved to delay briefing on the summary judgment motion in order to conduct additional discovery."   The court held that there was no authority to strike a summary judgment motion:

---

[2] Fed. R. Civ. P. 12(f) provides for a motion to strike a "pleading," but a motion for summary judgment is not a pleading. Courts have found that Rule 12 does not apply to Rule 56 motions for summary judgment. *See Adams v. Sultmiller*, Case No. CIV-10-920-F, 2013 WL 1187675, at *7 (W.D. Okla. Feb. 19, 2013), report and recommendation adopted, No. CIV-10-920-F, 2013 WL 1187665 (W.D. Okla. Mar. 21, 2013) (analyzing Rule 12(f) and finding "no authority for a motion to strike a motion for summary judgment."); Order on Motion at 2, *Johnson v. Colvin*, No. 13-6544 (E.D. La. May 22, 2014), ECF No. 17 ("A motion to strike is generally disfavored as an extreme remedy…and can be directed only at 'pleadings', of which motions for summary judgment and the memoranda supporting them are not"); *Adams v. Valega's Prof. Home Cleaning, Inc.*, No. 1:12CV0644, 2012 WL 5386028, at *2 (N.D. Ohio Nov. 2, 2012) ("A 'motion to strike' applies only to pleadings. Fed. R. Civ. P. 12(f). A motion to strike is technically not available to motions for summary judgment."). Moreover, NRP has not moved under Rule 12(f).

> We deny the plaintiff's motion to "strike" [the defendant's] summary judgment motion. Although Federal Rule of Civil Procedure 12(f) authorizes the [Court to] strike pleadings . . . there exists no express authority for "striking" a summary judgment motion . . . Moreover, Rule 56(a) expressly permits the filing of a summary judgment motion "at any time after the expiration of 20 days from the commencement of the action." Therefore, we decline to "strike" [the defendant's] motion for summary judgment… We also deny the plaintiff's self-styled motion for a continuance to obtain additional discovery. Rule 56(f) provides the means by which a nonmovant may seek a continuance of a summary judgment motion in order to obtain additional discovery or affidavits. However, the plaintiff does not move under Rule 56(f), and indeed fails to attach the required affidavit explaining why she needs additional discovery to respond to the summary judgment motion. . . . Accordingly, we deny the plaintiff's motion to delay briefing on the summary judgment motion.

*Id.*, at 1181.  Like the plaintiff in *Cobb*, NRP has made no attempt to show what new discovery could possibly be needed to respond to the MSJ.  That's because NRP cannot make such a showing. As NRP repeatedly acknowledges, the motion is based on "purely legal arguments." This Court should deny NRP's motion for the same reasons the court in *Cobb* did.  NRP's motion is not a proper response to the City Defendants' MSJ.  It has no legal basis and on this ground alone, the motion should be denied.

## II.   Denying the MSJ Without Prejudice Or Holding Briefing in Abeyance Would Be Contrary to Supreme Court and Second Circuit Precedent and Defeat the Purpose of the Immunity Defenses

The MSJ is based on absolute legislative immunity and qualified immunity.  Holding the MSJ in abeyance pending the completion of discovery would fly in the face of decades of Supreme Court and Second Circuit precedent. In the words of the Second Circuit, "[t]he Supreme Court has 'repeatedly stressed the importance of resolving immunity questions at the earliest possible stage [of the] litigation.'" *Drimal v. Tai*, 786 F. 3d 219, 225 (2d Cir. 2015) (quoting *Wood v. Moss*, ___ U.S. ___, 134 S. Ct. 2056, 2065 n. 4,(2014)).  The Supreme Court

has repeatedly held that until the question of immunity is resolved, discovery should **not** be allowed. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). *See also Anderson v. Creighton*, 483 U.S. 635, 651, (1987) ("Consistently with this overriding concern to avoid 'the litigation of the subjective good faith of government officials,' … *Harlow* does not allow discovery until the issue whether the official's alleged conduct violated a clearly established constitutional right has been determined on a <u>motion for summary judgment</u>.") (emphasis added); *Pearson v. Callahan,* 555 U.S. 223, 232(2009) ("we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation") (citing *Hunter v. Bryant*, 502 U.S. 224, 227(1991) (per curiam) ("Until this threshold immunity question is resolved, discovery should not be allowed.")); *Kennedy v. City of Cleveland*, 797 F. 2d 297, 299 (6th Cir. 1986) ("the defendant is to be also protected from the burdens of discovery until the resolution of [the immunity] issue . . . the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526(1985) and *Harlow*, 457 U.S. at 818; *DiMartini v. Ferrin*, 889 F. 2d 922, 926 (9th Cir. 1989), *amended on other matters by* 906 F.2d 465 (9th Cir. 1990) ("The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed.").

Unlike other affirmative defenses, "Qualified immunity is 'an immunity from suit rather than a mere defense to liability'." *Pearson v. Callahan*, 555 U.S. at 237 (internal quotation marks and citations omitted).  If a case is permitted to continue through completion of discovery and then to trial where an immunity defense exists, the defense "is effectively lost." *Id.* (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Though NRP complains about the timing of the MSJ, legislative and qualified immunity can be raised at any time. *English v. Dyke*, 23 F. 3d 1086, 1089 (6th Cir. 1994).  Rule 56

expressly provides that a summary judgment motion may be made at any time until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). While immunity defenses can be raised at the motion to dismiss stage, the Supreme Court has stated that summary judgment is the preferred vehicle to resolve questions of immunity. *See, e.g.*, *Anderson*, 483 U.S. at 651.[3] NRP has no basis to argue that now is not the proper time to address immunity arguments or that the MSJ can, or should, be delayed.

### III.   NRP's Motion Lacks Any Supporting Law

NRP purports to bring its motion to strike under Rules 56, 16, and 11(b)(1). Local Rule 7(a)(2) requires a motion brought under Rule 56 to be supported by a Memorandum of Law.

It is not surprising that NRP does not provide a Memorandum of Law in support of its motion to strike, because, as noted above, there is no law that supports NRP's assertion that "summary judgment motions should wait until the close of fact discovery." Lane Decl., at 9. Instead, Fed. R. Civ. P. 56 plainly provides that a summary judgment motion may be made *at any time until 30 days after close of discovery*. What's more, as set forth above, the Supreme Court and Second Circuit have *repeatedly held* that summary judgment motions based on immunity defenses should be resolved as early as possible.

---

[3] Although it should have no bearing on the outcome of this motion or the applicability of the immunity defenses, it is worth noting that NRP originally pled its RICO claims generally, without explaining what exactly it claimed the City Defendants did that gave rise to the RICO and promissory estoppel claims. In its pleadings, NRP alleges the Individual Defendants' "killed" the Project. See Second Amended Complaint, Dkt. #44, ¶¶ 1, 68, 104, 109, 156-157. Indeed, nowhere in the Second Amended Complaint or its exhibits, do Plaintiffs clearly allege that the Individual Defendants "wrongfully refused to submit [the PILOT agreement and transfer of 51 City-owned lots] to the Common Council because Reverend Stenhouse never called with his approval…" as they finally articulated at the end of 2015. Dkt # 120-17, at 19. This allegation, first made years into the case, plainly implicates the legislative activity of the Individual Defendants.

Indeed, the Second Circuit has held that the exact alternative relief requested by NRP—denying the City Defendants' motion without prejudice pending the close of discovery—is an immediately appealable collateral order.  *See Locurto v. Safir*, 264 F. 3d 154, 164 (2d Cir. 2001) ("[S]uch appeals should be permitted because denials of immunity are conclusive with regard to a defendant's right to avoid pre-trial discovery").

### IV.   The Lane Declaration Lacks Any Probative Value and Mischaracterizes the Conduct of the City Defendants' Counsel

The Lane Declaration is comprised mostly of inadmissible attorney opinion and generalized grievances regarding this lawsuit. It spends five paragraphs characterizing and editorializing about the content and veracity of the deposition testimony of Brian Reilly, Timothy Wanamaker, former Council Member Smith, Mayor Brown, and unnamed "other witnesses," without attaching a single excerpt of any one of those deposition transcripts.  Unsupported commentary by an attorney regarding witnesses' testimony is inadmissible and the Court should not consider it.  Likewise, Mr. Lane claims to be in possession of statements of defendant Steven Casey, but does not indicate what those statements are, much less provide them to the Court in admissible form.  This too the Court should disregard.  Finally, Mr. Lane gratuitously submits unsubstantiated conjecture that "upon information and belief," there exists a "potential" criminal investigation concerning NRP's allegations.[4]  This passing speculation is neither proper evidence nor proper argument, and it should be ignored by this Court.

The Lane Declaration then spends thirteen paragraphs complaining about various actions of defense counsel, mostly related to discovery.  First, these have nothing to do with the arguments in the City Defendants' "purely legal" MSJ.  Second, if NRP has some genuine issue

---

[4] Mr. Lane states no basis for claiming knowledge of a "criminal investigation" into events that are now more than seven years old.  It would appear this carefully couched conjecture was submitted solely to garner sensationalized media coverage.

related to discovery, it should raise it with Magistrate Judge Foschio, not before this Court. Third, even if such complaints had merit (and they do not), that would not be a basis to strike or delay a "purely legal" MSJ.   Finally, the Lane Declaration makes several outright-false statements regarding discovery in this matter.

For example, the Lane Declaration claims that the City Defendants' responses to NRP's Fourth Requests' for Production to the City and Mr. Smith were late when served on October 7, 2016.  On the contrary, Plaintiffs agreed to October 7, 2016 as the due date for those responses. *See* Battle Dec., Ex. A.  Then, the Lane Declaration makes the claim that the City was late in serving its objections to NRP's 30(b)(6) Notice on October 12, 2016.  Mr. Lane does not bother to attach the 30(b)(6) Notice at issue: "Plaintiffs' Third Revised Rule 30(b)(6) Notice."  Perhaps that is because the Notice is dated September 26, 2016, not "June, 2016," as Mr. Lane claims in his declaration.  *See* Battle Dec., Ex. B.  In any event, the City has moved to stay that Notice before Judge Foschio.  See Dkt. # 160-161.  NRP's disingenuous and irrelevant complaints about discovery matters have nothing to do with the MSJ.

Finally, the Lane Declaration complains that counsel for the City Defendants did not inform NRP that they "intended to file a motion for summary judgment."  Lane Decl., at ¶ 20. Mr. Lane cites no rule or case law or even a general standard of practice which would suggest the City Defendants were under some obligation to share their strategy for the disposition of this lawsuit with the plaintiffs.  Of course, no such obligation exists.

**V.      NRP Faces No Prejudice From Addressing the MSJ Now While Defendants Face Substantial Prejudice if the Motion to Strike Were Granted**

The only purported "prejudice" to deciding the MSJ now that NRP can conjure up is as follows:  because the discovery deadline is currently set for December 31, 2016, deciding the MSJ now would interfere with future discovery if the MSJ were denied. Lane Decl., at ¶ 5 (the

basis for NRP's motion to strike is that "Judge Foschio . . . shows that he intends to take steps necessary to adhere to the [discovery] deadline").   However, this concern can be easily addressed by applying a stay to discovery, as currently requested by the City Defendants in a motion for stay before Magistrate Judge Foschio and supported by the case law underlying the bases of the MSJ, *see* Dkt. #160-161, without prejudice to continued discovery after the resolution of the MSJ, if necessary.   NRP thus faces no real prejudice from having to confront the "purely legal" MSJ now.

Unlike NRP, the City Defendants do face substantial prejudice if this Court holds the motion in abeyance pending completion of discovery.   There is simply no way to un-ring the bell of discovery, no way to undo the substantial *taxpayer* expense and no way to undo the countless attorney hours spent preparing for and taking depositions[5] that, in the end, may prove completely unnecessary.

Simply put, the City Defendants face substantial prejudice and cost if the Court holds the motion in abeyance pending completion of discovery.   NRP, on the other hand faces no prejudice from the Court deciding the MSJ now, as NRP admits that the motion is based on purely legal arguments.

## Conclusion

Facing a motion for summary judgment, based on "purely legal arguments" and seeking dismissal of NRP's two remaining claims, NRP elected to file a frivolous "motion to strike" the City Defendants' motion.   NRP's motion has no basis in the Federal Rules of Civil Procedure or case law, and it makes irrelevant statements regarding discovery in this matter.   It should be

---

[5] NRP intends to take 7-9 more depositions. (Lane Decl., ¶ 28)

denied in its entirety, and the City Defendants should be awarded attorney's fees for time spent

responding to it.  NRP should be directed to respond to the MSJ without any further delay.


DATED:        October 31, 2016
              Washington, DC

                                        Respectfully Submitted,


                                          */s/ Michael A. Battle*
                                        Michael A. Battle
                                        Devin J. Stone (*Pro Hac Vice*)
                                        BARNES & THORNBURG LLP
                                        1717 Pennsylvania Ave. Suite 500
                                        Washington, DC 20006
                                        Phone: (202) 289-1313
                                        Fax: (202) 289-1330
                                        Michael.battle@btlaw.com
                                        Devin.Stone@btlaw.com

                                        Michael A. Brady
                                        Daniel J. Brady
                                        HAGERTY & BRADY
                                        69 Delaware Ave. Suite 1010
                                        Buffalo N.Y. 14202
                                        (716) 856-9443 office
                                        (716) 856-0511 fax
                                        mbrady@hagerty-brady.com
                                        dbrady@hagerty-brady.com

                                        *Attorneys for the City of Buffalo, Mayor
                                        Byron W. Brown, and Demone A. Smith*