# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

NRP HOLDINGS LLC and NRP PROPERTIES, LLC.

Plaintiffs,

vs.

CITY OF BUFFALO, BYRON W. BROWN, STEVEN M. CASEY,
DEMONE A. SMITH, RICHARD A. STENHOUSE, BUFFALO
JEREMIAH PARTNERSHIP FOR COMMUNITY DEVELOPMENT, INC.,
CITY OF BUFFALO URBAN RENEWAL AGENCY, JOHN DOE 1-10, and
JOHN DOE COMPANIES 1 - 5.

Defendants.

———————————————————————————————

## REPLY IN SUPPORT OF MOTION FOR STAY OF DISCOVERY
## AND PROTECTIVE ORDER

Docket No. 11-CV-472-WMS

BARNES & THORNBURG LLP
1717 Pennsylvania Ave. Suite 500
Washington, DC 20006
Phone: (202) 289-1313
Fax: (202) 289-1330

HAGERTY & BRADY
69 Delaware Ave. Suite 1010
Buffalo N.Y. 14202
(716) 856-9443 office
(716) 856-0511 fax

*Attorneys for the City of Buffalo, Mayor
Byron W. Brown, and Demone A. Smith*

## I.      INTRODUCTION

On October 14, 2016, the City Defendants filed a motion for summary judgment, seeking dismissal of the Second Amended Complaint in its entirety.  The motion is based on the affirmative defenses of absolute and qualified immunity and on settled New York law barring promissory estoppel claims against a municipality where required legislative approval is missing. After alerting this Court by letter that they would seek a stay, the City Defendants filed a motion for a stay on October 21, 2016.  That motion was based on numerous Supreme Court decisions which repeatedly state that discovery should be stayed pending resolution of a motion based on an immunity defense, as well as the settled rule that when a summary judgment motion appears to have substantial grounds in law, courts will typically grant a stay of discovery pending its determination. The City Defendants also specifically sought a protective order striking a 30(b)(6) deposition notice served in September 2016 by NRP.

NRP's response to the City Defendants' Motion to Stay Discovery relies on a series of false premises, both factual and legal, and a relentless stream of ad hominem attacks.  Plaintiffs argue that defendants' motion is an attempt to "derail remaining discovery," that a motion for summary judgment should be brought "in the usual course" after all discovery is over, that the City Defendants had some obligation to notify the Court and NRP counsel that they were intending to bring a motion for summary judgment, and that the City Defendants' Rule 56 motion "lacks merit."

None of these claims has substance. Rule 56 allows a summary judgment motion to be brought "at any time until 30 days after close of all discovery" unless a local rule or court order directs otherwise. The WDNY Local Rules set no time limitation on summary judgment motions and the discovery order in this case did not set any date, including any initial date or any outside

1

date, for a summary judgment motion.  The City Defendants' motion is unequivocally timely under Rule 56.

Moreover, the Supreme Court has not viewed immunity motions as "attempts to derail discovery," but instead has held repeatedly that the protections afforded by immunity are so central to democratic government that discovery should await a determination of an immunity motion.  These cases do not rely on Rule 56, but instead on the Court's recognition that parties claiming immunity ought not to be subject to discovery while the immunity defense is determined by the court.  In enunciating this concept, the Supreme Court has provided no exception for pending discovery but instead implicitly recognized that when discovery is pending it should be put on hold while the immunity motion is determined. Discovery should even stay on hold if the party claiming immunity appeals an adverse ruling, or a denial of its immunity motion without prejudice, under the collateral order doctrine.

Nor is there any basis for plaintiffs' complaint that the City Defendants were under an obligation to announce an intention to file their motion. Neither Rule 56, the Local Rules nor caselaw require a party to do so.

At base, NRP cannot point to any law, principle, or equity that should lead to continued discovery under the circumstances.  On the contrary, Supreme Court precedent, overwhelming legal authority, and judicial economy favor the imposition of a temporary stay to allow the Court to decide the dispositive MSJ.

### A.     The Immunity Issues Demand a Stay

In an attempt to avoid the Supreme Court's repeatedly stated directive that discovery should not be allowed until a motion for summary judgment based on immunity is decided, NRP relies on three cases: *Lugo v. Alvarado*, *Kennedy v. City of Cleveland* and *English v. Dyke*.  This

reliance is completely misplaced and these cases do not provide a basis to deny the City Defendants' motion for a stay.

*Lugo* involved a Section 1983 claim seeking injunctive relief as to which, the court noted, "a defense of qualified immunity is totally immaterial." 819 F.2d 5, 7 (1st Cir. 1987). This case does not involve a claim for injunctive relief. It is a case for money damages only. Therefore, *Lugo* does not apply.

The decision in *Kennedy* fully recognized the Supreme Court's directive that discovery should be held in abeyance while immunity motions are resolved. 797 F.2d 297, 299 (1986). In *Kennedy*, however, the defendants' motion for summary judgment on immunity grounds was brought after a mistrial and *over a year after the final date set by the Court for summary judgment motions*. No permission was sought from the District Court to extend the previously set date for summary judgment motions. As a result, the Sixth Circuit found the District Court had properly denied the summary judgment motion as untimely. The decision in *Kennedy* simply stands for the proposition that immunity motions, like other motions, are subject to scheduling orders set by the Court; it has no bearing on whether a stay should issue except to suggest that a stay *is warranted* under *Harlow* and *Mitchell*. *Id.* at 299-300. Here, the Court has not set a date for summary judgment motions and the City Defendants' motion is timely under both the FRCP and this Court's operative Scheduling Order.

Plaintiffs' reliance on *English* is puzzling to say the least. That decision held that a defendant who did not raise a pre-answer motion to dismiss based on immunity grounds may nonetheless subsequently, post answer, raise the immunity defense by motion for summary judgment and even at trial. The portion of the opinion quoted by plaintiffs, i.e., that "a defendant who fails to timely assert the [immunity] defense prior to discovery may waive the right to avoid

discovery but may nonetheless raise the issue after discovery on summary judgment or at trial," merely emphasizes the Court's ruling that an immunity defense may be raised at multiple times. 23 F.3d 1086, 1090 (6th Cir. 1994).   *English* does not help NRP as it plainly states that "while the issue [of immunity] is before the trial court. . . <u>the trial court should stay discovery</u>." *Id.* at 1089 (emphasis added). The City Defendants, here, raised the affirmative defense in their answers, and have now placed the issue squarely before the court in the MSJ – the preferred vehicle for addressing issues of immunity.  Defendants filed their motion before the end of discovery and before *extensive* remaining discovery including many depositions.

A more recent Sixth Circuit case (which NRP fails to cite), *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002) is instructive.  There, mid-way through discovery, the district court denied the defendant's motion for summary judgment on immunity grounds without prejudice pending completion of discovery.  The Sixth Circuit reversed, holding it was legal error to delay the summary judgment motion until after discovery, stating:

> The district court's failure to rule on the merits of [defendant's] summary judgment motion was legal error. Rather than dismiss the motion because discovery was not complete, the district court was required to determine—prior to permitting further discovery— whether [the plaintiff's] complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation. At that point, the court should have turned to the question of whether any facts material to [plaintiff's] claims were genuinely at issue, an inquiry that required the court to review the motion and its supporting documents as well as the plaintiff's opposition and its supporting documents. Only then, and only on a finding that material facts were in dispute, was the court at liberty to hold the motion in abeyance pending discovery.

*Id.*, at 527 (emphasis added).  This is the exact situation here.

**B.      Defendants' Authority Is On Point and NRP Fails to Distinguish It**

It is undisputed that Rule 56 expressly provides that a summary judgment motion may be brought at **any time until 30 days** after the close of discovery.  It is also undisputed that the Supreme Court has repeatedly held that issues of immunity must be resolved as soon as they are raised, and that no discovery should proceed until the immunity question is resolved.  In the face of these two brightline rules, NRP asks this Court to create an exception to both:  somehow, when an immunity defense is raised on a motion for summary judgment after extensive discovery but before the deadline for all discovery, the above rules would not apply.

There is no authority for such an illogical exception, and indeed, notwithstanding NRP's claims, summary judgment motions based on immunity defenses are routinely brought after some discovery but before the discovery deadlines expire.[1]   For example, in *Bagley v. Blagojevich*, 646 F.3d 378 (7th Cir. 2011), the defendant-governor first raised legislative immunity after years of discovery in a motion for a protective order to avoid a deposition.  After multiple motions, the district court found the defendant was protected by legislative immunity and granted the protective order.  *Id.* at 387.  Months later, the district court granted summary judgment on the basis of legislative immunity despite the plaintiffs' protestations that additional discovery was needed.  The Seventh Circuit affirmed the grant of summary judgment on the basis of legislative immunity.

The case of *Lunderstadt v. Colafella*, 885 F.2d 66 (3d Cir. 1989) is also instructive.  After partial discovery, the defendants moved for summary judgment on the basis of legislative immunity and requested a protective order staying discovery until the immunity question was

---

[1] In fact, in *Anderson v. Creighton*, the Supreme Court affirmed that a Rule 56 summary judgment motion is the preferred method to dispose of a lawsuit on the basis of an immunity defense, even when the plaintiff has undertaken no discovery. 483 U.S. 635, 641 (1987).

resolved.  *Id.*, at 69.  The district court granted the stay on the ground that the "threshold" immunity question should be resolved first, and it denied plaintiffs' motion for continuance of the summary judgment motion in order to complete discovery and present a "full record" because "[p]laintiffs have not submitted the specific affidavits required by Fed.R.Civ.P. 56(f)." *Id.*  Though the Third Circuit ultimately vacated a portion of the district court's summary judgment decision, it affirmed the denial of the continuance for further discovery.  *See also Bloom v. Town of New Windsor Police Dept.*, 234 F.3d 1261 (2d. Cir. 2000) (affirming district court's grant of summary judgment on immunity, and holding "the District Court did not err in refusing [plaintiff's] request for an extension of time to conduct additional discovery"); *McWilliams v. Portland Public School Dist No. 1J*, Civil No. 02-1426-JE 2007 WL 283018 at *4 (D. Ore.Jan. 22, 2007) (report and recommendation adopted, April 10, 2007) ("I conclude that the pending motion for summary judgment can be resolved without additional discovery, and that the individual defendants here are entitled to absolute legislative immunity").

### C.   The Equities Favor a Stay Because NRP Cannot Point to Any Undue Prejudice From the Requested Stay

NRP has utterly failed to explain what possible prejudice it could suffer from the interim stay that the City Defendants request, nor does it explain why the general rule—if a dispositive motion has substantial grounds in law, discovery should be stayed—would not apply.  Instead, NRP tautologically argues that it will suffer prejudice from a delay because there will be a delay.  This is not undue prejudice.  Indeed, discovery would not have been complete for months in any event.  NRP's claim that the delay would be "indefinite" is undercut by the actual relief sought – that the stay only be in place as long as the Court is deciding the MSJ.  If the MSJ is not granted, NRP may go back to finish discovery.  NRP argues that unspecified documents were "lost" and unspecified memories "lapse[d]" in the discovery process.  (NRP's Opp. at 12).  But even if

these vague accusations were true, this would be due to the fact that discovery has been ongoing for five years in a case that allegedly dates back to 2007, not as a result of the stay that Defendants now request.    This too is not "prejudice."

Moreover, NRP's complaint that the collateral order doctrine allows an immediate appeal actually cuts against its claim of supposed prejudice: the right to an immediate appeal shows how important the immunity rights are and how seriously courts take the issues. *Locurto v. Safir*, 264 F. 3d 154, 162 (2d Cir. 2001).  NRP has failed to explain what evidence it could possibly need to respond to the legal issues in the MSJ.[2]  In fact, counsel for NRP has characterized the arguments in the City Defendants' MSJ as "legal" or "purely legal" *three times* in recent sworn declarations before Judge Skretny.  See Dkt. #154-1, ¶¶ 5, 22, Dkt. #156-1 at ¶ 7.  On this record, the City Defendants' right to resolve their total immunity defenses *do* trump NRP's non-existent right to take discovery unnecessary to respond to the MSJ.

### D. The Equities Favor a Stay Because the City Defendants Would Be Greatly Prejudiced Without a Stay

Given that the City Defendants' MSJ may dispose of the entire case, there is a strong possibility that no further discovery will be necessary.  Yet, NRP seeks to continue with discovery including many more depositions (on both sides).  Those depositions would require numerous days and multiple 30(b)(6) designees, to say nothing about the hundreds of attorney hours necessary to prepare.  If discovery continued while the Court considers the MSJ, the tax payers would never recover the amounts spent on the completely unnecessary discovery. *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (a stay pending "potentially dispositive motions. . . . is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources").

---

[2] This is NRP's burden under Rule 56(d) and must be raised with Judge Skretny in response to the MSJ.

E.     **NRP's Complaints About the Timing of the Defendants' MSJ Have No Bearing On This Motion**

NRP spends the first few pages of its argument on an irrelevant discussion of when NRP finally particularized what it meant by its vague RICO allegations. (NRP's Opp. at 2-4).  NRP's attempt to cast mud on the City Defendants' prior counsel or speculate as to the defendant's work product and strategy has no bearing on the merits of the motion for stay.  Even if NRP's rambling complaints had any relevance – and they do not – NRP cannot change the facts: undisputed authority shows that a Rule 56 motion may be made at any time, immunity motions may be raised at any time, immunity motions require a stay of discovery, and NRP has failed to address (let alone meet) its burden under rule 56(d).[3]   Indeed, NRP fails to address Rule 56 which requires a motion for summary judgment to go forward *unless* NRP can overcome its burden to show that the motion should not go forward (as detailed further in the City Defendants' opposition to NRP's motion to strike before Judge Skretny, Dkt. #167).[4]

---

[3] What is more, NRP fails to contradict the City Defendants' observation that NRP originally asserted vague tag-along RICO and promissory estoppel claims which NRP did not clarify until at least the end of 2015 (after NRP's other claims were dismissed by this Court).  Only after its other claims were dismissed did NRP clarify its two remaining claims.

[4] NRP strangely (and incorrectly) mischaracterizes Defendants' arguments as calling for an immediate automatic stay of discovery upon the filing of a dispositive motion.  The City Defendants motion does not argue that a stay of discovery is *automatic* – only that it is warranted under the circumstances given the immunity issues raised in the MSJ, the dispositive nature of the motion, the fact that no further discovery is needed to oppose, that NRP will suffer no prejudice, and that defendants will suffer greatly if a stay is not granted.  The City Defendants have simply petitioned this court for a stay and protective order and request that the Court enter such relief pending the outcome of the MSJ.  NRP's baffling and irrelevant argument relies not on the City Defendants' moving papers but on a single line of dialogue from a status conference. Yet, even the cited transcript shows that the City Defendants have consistently requested the relief at the discretion of the Court.  Dkt 170-1 (Lane Decl. Ex. A, p. 41) ("courts <u>typically</u> recognize that when you file a motion for summary judgment, discovery . . . ceases while that motion is being considered. And if the opposing party, here the plaintiffs, need discovery, they must respond under Rule 56(d) explaining why.") (emphasis added).  Of course, NRP has not shown, or even attempted to show, under Rule 56(d) why a stay should not issue.  Not only does NRP mischaracterize Defendants' argument but it also recognizes its own mischaracterization

**F.     The Immunity Defenses – at a Minimum – Have a Basis In Law and Thus a Stay Should Be Issued**

In a last ditch attempt, NRP argues that the immunity defenses lack merit.  NRP begins by contradicting itself, arguing on the one hand that if they had any merit they would have been raised before and on the other hand, these issues have somehow been raised and decided by Judge Skretny because he has, according to NRP, addressed "countless" other—unnamed and uncited—cases involving immunity defenses.  (Opp at 13).  NRP's only substantive response is to point to alleged inflammatory conduct that is ancillary to its claims.  NRP ignores that the *sine qua non* of its claims is that the City Defendants did not move forward with a housing project – a legislative act giving rise to absolute immunity.  NRP's attempt to point to other, irrelevant conduct, misses the mark.  In any event, this is a debate to be decided by Judge Skretny in deciding the MSJ on the merits – and has nothing to do with the pending motion for stay.[5] Finally, NRP's suggestion that because its RICO claims withstood a motion to dismiss on completely different grounds means that the RICO claims will stand for all time is silly.

**G.     NRP Makes No Attempt to Defend Its Facially Defective Rule 30(b)(6) Notice**

NRP makes *no attempt* to defend its 30(b)(6) Notice or any of its 58 topics and sub-topics.  Instead, it blithely submits that the City Defendants waived their objections.  NRP does not cite to a single case discussing a 30(b)(6) notice – which does not have a set objection or response date.  NRP's reliance on cases that discuss interrogatories or RFPs is inapposite.  Nor does NRP point to a single case which would suggest the City Defendants' objections, served

---

one sentence later in a footnote (NRP's Opp. at 4)("The City Defendants implicitly concede there is no such automatic stay of discovery…").  Overwhelming Second Circuit authority supports the imposition of a stay when issues of immunity are raised and *also additionally* when dispositive motions are filed.  NRP does not address a single one of these cases head on.

[5] Despite NRP's passing criticism, NRP fails to address a single case cited by the City Defendants in the MSJ.  NRP fails to cite or address *Empress Casino, Thillens, Yeldel* and many others.

*October 12, 2016*, only two weeks after "Third Revised" Notice dated *September 26, 2016*, would somehow be late. There is simply no authority for NRP's position that the City Defendants' waived their objections.  Indeed, courts have held that when a party serves a 30(b)(6) Notice, then waits years to schedule the deposition, the opposing party's objections are still timely when served close to the scheduling date, years after the original notice.  *See Bellinger v. Astrue*, No. CV-06-321 (CBA) (E.D.N.Y. September 28, 2011) ("Plaintiff served the Rule 30(b)(6) deposition notice in December of 2008... In June of 2011 ... plaintiff submitted a letter identifying all remaining discovery she sought to conduct...Defendant raised his objections shortly thereafter and, under these circumstances, in a timely manner.")  NRP makes no attempt to defend its abusive Notice, and this Court should grant defendants' motion to strike it.


DATED:          November 9, 2016                    Respectfully Submitted,
                Washington, DC

                                                      */s/ Michael A. Battle*

Michael A. Brady                                    Michael A. Battle
Daniel J. Brady                                     Devin J. Stone (*Pro Hac Vice*)
HAGERTY & BRADY                                     BARNES & THORNBURG LLP
69 Delaware Ave. Suite 1010                         1717 Pennsylvania Ave. Suite 500
Buffalo N.Y. 14202                                  Washington, DC 20006
(716) 856-9443 office                               Phone: (202) 289-1313
(716) 856-0511 fax                                  Fax: (202) 289-1330
mbrady@hagerty-brady.com                            Michael.battle@btlaw.com
dbrady@hagerty-brady.com
                                                    *Attorneys for the City of Buffalo, Mayor Byron*
                                                    *W. Brown, and Demone A. Smith*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 9, 2016, a true and correct copy of the CITY OF BUFFALO'S REPLY IN SUPPORT OF MOTION FOR STAY OF DISCOVERY AND PROTECTIVE ORDER was delivered via ECF Filing to the following:

Thomas S. Lane
Nelson Perel
Webster Szanyi LLP
Attorneys for Plaintiffs
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
tlane@websterszanyi.com

Richard Sullivan
Harris Beach PLLC
Attorneys for Defendant BURA
Larkin at Exchange
726 Exchange Street, Suite 1000
Buffalo, NY 14210
rsullivan@harrisbeach.com

Rodney O. Personius
Personius Melber LLP
Attorneys for Defendant Casey
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 855-1050
Fax: 716-855-1052
rop@personiusmelber.com

_/s/ Michael A. Battle_____
Michael A. Battle

DMS 4395305v1