UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NRP HOLDINGS, LLC,
NRP PROPERTIES, LLC,

                    Plaintiffs,

      v.

CITY OF BUFFALO,
BYRON W. BROWN,
DEMONE A. SMITH,
CITY OF BUFFALO URBAN RENEWAL AGENCY,
STEVEN M. CASEY,
JOHN DOES 1 - 10, and
JOHN DOE COMPANIES 1 - 5,

                    Defendants.
_____

**DECISION**
**and**
**ORDER**

**11-CV-472S(F)**

APPEARANCES:       WEBSTER SZANYI, LLP
                          Attorneys for Plaintiffs
                          THOMAS S. LANE,
                          NELSON PEREL,
                          STEVEN R. HAMLIN, of Counsel
                          1400 Liberty Building
                          Buffalo, New York 14202

                          BARNES & THORNBURG LLP
                          Attorneys for Defendants City of Buffalo, Byron W. Brown,
                          Demone A. Smith
                          MICHAEL A. BATTLE, of Counsel
                          1717 Pennsylvania Avenue, N.W., Suite 500
                          Washington, DC 20006

                          HAGERTY & BRADY
                          Attorneys for Defendants City of Buffalo, Byron W. Brown,
                          Demone A. Smith
                          MICHAEL A. BRADY,
                          DANIEL J. BRADY, of Counsel
                          69 Delaware Avenue, Suite 1010
                          Buffalo, New York   14202

PERSONIUS MELBER, LLP
Attorneys for Defendant Steven M. Casey
RODNEY O. PERSONIUS, of Counsel
2100 Main Place Tower
Buffalo, New York    14202

HARRIS BEACH LLP
Attorneys for Defendant City of Buffalo Urban
Renewal Agency
RICHARD T. SULLIVAN, of Counsel
Larkin at Exchange
726 Exchange Street, Suite 1000
Buffalo, New York   14210

In this action based on Plaintiffs' remaining promissory estoppel and RICO claims arising from Plaintiffs' 'pay-to-play' allegations against Defendants City of Buffalo ("the City" or "City"), Brown, Casey and Smith (sued in their official capacities as mayor, deputy mayor and common councilmember, respectively) in connection with a failed low-income housing project, Defendants City, Brown and Smith ("Moving Defendants"), move for a protective order pursuant to Fed.R.Civ.P. 26(c), staying further discovery, including a Rule 30(b)(6) deposition of the City (Dkt. 161), pending disposition of Moving Defendants' recently filed summary judgment motion (Dkt. 152) asserting legislative and qualified immunity and New York state substantive law ("Defendants' motion").   Defendant Casey, who now has separate counsel, has not joined in the summary judgment motion or Moving Defendants' motion.   Defendant Buffalo Urban Renewal Agency, which also has moved for summary judgment (Dkt. 165), joins in Moving Defendants' motion.

It is well-established that the purpose of immunity, *i.e.*, even if a party has engaged in actionable misconduct, the party is immune from both suit and liability, is to insulate a defendant from the expense and inconvenience associated with litigation of claims for

which a defendant may, under applicable law, be immune.   *See Harlow v. Fitzgerald*,

457 U.S. 800, 814 (1982).   Courts are therefore admonished not to proceed with

discovery in a pending motion until an issue of immunity has been resolved.   *See*

*Anderson v. Creighton*, 483 U.S. 635, 653 n. 5 (1987) ("'until this threshold immunity

question is resolved, discovery should not be allowed'") (quoting *Harlow*, 457 U.S. at

818-19).[1]   Here, whether Defendants' motion to stay further discovery has, as Plaintiffs

contend, been waived, Dkt. 171 at 6-7, through Defendants' arguable tardiness in

bringing such motion, is an argument to be addressed by Judge Skretny before whom

Moving Defendants' summary judgment is pending.   Further, if Plaintiffs determine

further discovery, pursuant to Fed.R.Civ.P. 56(d), including, for example, obtaining Casey

and other City officials' affidavits or depositions, is necessary to oppose Moving

Defendants' summary judgment motion, such request must also be directed to Judge

Skretny.   Accordingly, Defendants' motion should be GRANTED.[2]

---

1    Although Moving Defendants in their summary judgment motions assert qualified and legislative immunity, qualified immunity does not extend to a municipality such as Defendant City, *see Lynch v. Ackley*, 811 F.3d 569, 579 n. 11 (2d Cir. 2016) (citing *Owen v. City of Independence*, 445 U.S. 622, 637-38 (1980)), and legislative immunity is likewise limited to local officials sued in their official capacities.   *See State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 86 (2d Cir. 2007); *see also Goldberg v. Town of Rocky Hill*, 973 F.2d 70, 74 (2d Cir. 1992) (municipality liable for unconstitutional acts of its legislature even though the legislators themselves are protected by absolute immunity).   Legislative immunity has been held to extend to RICO claims.   *See Rini v. Zwirn*, 886 F.Supp. 270, 296 (E.D.N.Y. 1995).   Thus, even assuming the individual City Defendants could not, based on New York substantive law, be subject to personal liability on Plaintiffs' promissory estoppel claims (as opposed to the City based on the conduct of the individual City Defendants and other non-parties) such issue remains open, and because Plaintiffs sued only the individual City Defendants on Plaintiffs' RICO claims, seeking Defendants' personal liability, *see* Dkt. 44 ¶ 151, as long as Plaintiffs' promissory estoppel and RICO claims against these Defendants remain in the case a stay of discovery would nevertheless be required.

2    It is therefore also unnecessary to address Moving Defendants' contention that Plaintiffs' Rule 30(b)(6) notice warrants protective order relief.

**CONCLUSION**

Based on the foregoing, Defendants' motion (Dkt. 161) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:   November 15, 2016
         Buffalo, New York