UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NRP HOLDINGS LLC and
NRP PROPERTIES LLC,

                         Plaintiffs,
  v.                                           **DECISION AND ORDER**
                                                        11-CV-472S
CITY OF BUFFALO, *et al.*,

                         Defendants.

      1.     Presently before this Court is Plaintiffs NRP Holdings LLC and NRP Properties LLC's Motion to Strike Defendants City of Buffalo, Byron W. Brown, and Demone A. Smith's (the "City Defendants") Motion for Summary Judgment. On October 14, 2016, the City Defendants moved for summary judgment, seeking dismissal of Plaintiffs' claims against them on the grounds that they are protected from suit by legislative and qualified immunity. (See Docket No. 152.) On October 18, 2016, Plaintiffs moved to strike the motion for summary judgment, and moved to expedite the motion to strike. (See Docket Nos. 154, 156.) This Court denied the motion to expedite and stayed briefing on the motion for summary judgment pending resolution of the motion to strike. (See Docket Nos. 157, 163.) On October 28, 2016, Defendant City of Buffalo Urban Renewal Agency filed a motion for summary judgment joining the arguments made by the City Defendants. (See Docket No. 165.) On October 21, 2016, the City Defendants filed a separate Motion to Stay Discovery before Magistrate Judge Foschio. (See Docket No. 161.) Despite Plaintiffs' vigorous opposition, Judge Foschio

granted that motion on November 15, 2016, staying discovery pending resolution of the City Defendants' summary judgment motion. (See Docket No. 174.)

2. The pending motion to strike asserts that the summary judgment motion should be struck or, in the alternative, its resolution should be deferred, because it is an improper dilatory by the City Defendants to avoid damaging discovery. Plaintiffs purport to move for this relief under Rules 56, 16, and 11(b)(1) of the Federal Rules of Civil Procedure. However, the basis under which these rules are applicable to the motion is unclear. The Rules themselves are not mentioned in Plaintiffs' supporting declaration submitted together with the motion to strike, or in the accompanying exhibits. Further, Rules 56, 16, and 11(b)(1) do not address striking a motion for summary judgment, nor any other document, and Plaintiffs submit no memorandum of law in support of the moving papers to clarify their legal position. Rule 11(a), which was not cited by Plaintiffs, notes that a Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." See Fed. R. Civ. P. 11(a). Rule 12(f), which was also not cited by Plaintiffs, allows a Court to strike a pleading on certain grounds. See Fed. R. Civ. P. 12(f). Because the motion for summary judgment is properly signed and is not a pleading, these rules are not applicable.

3. The City Defendants oppose the motion, noting that there is no procedural basis for striking a motion for summary judgment. See Fin. Fed. Credit, Inc. v. Crane Consultants, LLC, 21 F. Supp. 3d 264, 269 (W.D.N.Y. 2014) (denying motion to strike motion for summary judgment and noting that "there is authority that a motion to strike a motion for summary judgment is procedurally improper"). Moreover, they assert that

doing so here would disregard significant Supreme Court and Second Circuit precedent, which holds that questions of immunity should be resolved "at the earliest possible stage [of the] litigation." See Drimal v. Tai, 786 F.3d 219, 225 (2d Cir. 2015) (quoting Wood v. Moss, 134 S. Ct. 2056, 2065 n.4, 188 L. Ed. 2d 1039 (2014)).  Finally, the City Defendants contend that Plaintiffs will not be prejudiced by addressing the summary judgment motion now, especially because, as Plaintiffs have asserted, the basis for the summary judgment motion is purely legal, so their ability to respond would not be impacted by incomplete discovery.

4.      In response to these arguments, Plaintiffs seem to abandon the motion to strike and instead seek to bolster their alternative arguments that this Court should defer consideration of the motion for summary judgment until discovery is complete. The memorandum of law submitted with Plaintiffs' reply papers cites little law, and instead points the Court to the legal arguments made in opposition to the City Defendants' Motion to Stay Discovery.  Some aspects of these two motions—Plaintiffs' Motion to Strike, which is pending before this Court, and the City Defendants' Motion to Stay Discovery, which has since been granted by Judge Foschio—do overlap. However, the relief being sought in each is distinct and warrants separate legal support. Furthermore, this Court finds that the arguments made by the City Defendants in opposition to the motion to strike merited response, particularly in light of the fact that Plaintiffs' moving papers were not grounded in legal argument.  This Court declines to address arguments made solely in Plaintiffs' reply, including waiver.  See Mayer v. Neurological Surgery, P.C., No. 15-CV-0864(DRH)(ARL), 2016 WL 347329, at *5

(E.D.N.Y. Jan. 28, 2016) (finding it "appropriate to decline to address defendants' waiver argument raised for the first time in their reply").

5. After carefully reviewing the submissions, this Court finds that Plaintiffs' have presented no basis for striking the City Defendants' Motion for Summary Judgment, nor for deferring its briefing and resolution. Accordingly, Plaintiffs' Motion to Strike is denied. To the extent that Plaintiffs seek to make an argument as to waiver or renew their opposition to the stay of discovery ordered by Judge Foschio, such arguments should be submitted together with their opposition to the pending Motions for Summary Judgment.

IT HEREBY IS ORDERED that Plaintiffs' Motion to Strike (Docket No. 154) is DENIED;

FURTHER, Plaintiffs' responses to Defendants City of Buffalo, Byron W. Brown, Demone A. Smith, and City of Buffalo Urban Renewal Agency's Motions for Summary Judgment (Docket Nos. 152, 166) are due by December 15, 2016. Defendants' replies are due by December 29, 2016. Oral Argument will be scheduled by the Court as necessary.

SO ORDERED.

Dated: November 17, 2016
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge