UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NRP HOLDINGS LLC and NRP
PROPERTIES, LLC.

                     Plaintiffs

v.

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
RICHARD A. STENHOUSE, BUFFALO
JEREMIAH PARTNERSHIP  FOR
COMMUNITY DEVELOPMENT, INC.,
CITY OF BUFFALO URBAN RENEWAL
AGENCY, JOHN DOE 1-10, and
JOHN DOE COMPANIES 1 - 5.

                     Defendants.

---

**DEFENDANTS' OBJECTIONS TO
NRP'S ADDITIONAL STATEMENT
OF MATERIAL FACTS**

Docket No. 11-CV-472-WMS

Defendants hereby object to "NRP's Statement of Material Facts." Local Rule 56(a)(2) requires the non-moving party, here Plaintiffs ("NRP"), to respond to Defendants' Separate Statement of Undisputed Facts with "correspondingly numbered paragraphs and, <u>if necessary, additional paragraphs containing a short and concise statement of additional material facts</u> as to which it is contended there exists a genuine issue to be tried" (emphasis added). There is no provision for a party opposing a summary judgment motion to submit its own "Statement of Material Facts."

After disputing 26 of Defendants' 29 proposed Undisputed Facts in Support of their Motion for Summary Judgment, NRP submits 85 additional facts as a separate "Statement of Material Facts." The vast majority of NRP's 85 "facts" are not supported by admissible evidence, many simply refer back to NRP's own pleadings, and some do not bother to cite to any evidence at all.

Most importantly, not one of the 85 purported "facts" is relevant to the issues raised by this Summary Judgment Motion, which is based solely on the issues of legislative immunity, qualified immunity, New York law on promissory estoppel, and the elements of promissory estoppel. By way of example, the Defendants moved for summary judgment on the basis of legislative immunity. In NRP's submission, only "Facts" 37-39, 43, 49, and 54-55 mention the required Common Council approval. Those facts <u>do not dispute</u> that the Project required Common Council approval of the transfer of 50 lots of City-Owned property and a payment of lieu in taxes ("PILOT") agreement, which constituted a decade-long tax exemption for both the City and County of Erie. NRP's facts <u>do not dispute</u> that the Mayor had discretion to introduce both of the above required items to the Common Council. NRP's facts <u>do not dispute</u> that the Mayor declined to introduce the above required items for a vote by the Common Council. In fact, NRP's above-cited facts acknowledge the legislative procedure laid out in the Defendants' motion for summary judgment.

Mostly, NRP attempts to create an issue of fact by alleging improper motivations on the part of the Defendants. Allegations of improper motivations are irrelevant to the motion for summary judgment. Moreover, this Court should disregard those facts and others because they are unsupported by admissible or cited evidence. *See Cooper v. County of Monroe*, No. 09-CV-6081CJS, (W.D.N.Y. Dec. 4, 2013) ("The asserted facts that are not supported by the source cited have been disregarded) (citing *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]here there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion").

Defendants will not respond individually to all 85 of NRP's "facts," but we do note the following glaring deficiencies.

Facts 20, 80, 81, and 85 cite to no evidence whatsoever.

In Facts 4-8, NRP claims meetings were held from November 2007 through February 2008, and that at those meetings, various oral "promises" were made prior to the Wanamaker letter of February 25, 2008 (2/25/08 Wanamaker Letter), citing to the December 15, 2016 Pechota Declaration. These facts contradict NRP's Second Amended Complaint ("SAC"), which clearly and repeatedly points to the 2/25/08 Wanamaker Letter as the source of the supposed promises, and they contradict Mr. Pechota's prior testimony, in which he denied that any commitments were made on behalf of the City at the November 2007 meeting. *See* Battle Reply Dec., Ex. D., at 11. Moreover, this Court has limited NRP's remaining promissory estoppel claim to two promises in the 2/25/08 Wanamaker letter. See Dkt # 132, at 12.

Facts 5, 8, 12, 13, 17, 18, 49, 56, 84 are based on speculation and/or inadmissible hearsay in the Pechota Declarations of December 15, 2016 and October 31, 2012.

Facts 13-16 describe "the Kosmerl memorandum." There is no evidence submitted to show that this document was in fact created by Ms. Kosmerl. There is no evidence submitted to show

2

when the document was created. The document is not authenticated. The contents of the document itself are speculative, full of inadmissible hearsay, and consist mostly of opinions.

Facts 38, 54, 66, 79, 82, and 84 are argument and/or speculation without basis in the cited evidence.

Facts 39, 40, 48 are legal argument and/or discovery disputes without basis in the cited evidence. Moreover, contrary to the false statements of NRP, as set forth in the Battle Reply Declaration, Defendants produced numerous "Executive Summaries" and draft PILOT agreements.

Facts 69, 70, and 71 are based on multiple levels of inadmissible hearsay. Indeed, all three facts are purportedly based on emails sent by Mr. Pechota, who reports statements he heard from either Mr. Pitts or Mr. Tokasz, who likewise report statements that they heard from either Mr. Casey, Mayor Brown, or "the administration." NRP's "facts" are based on an elaborate game of telephone hearsay. There is no affidavit submitted by Mr. Pitts or Mr. Tokasz, who were, according to NRP, individuals "retained to intervene" with the City of Buffalo. These facts are based on patently inadmissible statements.

Facts 41, 51, 52, 53, and 65 simply cite to allegations in NRP's SAC and/or are not supported by the cited evidence.

This Court should reject "NRP's Statement of Material Facts," because it is not in compliance with Local Rule 56, is irrelevant to the issues in the motion for summary judgment, largely consists of arguments, not facts, and because much of it is not supported by the cited or record evidence.

DATED:   January 13, 2017
         Washington, DC

                                                   */s/ Michael A. Battle*
Michael A. Battle
BARNES & THORNBURG LLP
1717 Pennsylvania Ave. Suite 500

3

Washington, DC 20006
Phone: (202) 289-1313
Fax: (202) 289-1330
Michael.battle@btlaw.com

Michael A. Brady
Daniel J. Brady
HAGERTY & BRADY
69 Delaware Ave. Suite 1010
Buffalo N.Y. 14202
(716) 856-9443 office
(716) 856-0511 fax
mbrady@hagerty-brady.com
dbrady@hagerty-brady.com

Attorneys for Defendants City of Buffalo,
Byron W. Brown, and Demone A. Smith