UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NRP HOLDINGS LLC and
NRP PROPERTIES LLC,

            Plaintiffs,

v.

CITY OF BUFFALO, BYRON W. BROWN,
STEVEN M. CASEY, DEMONE A. SMITH,
CITY OF BUFFALO URBAN RENEWAL
AGENCY,

            Defendants.

**DECISION AND ORDER**
11-CV-472S

1. On February 27, 2017, this Court granted Defendants' motions for summary judgment and directed the Clerk of Court to close this case. (Docket No. 197.) On March 29, 2017, Defendants Bryon W. Brown, City of Buffalo, and Demone A. Smith timely submitted a Bill of Costs seeking $35,224.20. (Docket No. 200.) Plaintiffs opposed the costs (Docket No. 203), and Defendants replied with a revised Bill of Costs, seeking $30,242.49 (Docket No. 204-1), and a declaration providing additional explanation and justification of the costs sought (Docket No. 204). On June 28, 2017, the Clerk of Court issued an order taxing costs in the amount of the revised Bill. (Docket No. 208.) Plaintiffs now challenge Defendant's entitlement to the award and seek review of the Clerk's Order. (Docket No. 209.)

2. Federal Rule of Civil Procedure 54(d)(1) authorizes the recovery of costs by a prevailing party "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise." Recoverable costs are limited to those enumerated in 28 U.S.C. § 1920, which sets out the following taxable costs:

1

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

See also Whitfield v. Scully, 241 F.3d 264, 269-70 (2d Cir. 2001) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987)), abrogated on other grounds by Bruce v. Samuels, 136 S. Ct. 627, 630, 193 L. Ed. 2d 496 (2016). Although the clerk of the court is charged with taxing costs, "[a] district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself." Whitfield, 241 F.3d at 269 (internal citations omitted). The Second Circuit has directed that, in exercising its discretion, a district court should bear in mind that "Rule 54(d) allows costs 'as of course' [and] such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Id. at 270 (citing Mercy v. County of Suffolk, 748 F.2d 52, 54 (2d Cir. 1984)).

3.  The party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested. Baker v. Power Sec. Corp., 174 F.R.D. 292, 294-95 (W.D.N.Y. 1997) ("The burden is therefore upon the party seeking costs to provide adequate documentation of its costs, and a failure to do so may result in the costs being reduced or denied."). However, when challenging the taxation of costs, "the losing

party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Whitfield, 241 F.3d at 270.

4. As an initial matter, this Court finds no error in Defendants' submission of a revised Bill of Costs and additional support in response to Plaintiffs' challenge. Although Plaintiffs assert that they had no opportunity to respond to the revised Bill of Costs, this Court notes that seven weeks passed between Defendants' filing of the revised Bill of Costs and the filing of the Clerk's Order. Plaintiffs made no responsive filings during that period, nor did they seek leave to do so, and they have now had the opportunity to challenge the submission in full before this Court. Accordingly, Plaintiffs make no showing that they were prejudiced by the additional submissions.

5. Nor is this Court persuaded by Plaintiffs' argument that Defendants are entitled only to costs for copies arising from a trial, or that the costs of accessing and copying electronically stored information ("ESI") should be denied. The current statute allows taxation of costs for "making copies of *any materials* where the copies are necessarily obtained *for use in the case*." 28 U.S.C.A. § 1920(4) (emphasis added). Although prior versions of the statute limited exemplification costs to those necessary for trial[1] and allowed copy costs only as to papers,[2] those earlier iterations are not applicable

---

[1] Plaintiffs rely on a precedent from 1916, Motion Picture Patents Co. v. Universal Film Mfg. Co., 232 F. 263, 265 (S.D.N.Y. 1916), in support of this point. However, the relevant law, 28 U.S.C. § 1920, was enacted in 1948, and has had several amendments since. See Race Tires America v. Hoosier Racing Tire Corp., 674 F. 3d 158, 165 (3rd Cir. 2012) ("The 1948 Act broadened the recoverable exemplification and copy fees from those 'obtained for use on trials' to those 'obtained for use in the case'").

[2] Prior to the 2008 amendment of 28 U.S.C. § 1920(4), section 1920(4) authorized the taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (2007). In 2008, Congress substituted the phrase "the costs of making copies of *any materials*" in place of the phrase "copies of *papers*" in 28 U.S.C. § 1920(4)(emphasis added).

3

here.  Plaintiffs' cite to <u>Balance Point Divorce Funding, LLC v. Scrantom</u> in support of their argument that ESI is not taxable, but the court there explained that its denial of ESI costs was grounded in the language of the prior version of the statute.  305 F.R.D. 67, 72 (S.D.N.Y. 2015) ("prior to the 2008 amendment, costs for the gathering, review, processing and, and copying of ESI were not taxable under section 1920(4) . . . the effect of the 2008 amendment's addition of the word 'materials' to section 1920(4) was to allow for the taxation of the costs of making copies of digital or electronically stored information").  Pursuant to the version of the statute applicable here, ESI costs are taxable "where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  This Court finds that Defendants' submission of invoices, together with a declaration detailing the services provided and explaining the need for those services, provides sufficient justification as to the necessity of these costs pursuant to the current language of the statute.  Plaintiffs submit no authority, nor is this Court aware of any, suggesting that the supporting documents are insufficient.

6. This Court also finds Defendants' submission sufficient to conclude that the hearing transcripts at issue were "necessarily obtained for use in the case."  28 U.S.C.A. § 1920(2).  Defendants state that the transcripts were necessary to support motions and allow discussion of rulings regarding the extensive and complicated issues that arose during discovery.  Plaintiffs have provided no basis to overturn the Clerk's finding that these costs were reasonable and should be paid in full.  Finally, with respect to the subpoena costs, the guidelines state that the "[p]arties need not demonstrate necessity of process server fees, only that the service fees were reasonable."  Guidelines for Bills of Costs, Section II(C).  Accordingly, the clerk did not err in taxing the subpoena costs.

7. In short, Plaintiffs have provided no basis for which to disturb the Clerk's Order. Accordingly, the Plaintiffs' for review motion is denied.

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Review of the Clerk's Order Taxing Costs (Docket No. 209) is DENIED;

FURTHER, that Plaintiffs shall be taxed in accordance with the Clerk's Order in the amount of $30,242.49.

SO ORDERED.

Dated: September 29, 2017
Buffalo, New York

<u>s/Will/iam M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge